FILED
DEC 15 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAWRENCE D. PENNONI, Plaintiff, | § | |
| v. | § | 06-861 T<br>CLAIM NO. ______________ |
| UNITED STATES OF AMERICA, Defendant. | § | |

COMPLAINT

Plaintiff, by and through his undersigned counsel, files this Complaint against Defendant, United States of America, and alleges as follows:

1. Plaintiff Lawrence D. Pennoni is an in individual, United States citizen, who is domiciled in and is a resident of Spring, Harris County, Texas.

2. This is a civil action against the United States of America for the return of a sum of money wrongfully taken from Plaintiff in the approximate amount of $104,461.04. The foregoing sum was erroneously and illegally taken by Defendant under the guise of collecting an allegedly assessed income tax liability, together with interest and penalties, for the year 1998. Plaintiff is entitled to a judgment in the approximate amount of $104,461.04 with interest thereon, to the extent that interest is allowed on such amount.

3. This Court has jurisdiction over the person of Defendant and the subject matter of this litigation pursuant to 28 U.S.C. §§ 1346 and 1491.

4. Plaintiff's income tax liability (Form 1040) for the year 1998 was paid in full through tax withholding of approximately $75,000. This amount was credited by the Internal Revenue Service to Plaintiff's 1998 tax account on or about April 15, 1999.

5. Plaintiff's 1998 tax year was later the subject of Tax Court Docket No. 9104-1, which culminated in an order and decision entered on February 15, 2002. A copy of that order and decision is attached as Exhibit A. No modification of that decision was sought by either party, and it became final on or about May 15, 2002. On or about September 11, 2002, an assessment was made of the 1998 deficiency. The previously existing credit of $75,000 paid this deficiency in full (in fact it was overpaid) and there was no balance due.

6. On or about October 14, 2002, Plaintiff received an unsolicited, erroneous refund check in the amount of $80,166.57 from the Internal Revenue Service.

7. On or about July 22, 2003, the Internal Revenue Service notified Plaintiff of its intention to levy on Plaintiff's bank account and his wages to recover these amounts.

8. On or about July 31, 2003, the Internal Revenue Service seized approximately $2,921.98 from Plaintiff's bank account. From July 31, 2003 through September 15, 2004, the Internal Revenue Service garnished Plaintiff's wages in the approximate amount of $101, 539.06.

9. The Internal Revenue Service failed to follow the statutory procedures set forth in Title 26 of the United States Code, which are prerequisites to a levy. In addition, the Internal Revenue Service thwarted any efforts by Plaintiff to resolve this matter in lieu of litigation.

10. Defendant has refused and continues to refuse to return the sum wrongfully collected from Plaintiff by Defendant.

11. The amounts levied from Plaintiff's bank account and his wages were wrongfully collected by the Internal Revenue Service under the internal revenue laws of Title 26 of the United States Code and contrary to the provisions of Section 7405 of Title 26 of the United States Code and the deficiency and assessment procedures under Title 26 of the United States Code. Plaintiff is entitled to a return of all amounts wrongfully collected from Plaintiff.

12. For the reasons set out herein, Plaintiff is entitled to and hereby demands judgment against Defendant for the full amount of $104,461.04, or such other amount to which he is entitled in law or in fact, together with interest thereon according to law, if interest is allowed, for his costs, attorney's fees and for such other and further relief as may be appropriate in the premises.

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount alleged in paragraph 12 or for such other amount as to which Plaintiff is entitled in law and fact, together with interest, according to law on the total, if interest is allowed, and for costs, attorney's fees and such other relief as may be just and appropriate in the premises.

JENNIFER HUNTER WALZ
P.O. Box 430341
Houston, Texas 77243-0341
(713) 446-7730 - phone
(281) 376-3551- facsimile

COUNSEL FOR PLAINTIFF

Dated: December 12, 2006

Exhibit A

COPY

UNITED STATES TAX COURT

| | | |
|---|---|---|
| LAWRENCE D. PENNONI, | ) | |
| Petitioner, | ) | |
| v. | ) | Docket No. 9104-01 |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| Respondent. | ) | |

## DECISION

Pursuant to the stipulation of the parties in this case, and incorporating herein the facts stipulated by the parties as the findings of the Court, it is

ORDERED AND DECIDED: That there is a statutory deficiency in income tax due from the petitioner for the taxable year 1998 in the amount of $72,199.00 and that there is an overpayment in income tax for the taxable year 1998 in the amount of $2,801.00, which amount was paid on April 15, 1999, and for which amount a claim for refund was filed on April 18, 2001, which was within the period provided by I.R.C. § 6511(b)(2), and which claim had not been disallowed before the date of the mailing of the notice of deficiency;

That there is no addition to tax due from the petitioner for the taxable year 1998, under the provisions of I.R.C. § 6651(a)(1);

That there is no addition to tax due from the petitioner for the taxable year 1998, under the provisions of I.R.C. § 6651(a)(2); and

That there is no addition to tax due from the petitioner for the taxable year 1998, under the provisions of I.R.C. § 6654.

(Signed) Thomas B. Wells

Judge.

Entered: FEB 15 2002

* * * * *