IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Jennifer Hunter Walz
Counsel for Plaintiff

P.O. Box 430341
Houston, Texas 77243-0341
(713) 446-7730 – phone
(281) 907-0103 – facsimile

## TABLE OF CONTENTS

PLAINTIFF'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT ............................................1

BRIEF FOR PLAINTIFF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS ............................................2

QUESTION PRESENTED ....................................................................2

STATUTES AND REGULATIONS INVOLVED ..........................................2

STATEMENT ......................................................................................3

SUMMARY OF ARGUMENT ...............................................................6

ARGUMENT .......................................................................................7

28 U.S.C. § 1346 STATUTORY JURISDICTION OF THE UNITED STATES COURT OF FEDERAL CLAIMS .......................7

INFORMAL CLAIM DOCTRINE.......................................................9

FORMAL CLAIM UNDER STATUTORY AUTHORITY ...............15

CONCLUSION ....................................................................................16

STATUTORY APPENDIX ....................................................................17

## TABLE OF AUTHORITIES

**CASES:**

American Radiator & Standard Sanitary Corp. v. United States, 318 F.2d 915 (Ct. Cl. 1963) ................................................ 10, 11, 12
Arch Engineering Co. v. United States, 783 F.2d 190 (Fed. Cir. 1986)......................10
Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573 (Fed. Cir. 1993) ..............................7
Conley v. Gibson, 355 U.S. 41 (1957).............................................................................7
Computervision Corp. v. United States, 445 F.3d 1355 (Fed. Cir. 2006) ...................10
Cubic Def. Sys. Inc. v. United States, 45 Fed. Cl. 239 (1999) .......................................7
Kales v. United States, 115 F.2d 497 (6th Cir. 1940) ..................................................12
Levitsky v. United States, 27 Fed. Cl. 235 (1992)...............................................11, 12
Minehan v. United States, No. 05-924T (Fed. Cl. filed January 26, 2007).................10
New England Electric System v. United States, 32 Fed. Cl. 636 (1995)........ 10, 11, 12
Newton v. United States, 163 F. Supp. 614 (Ct. Cl. 1958)..........................................11
Night Hawk Leasing Co. v. United States, 18 F. Supp. 938 (Ct. Cl. 1937) ................11

Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746 (Fed. Cir. 1988) ................7
Scheuer v. Rhodes, 416 U.S. 232 (1974) ........................................................7
Stanley v. United States, 35 Fed. Cl. 493 (1996), aff'd, 140 F.3d 1023 (Fed. Cir. 1998) ........................................................8
Stelco Holding Co. v. United States, 42 Fed. Cl. 101 (1998) ..................................10
Wall Industries, Inc. v. United States, 10 Cl.Ct. 82 (1986) ..................................10, 12

**STATUTES:**

28 U.S.C. § 1346(a)(1) ........................................................ 6, 7, 9

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6203 ........................................................6, 17
§ 6212 ........................................................6, 17
§ 6303 ........................................................6
§ 6303 (a) ........................................................17
§ 6513 (b)(1) ........................................................8
§ 6532 (b) ........................................................6
§ 7405 (b) ........................................................ 6, 8, 9
§ 7405 (d) ........................................................17

**MISCELLANOUS:**

Treasury Regulations on Income Tax:

§ 301.6402-2 (c) ........................................................15, 18
§ 301.6402-3 (a)(2) ........................................................15, 19

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, Lawrence D. Pennoni, opposes the United States' Motion to Dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction. Plaintiff requests that this Court deny the United States' Motion to Dismiss because the United States' assertion that Plaintiff failed to file a refund claim is without merit. In support of Plaintiff's request, Plaintiff relies on his Amended Complaint, the accompanying brief and the exhibits attached to the Declaration of Lawrence D. Pennoni filed simultaneously herewith.

WHEREFORE, Plaintiff prays that his Complaint should not be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

s/ Jennifer Hunter Walz
JENNIFER HUNTER WALZ
P.O. Box 430341
Houston, Texas 77243-0341
(713) 446-7730 – phone
(281) 907-0103 - facsimile
COUNSEL FOR PLAINTIFF

Dated: May 17, 2007

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**BRIEF FOR PLAINTIFF IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This is a suit in which Plaintiff seeks the return of a sum of money wrongfully taken by the United States under the guise of collecting Plaintiff's 1998 assessed income taxes. The United States seeks to have this Court dismiss Plaintiff's case for lack of subject-matter jurisdiction.

QUESTION PRESENTED

Whether Plaintiff's claim for the return of his money unlawfully seized by the United States gives this Court subject-matter jurisdiction to decide Plaintiff's case based upon the merits?

STATUTES AND REGULATIONS INVOLVED

The relevant provisions of the Internal Revenue Code and Treasury Regulations are contained in the Appendix, infra.

STATEMENT

Plaintiff's 1998 income tax liability was the subject of a Tax Court case, *Lawrence D. Pennoni v. Commissioner of Internal Revenue,* No. 9204-01 (U.S. Tax Ct.). Plaintiff's case was sent to the Houston Appeals Office where appeals officer, Dennis Quinn, was assigned to handle it. (Pennoni Dec. Ex. 1 at 2.)[1] Plaintiff and Mr. Quinn exchanged various correspondences attempting to resolve Plaintiff's tax case. (e.g., Ex. 2 at 2.) A Stipulation was reached by the parties on February 14, 2002, which culminated in a Tax Court decision on February 15, 2002. (Ex. 7 at 5-6; Ex. 7 at 4.) The Tax Court incorporated the Stipulation into its decision and held that there was no additional tax due for Plaintiff's 1998 tax year. (Ex. 7 at 4.) The Tax Court decision stated that the income tax due for Plaintiff's 1998 tax year was paid on April 15, 1999 and, in fact, overpaid by $2,801. (Id.) The Internal Revenue Service ("IRS") assessed Plaintiff's 1998 tax liability on September 11, 2002 in accordance with the Tax Court Decision and such assessment was deemed satisfied in full on April 15, 1999 by the withholding credit.[2]

On October 14, 2002, Plaintiff received an unsolicited, erroneous refund from the IRS in the amount of $80,166. Plaintiff negotiated the refund check. On December 30, 2002, the IRS sent Plaintiff a notice of intent to levy to collect allegedly unpaid taxes for the tax period ending 12-31-1998. It stated:

> Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return.

[1] Hereinafter, exhibits attached to the Pennoni Declaration will be cited as "Ex. __."

[2] As noted in the United States' Motion to Dismiss at n.2, the IRS assessed $72,960 on September 11, 2002, slightly more than the amount of deficiency of $72,199 set forth in the Tax Court decision.

(Ex. 3 at 2.) The account summary contained therein stated that the current balance for Plaintiff's 1998 tax year was $83,818.35 of income tax, penalty and interest. (Id. at 3.)

On May 29, 2003, the IRS, in a further attempt to collect Plaintiff's allegedly unpaid 1998 income tax liability, issued a Final Notice of Intent to Levy to Plaintiff. (Ex. 4 at 2-3.) On July 22, 2003, the IRS sent Notices of Levy to Wells Fargo Bank and Continental Casing Corporation, Plaintiff's employer. (Ex. 5 at 2; Ex. 6 at 2.)

On September 9, 2003, Plaintiff timely filed a staunch written objection to the IRS's wrongful levy on his bank account and garnishment of his wages, which read as follows:

> Attached are Tax Court decision documents establishing that there was no deficiency for 1998, thus, levy on bank and garnishment of wages is wrongful and should be withdrawn ASAP!

(Ex. 7 at 2.) Plaintiff's demand that the IRS cease its wrongful conduct along with the following attached documents naturally presupposed a simultaneous claim for the return of Plaintiff's money illegally and erroneously taken by IRS: (Pennoni Decl. ¶ 4.)

1. Docket Sheet in *Lawrence D. Pennoni v. Commissioner of Internal Revenue*, No. 9204-01 (U.S. Tax Ct.), as of July 30, 2003. (Ex. 7 at 3.)
2. Tax Court Decision entered on February 15, 2002 in *Lawrence D. Pennoni v. Commissioner of Internal Revenue*, No. 9204-01 (U.S. Tax Ct.). (Id. at 4.)
3. Stipulation entered into by Plaintiff and the Commissioner of Internal Revenue in *Lawrence D. Pennoni v. Commissioner of Internal Revenue*, No. 9204-01 (U.S. Tax Ct.), executed by the Commissioner of Internal Revenue on February 14, 2002. (Id. at 5-6)

4. Letter from the IRS to Plaintiff dated December 14, 2001. (Id. at 7.)

5. Settlement Computation. (Id. at 8.)

6. Personal Exemption Worksheet. (Id. at 9.)

7. Explanation of the Estimated Tax Penalty. (Id. at 10.)

8. Statement of Account, and (Id. at 11.)

9. Audit Statement dated October 22, 2001. (Id. at 12.)

On October 30, 2003, the IRS sent another Notice of Levy to Wells Fargo Bank and Continental Casing Corporation. (Ex. 8 at 2; Ex. 9 at 2.) On December 13, 2003, the IRS sent Plaintiff a Reminder Notice that he had overdue tax for his 1998 tax year. (Ex. 12 at 2.) All of these types of notices sent to Plaintiff plainly state that the IRS intended to collect, through levy, overdue 1998 income taxes, penalties and interest. There is no mention of recovering a refund erroneously sent to Plaintiff.

On November 12, 2003, the IRS sent Plaintiff a letter acknowledging receipt of his case for consideration in the Houston Appeals Office on October 23, 2003. (Ex. 10 at 2.) Nonetheless, within a couple of days thereafter, the IRS rejected Plaintiff's claim for the return of his money in a letter to Plaintiff dated November 14, 2003. (Ex. 11 at 2-3.)

The United States asserted that Plaintiff entered into an installment agreement with the IRS on May 19, 2004 to repay the outstanding balance of his 1998 tax liability. (Def. Mot. at 4 n.3). At no time did Plaintiff enter into an installment agreement with the IRS as to the repayment of an alleged liability for his 1998 tax year. (Pennoni Decl. ¶ 5.) Plaintiff's tax liability for his 1998 tax year was satisfied in full on April 15, 1999 in the form of a credit from Plaintiff's federal income tax withholding. (Id.).

At no time after the IRS issued the erroneous refund to Plaintiff did the IRS (1) file suit under Internal Revenue Code § 7405(b) for its recovery, (2) send Plaintiff a notice of deficiency under Internal Revenue Code § 6212, or (3) a notice of assessment and demand for tax under Internal Revenue Code §§ 6203 and 6303 with respect to any underpayments created by the erroneous refund. (Pennoni Decl. ¶ 3.)

The statute of limitations under Internal Revenue Code § 6532(b) for the United States to recover an erroneous refund by suit under Internal Revenue Code § 7405(b) expired on or about October 14, 2004. In addition, the statute of limitations expired on or about April 15, 2004 for the IRS to make a new assessment with respect to any alleged underpayment created by the erroneous refund for Plaintiff's 1998 tax year.

On May 17, 2007, Plaintiff amended his Complaint. Plaintiff asserted that his original claim of September 9, 2003 for the return of monies wrongfully taken from Plaintiff by the IRS gives this Court subject matter jurisdiction under the informal claim doctrine.

## SUMMARY OF ARGUMENT

Plaintiff filed a civil action against the United States for the return of approximately $104,461.04 wrongfully taken from Plaintiff by the IRS in violation of the internal revenue laws. Therefore, in accordance with Title 28, Section 1346(a)(1) of the United States Code, this Court has subject-matter jurisdiction over Plaintiff's case.

In addition, subject-matter jurisdiction exists for this Court to hear Plaintiff's case under the informal claim doctrine. As Plaintiff alleged in his Amended Complaint filed simultaneously herewith, Plaintiff's claim of September 9, 2003 constituted a valid claim

under the informal claim doctrine. Plaintiff timely filed it, in writing, with the IRS in a manner that gave the IRS adequate notice of Plaintiff's basis for his claim.

ARGUMENT

On a motion to dismiss for lack of subject-matter jurisdiction, this Court must presume all undisputed factual allegations to be true, and construe all reasonable inferences in favor of Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236-37 (1974); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). Further, a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Finally, if Plaintiff can establish subject-matter jurisdiction by a preponderance of the evidence, this Court must deny the United States' motion to dismiss. Cubic Def. Sys., Inc. v. United States, 45 Fed. Cl. 239, 245 (1999) (citing Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993)).

This Court has subject-matter jurisdiction to hear Plaintiff's Complaint under the following authorities:

A. 28 U.S.C. § 1346 Statutory Jurisdiction of the United States Court of Federal Claims

Title 28, Section 1346(a)(1), of the United States Code states:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

Plaintiff seeks a return of monies wrongfully collected by the IRS in violation of the internal revenue laws designated for the recovery of an erroneous refund. In accordance with this Court's holding in Stanley v. United States, 35 Fed. Cl. 493, 496 (1996), aff'd, 140 F.3d 1023 (Fed. Cir. 1998), the IRS is limited to two means of recovering an erroneous refund with respect to a tax previously assessed. The IRS can file a civil suit under Internal Revenue Code § 7405(b) or reassess additional tax based upon the erroneous refund. Id. The court made it clear that "[t]he erroneous refund cannot, however, be recovered on the basis of the original assessment." Id.

In the present case, the only assessment made by the IRS concerning Plaintiff's 1998 taxes occurred on September 11, 2002 in the amount was $72,960. Plaintiff's withholding credit of $75,000 satisfied the tax liability related to this assessment. In accordance with Internal Revenue Code § 6513(b)(1), Plaintiff's 1998 taxes were deemed paid on April 15, 1999. Although Plaintiff had a credit balance of $2,801 for his 1998 tax year, Plaintiff received an unsolicited refund in the approximate amount of $80,166 on or around October 14, 2002. Therefore, the refund on October 14, 2002 was an erroneous refund.

No new assessment was made nor any notice of deficiency issued after the IRS sent the erroneous refund to Plaintiff. The notices issued by the IRS between December 30, 2002 and December 13, 2003, and the fact that the IRS denied Plaintiff's administrative appeal of the IRS' actions leave little doubt that the IRS intended to continue to conduct unauthorized levies on Plaintiff's property until the IRS received all amounts they believed were due from Plaintiff. (Exs. 3-6; Exs. 8-9; Ex. 12.)

Without question, the original assessment of Plaintiff's 1998 taxes could not have taken into account the erroneous refund because the refund was made on October 14, 2002, after the September 11, 2002 original assessment, and further, the original assessment amount of $72,960 and the erroneous refund of $80,166 substantially differed.

Not only did the IRS fail to make a new assessment respecting the erroneous refund but also it did not file suit under Internal Revenue Code § 7405(b) to recover the erroneous refund. Because the IRS did not act in a manner prescribed by law to recover the erroneous refund, the United States has no legal rights to retain Plaintiff's money. Furthermore, the IRS is not entitled to collect penalties on an erroneous refund and can only collect interest if the government timely filed suit under Internal Revenue Code § 7405(b) to recover the erroneous refund.

As such, Plaintiff's complaint was properly filed as a civil action in this Court against the United States for the return of a sum of money erroneously and illegally taken by the United States. (Compl. ¶ 2). Therefore, in accordance with Title 28, Section 1346(a)(1), of the United State Code, this Court has subject matter jurisdiction over Plaintiff's case.

B. Informal Claim Doctrine.

On May 17, 2007, Plaintiff amended his Complaint asserting that this Court has subject-matter jurisdiction under the informal claim doctrine. The informal claim doctrine has long been recognized and applied by the courts in exercising jurisdiction over cases in which the taxpayer's formal refund claim failed but the facts and circumstances of taxpayer's informal claim, viewed in their totality, evidenced adequate

and timely notice to the IRS of taxpayer's claim for a refund. Stelco Holding Co. v. United States, 42 Fed. Cl. 101, 109 (1998).

This Court cites Computervision Corp. v. United States, 445 F.3d 1355, 1364 (Fed. Cir. 2006), as well settled law that formal compliance with the statute and regulations is excused if the refund claim qualifies under the informal claim doctrine. See Minehan v. United States, No. 05-924T (Fed. Cl. filed January 26, 2007). The United States Court of Appeals for the Federal Circuit and this Court have not imposed strict guidelines for determining whether a taxpayer has made a valid informal refund claim other than the claim must be in writing submitted to the IRS prior to the expiration of the statute of limitations. Arch Engineering Co. v. United States, 783 F.2d 190, 192 (Fed. Cir. 1986); Stelco Holding, 42 Fed. Cl. at 109; see New England Elec. System v. United States, 32 Fed. Cl. 636, 641 (1995) ("* * * no set rules can be elucidated as to what constitutes an adequate informal claim; rather, each case must be determined based on its own unique set of facts. Of primary importance, however, is the existence of *some* written component."); see also Wall Industries, Inc. v. United States, 10 Cl. Ct. 82, 98 (1986) ("[T]he cases in this court emphasize that there is no preconceived set of universal facts and circumstances which otherwise define an efficacious informal claim." "[E]ach case is to be decided on its own merits, paying particular attention to the combined effect of the unique facts and circumstances known to the government at the time the alleged informal claim is made.").

"Various notations and figures" on a timely filed income tax return has constituted a valid informal refund claim. American Radiator & Standard Sanitary Corp. v. United States, 318 F.2d 915, 920 (Ct.Cl. 1963). The Court of Claims ruled that a

taxpayer's objection written on the back of a check paying the tax qualified as an informal refund claim. The taxpayer stated: "This check is accepted as paid under protest pending final decision of the higher courts." Night Hawk Leasing Co. v. United States, 18 F.Supp. 938, 941-42 (Ct.Cl. 1937).

The justification for allowing a claim under the informal claim doctrine can be found when the claim, although informally made, put the IRS on notice as to the taxpayer's argument for the refund. The United States Court of Appeals for the Federal Circuit in Computervision, 445 F.3d at 1364, stated "a timely filed claim with purely formal defects is permissible if it fairly apprises the IRS of the basis for the claim within the limitations period." This Court, in Levitsky v. United States, 27 Fed. Cl. 235, 241 (1992), found that an informal claim is valid if "the IRS knew of the facts underlying the claim and understood that a claim was being made based upon them." The court looked beyond the claim and examined other written communication between the taxpayer and the IRS to determine if the IRS had adequate notice. Id.; see also New England Elec. System, 32 Fed. Cl. at 645 ("A court must examine the facts and circumstances to discern whether the total mix of the written component and the particular facts indicate that the IRS knew or should have known that the taxpayer was asserting a right to a refund."); see also Newton v. United States, 163 F. Supp. 614, 619 (Ct. Cl. 1958) ("It made no difference that the informal claim was made prior to the time the tax was actually paid since the Commissioner knew or should have known that the plaintiff was claiming a refund, Crenshaw v. Hrcka, supra."); see also American Radiator & Standard Sanitary Corp., 318 F.2d at 920 ("* * *the writing should not be given a crabbed or literal reading,

ignoring all the surrounding circumstances which give it body and content. The focus is on the claim as a whole, not merely the written component.”).

Of particular importance to the courts in determining whether the IRS had sufficient notice of the claim is whether “the agent’s knowledge gained in auditing the taxpayer’s returns sufficed to inform the I.R.S. of the grounds underlying the claim.” Levitsky, 27 Fed. Cl. at 242; Wall Industries, Inc., 10 Cl. Ct. at 100; American Radiator & Standard Sanitary Corp., 318 F.2d at 921 (“There can therefore be no doubt that * * * a responsible employee of the Internal Revenue Service had ‘notice fairly advising the Commissioner of the nature of the taxpayer’s claim.’”). In New England Elec. System, the court believed that the IRS Agent “knew that the plaintiff disagreed with that assessment, that the plaintiff expected a refund, why the plaintiff expected a refund, and the exact sum for which the plaintiff desired a refund.” New England Elec. System, 32 Fed. Cl. at 646. The court held that “[t]he informal claim doctrine was developed for precisely this instance when the entire basis of the plaintiff’s refund claim was within the knowledge of the IRS from the very beginning.” Id. at 647.

This Court in Levitsky, 27 Fed. Cl. at 240, also clearly stated its perspective on the “notice” issue, by quoting Kales v. United States, 115 F.2d 497, 500 (6th Cir. 1940):

> In the administration of Internal Revenue Laws, we are concerned with substance and not form. The prerequisite refunding statutes requiring claim for refund before suit, should receive a practical construction to effectuate their purpose.

In the present case, Plaintiff made a written claim to the IRS Memphis Office on September 9, 2003, shortly after the IRS began unlawfully seizing his money. (Ex. 7.) Plaintiff’s claim stated that there was no deficiency for his 1998 tax year in accordance with the attached Tax Court decision. (Id.) Plaintiff pleaded with the IRS to immediately

withdraw its wrongful levy on his bank account and garnishment of his wages. (Id.) Plaintiff attached other relevant documents concerning Plaintiff's 1998 tax year, such as, the audit statement, settlement computations and Stipulation between Plaintiff and the IRS. (Id.)

On November 12, 2003, the Houston Appeals Office of the IRS acknowledged receipt of Plaintiff's claim and assigned Plaintiff's case back to Dennis Quinn, the appeals officer who had handled Plaintiff's 1998 tax case since October 2001. In fact, Mr. Quinn was instrumental in reaching the Stipulation between the IRS and Plaintiff, the terms of which culminated into a Tax Court Decision on February 15, 2002. It is undisputable that Mr. Quinn knew from these documents that Plaintiff owed no deficiency in taxes for his 1998 tax year, and, in fact, had overpaid his 1998 taxes by $2,801 through his withholding credits.

Mr. Quinn did not have to infer or even predict that Plaintiff was making a claim for the return of his monies seized by the IRS in direct violation of the internal revenue laws. He was intimately familiar with the facts of Plaintiff's case, that is, no deficiency existed for Plaintiff's 1998 taxes and that the taxes had been paid in full through a preexisting withholding credit. As stated in his letter to Plaintiff on November 14, 2003, Mr. Quinn was aware that Plaintiff received a refund of approximately $80,166 on October 14, 2002. It should have been obvious to Mr. Quinn that the IRS' levy and garnishment of Plaintiff's bank account and wages amounted to a double payment of Plaintiff's 1998 taxes. Furthermore, from the Tax Court decision he helped to reach, Mr. Quinn knew Plaintiff was entitled to, at most, a refund of $2,801; a far cry from the

$80,166 Plaintiff was refunded. Thus, it should have been clear to Mr. Quinn that the money sent to Plaintiff by the IRS on October 14, 2002 constituted an erroneous refund.

By Mr. Quinn's own admissions in his letter to Plaintiff of November 14, 2003, he examined Plaintiff's "file, transcript data, etc." Thus, Mr. Quinn also knew or should have known that no new assessment had been made nor any deficiency notice issued to Plaintiff with respect to the erroneous refund. As an Appeals Officer, Mr. Quinn should have known the proper procedures available to the IRS in collecting an erroneous refund from a taxpayer. In fact, Mr. Quinn could easily have rectified the situation by ceasing the unauthorized levies on Plaintiff's bank account and wages and proceeded in the correct manner for collecting the erroneous refund from Plaintiff. The statute of limitations for the IRS to initiate new assessment procedures or to file suit to recover the erroneous refund did not expire until 2004.

Without a doubt, Plaintiff's claim of September 9, 2003 more than adequately put the IRS on notice of his basis for the return of his money. In accordance with the above-cited authorities, Plaintiff's written claim must be viewed in light of all the circumstances, including his prior case with Mr. Quinn. Case law does not require Plaintiff's claim to be more specific than it already was. Taken as a whole with the accompanying documents and Mr. Quinn's prior involvement in the case, Plaintiff's claim of September 9, 2003 presupposed a natural claim for the return of Plaintiff's money taken by the IRS in violation of the internal revenue laws.

As set forth below, Plaintiff's claim of September 9, 2003 for the return of his money unlawfully seized by the IRS met the guidelines established by this Court for a valid claim under the informal claim doctrine:

1. It was in writing;

2. It was submitted to the IRS prior to the running of any applicable statute of limitations; and

3. It constituted more than adequate notice to the IRS of Plaintiff's basis for his claim.

In conclusion, this Court has subject matter jurisdiction under the informal claim doctrine to hear Plaintiff's claim for the return of his money, as alleged in Plaintiff's Amended Complaint filed simultaneous herewith.

C. Formal Claim under Statutory Authority

Because the informal claim doctrine already provided this Court with subject-matter jurisdiction over Plaintiff's case, Plaintiff did not need to file a "formal claim." Regardless, a form appropriate for filing a "formal claim" with Plaintiff's facts does not exist. The Treasury Regulations set forth the particular IRS forms to be used when filing refund claims. Treasury Regulation § 301.6402-2(c) states that all refund claims for taxes (other than income taxes), interest, penalties and additions to tax shall be made on Form 843. The form itself only provides for refund claims of employment, estate, gift and excise taxes. Treasury Regulation § 301.6402-3(a)(2) states that a refund claim of overpaid income taxes for an individual having filed Form 1040 or 1040A shall be made on Form 1040X.

Plaintiff is not seeking a refund of these taxes but the return of monies unlawfully taken by the IRS for the recovery of a refund it erroneously made to Plaintiff. If Forms 843 and 1040X were intended by the IRS as the only formal means for an individual to

seek the return of his money, it would appear that Plaintiff was precluded from filing a proper "formal claim."

Furthermore, the IRS, through Mr. Quinn's letter dated November 14, 2003, made it abundantly clear to Plaintiff that he had no further recourse within the administrative agency of the IRS for the ultimate return of monies illegally taken from him. The letter stated, in part, that:

> Since your case was previously closed with signed decision documents in Tax Court, neither Appeals nor District Counsel really have any jurisdiction over this case. In addition, with decision documents being of finality, there are no remaining appeals rights for you.

(Ex. 11 at 2.) Therefore, the United States cannot now claim in its Motion to Dismiss that Plaintiff failed to file a formal claim within the statute of limitations when (1) the Treasury Regulations failed to provide Plaintiff with a formal means to file a claim and (2) the IRS previously denied Plaintiff any administrative avenues, which presumably included a formal refund claim, to recovery the monies wrongfully taken from him.

**CONCLUSION**

For the reasons stated, Plaintiff's Complaint should not be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

s/ Jennifer Hunter Walz
JENNIFER HUNTER WALZ
P.O. Box 430341
Houston, Texas 77243-0341
(713) 446-7730 – phone
(281) 907-0103 - facsimile

Dated: May 17, 2007

COUNSEL FOR PLAINTIFF

STATUTORY APPENDIX

Internal Revenue Code of 1986 (26 U.S.C.):

Sec. 6203. METHOD OF ASSESSMENT.

The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

Sec. 6212. NOTICE OF DEFICIENCY.

(a) In general.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

* * * * *

Sec. 6303. NOTICE AND DEMAND FOR TAX.

(a) General rule.—Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.

* * * * *

Sec. 6513. TIME RETURN DEEMED FILED AND TAX CONSIDERED PAID.

* * * * *

(b) Prepaid income tax.—For purposes of section 6511 or 6512—

(1) Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.

* * * * *

Sec. 6532. PERIODS OF LIMITATION ON SUITS.

* * * * *

(b) Suits by United States for recovery of erroneous refunds.—Recovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund, except that such suit may be brought at any time within 5 years from the making of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact.

* * * * *

Sec. 7405. ACTION FOR RECOVERY OF ERRONEOUS REFUNDS.

(a) Refunds after limitation period.—Any portion of a tax imposed by this title, refund of which is erroneously made, within the meaning of Section 6514, may be recovered by civil action brought in the name of the United States.

(b) Refunds otherwise erroneous.—Any portion of a tax imposed by this title which has been erroneously refunded (if such refund would not be considered as erroneous under section 6514) may be recovered by civil action brought in the name of the United States.

(c) Interest.—For provision relating to interest on erroneous refunds, see section 6602.

(d) Periods of limitation.—For periods of limitations on actions under this section, see section 6532(b).

Treasury Regulations on Income Tax:

Sec. 301.6402-2. CLAIMS FOR CREDIT OR REFUND.

* * * * *

(c) Form for filing claim. Except for claims filed after June 30, 1976 for the refunding of overpayment of income taxes, all claims by taxpayers for the refunding of taxes, interest, penalties and additions to tax shall be made on Form 843.

* * * * *

Sec. 301.6401-3. SPECIAL RULES APPLICABLE TO INCOME TAX.

* * * * *

(a) In the case of a claim for credit or refund filed after June 30, 1976-

* * * * *

(2) In the case of an overpayment of income taxes for a taxable year of an individual for which a Form 1040 or 1040A has been filed, a claim for refund shall be made on Form 1040X ("Amended U.S. Individual Income Tax Return").

* * * * *