IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**MOTION FOR CLARIFICATION AND FOR ENLARGEMENT OF TIME TO RESPOND TO AMENDED COMPLAINT**

Defendant, the United States, respectfully moves the Court for an order clarifying that, pursuant to RCFC 15(a), defendant is presently required to answer or otherwise respond to plaintiff's amended complaint, filed on May 17, 2007, on or before June 1, 2007, and clarifying that defendant is not required to reply to plaintiff's response to defendant's motion to dismiss plaintiff' original complaint, as that motion has been mooted by plaintiff's filing of an amended complaint.

In addition, pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, defendant respectfully moves the Court for an enlargement of time of 30 days, from June 1, 2007, to and including July 1, 2007, within which to respond to plaintiff's amended complaint. This is the first enlargement of time defendant has requested for this purpose.

As reason for its motion for clarification, defendant notes that RCFC 15(a) provides that a party may amend its pleading "once as a matter of course at any time before a responsive pleading is served," and further provides that "[a] party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Consequently, defendant's response to plaintiff's amended complaint is due, absent any order of this Court to the contrary, 10 days from the filing of plaintiff's amended complaint, *i.e.,* on June 1, 2007. *See* RCFC 6(a) (excluding Saturdays, Sundays, and holidays, including Memorial Day, from computation of time when time period is less than 11 days).

As further reason for its motion for clarification, defendant notes that this Court has held that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." *American International Specialty Lines Insurance Co. v. United States*, 71 Fed. Cl. 37, 39 (2006). Thus, absent order of this Court to the contrary, defendant's motion to dismiss plaintiff's original complaint is rendered moot by the filing of plaintiff's amended complaint,[1] and, as a result, the need for defendant to reply to plaintiff's response to this motion to dismiss is vitiated.

As reason for its motion for enlargement of time, defendant observes that plaintiff's amended complaint raises new legal and factual allegations concerning the jurisdictional basis for plaintiff's complaint. The requested enlargement is necessary to allow time for defendant to

---

[1]By stating this, defendant does not concede that plaintiff's amendment to its complaint cures the jurisdictional defects raised in defendant's motion to dismiss plaintiff's original complaint.

investigate these new allegations in order to adequately respond to plaintiff's amended complaint, and to allow time for the Internal Revenue Service to prepare and forward to us a supplemental recommendation in this case addressing the new allegations in plaintiff's amended complaint.

Defendant's counsel spoke with plaintiff's counsel by telephone on May 24, 2007, and counsel stated that plaintiff has no objection to the requested enlargement.

Respectfully submitted,

May 25, 2007

s/ Joseph B. Syverson
JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate
Of Counsel

May 25, 2007