IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**DECLARATION OF LAWRENCE D. PENNONI**

I, Lawrence D. Pennoni, hereby affirm and attest that the following statements are true to the best of my knowledge and belief:

1. I am the Plaintiff in the above-captioned case.

2. Attached hereto are true and correct copies of the following documents:

**Exhibit 1.** Letter from Dennis Quinn, an appeals officer from the Appeals Division of the Internal Revenue Service ("IRS"), to Plaintiff dated October 24, 2001.

**Exhibit 2.** Letter from Dennis Quinn, Appeals Officer, to Plaintiff dated November 1, 2001.

**Exhibit 3.** Notice of Intent to Levy issued to Plaintiff for the 1998 tax year dated December 30, 2002.

**Exhibit 4.** Final Notice of Intent to Levy issued to Plaintiff for the 1998 tax year dated May 29, 2003.

**Exhibit 5.** Notice of Levy issued to Wells Fargo Bank concerning Plaintiff's 1998 tax year dated July 22, 2003.

**Exhibit 6.** Notice of Levy issued to Continental Casing Corporation concerning Plaintiff's 1998 tax year dated July 22, 2003.

**Exhibit 7.** Facsimile from Plaintiff to IRS-Memphis dated September 9, 2003 along with accompanying documents.

**Exhibit 8.** Notice of Levy issued to Wells Fargo Bank concerning Plaintiff's 1998 tax year dated October 30, 2003.

**Exhibit 9.** Notice of Levy issued to Continental Casing Corporation concerning Plaintiff's 1998 tax year dated October 30, 2003.

**Exhibit 10.** Letter from the IRS to Plaintiff dated November 12, 2003.

**Exhibit 11.** Letter from the IRS to Plaintiff dated November 14, 2003.

**Exhibit 12.** Reminder Notice issued to Plaintiff from the IRS for the 1998 tax year dated December 13, 2003.

3. As to any alleged underpayment of my 1998 tax liability created by the erroneous refund issued to me from the IRS on October 14, 2002, the IRS did not send me a notice of deficiency under Internal Revenue Code ("Code") § 6212 or a notice of assessment and demand for tax under Code §§ 6203 and 6303 nor did the IRS file suit under Code § 7405(b) for the return of the erroneous refund.

4. I contacted the IRS at the phone number set forth in the Notice of Intent to Levy and explained to the IRS that no tax was due as tax had already been assessed after a Tax Court decision was rendered and the tax had been fully paid by withholding tax. The IRS, however, stated they could do nothing to stop the levy unless I paid the full

amount claimed. After receiving the Final Notice of Intent to Levy, I again contacted the IRS seeking to stop the levy but again the IRS refused to do so. Prior to submitting my letter of September 9, 2003, I again contacted the IRS and demanded that the levies be stopped and funds already taken from my bank account be returned.

5. Exhibit 7 above was a demand to the IRS to cease its wrongful conduct in levying on my bank account and garnishing my wages and for the return of monies taken from me as a result of the IRS' unlawful activity.

6. My 1998 tax liability was paid in full through federal income tax withholding credits deemed paid by the IRS as of April 15, 1999.

7. I never received a notice of disallowance from the IRS unequivocally disallowing my claim for the return of his money wrongfully taken by the IRS, nor did the IRS inform me that my only recourse for recovering those monies was to file a civil action for a refund in the United States District Court or the United States Court of Federal Claims. I did not waive my right to receive a notice of disallowance.

8. I declare, under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 2, 2007, in Spring, Texas.

LAWRENCE D. PENNONI, Plaintiff