IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**PLAINTIFF'S RESPONSE TO THE UNITED STATES' WRONGFUL LEVY AND JURISDICTIONAL ARGUMENT**

Plaintiff's suit before this Court is not a wrongful levy action under Section 7426 of the Internal Revenue Code of 1986, 26 U.S.C. § 7426 (hereinafter referred to as "Code" or "Code § __"). Plaintiff is not a third party seeking the return of his property based upon a wrongful levy against his property for another person's tax liability. The Internal Revenue Service (hereinafter referred to as the "IRS") asserted its collection power, under the guise that Plaintiff had a balance due regarding his 1998 income tax liability, to confiscate Plaintiff's property. Plaintiff has not claimed a wrongful levy; rather, Plaintiff's claim is for the return of monies unlawfully taken from Plaintiff by the IRS in direct contravention of statutory procedures for properly recovering an erroneous refund. Defendant's claim that this is a wrongful levy action is nothing more than an attempt to mislead this Court away from the gravamen of this case: Plaintiff's property cannot be seized and retained by the government without the IRS first complying with the law for recovering an erroneous refund. The IRS blatantly violated the Code by sidestepping all mandatory prerequisites for recovering an erroneous refund, *i.e.*, filing suit under Code Section 7405(b) or following the deficiency and assessment procedures

of the Code, when it confiscated Plaintiff's property. The government is now time-barred from following these procedures and therefore, must return Plaintiff's money. As succinctly stated by the court in *Moran v. United States*, 953 F. Supp. 354, 357-358 (N.D. Okl. 1996), "…the collection power of the United States is great and has the capacity to do enormous harm to any individual or business taxpayer. Therefore, strict adherence to the restrictions contained in the law is not only advisable, but mandatory."

**1. <u>No Wrongful Levy Action Asserted by Plaintiff</u>.**

Code Section 7426 provides, in part:

**Civil actions by persons other than taxpayers.**

**(a) Actions permitted.**

> **(1) Wrongful levy.** If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

"A levy is 'wrongful' if it seizes property that does not belong, in whole or in part, to the taxpayer." *See also Texas Commerce Bank-Fort Worth v. United States*, 896 F.2d 152, 156 (5th Cir. 1990).

Code Section 7426 was intended to be the "exclusive remedy for an innocent third party whose property is confiscated by the IRS to satisfy another person's tax liability." *Id.* In a recent case, the United States Supreme Court in *EC Term of Years Trust v. United States*, 127 S. Ct. 1763 (2007), reached the same conclusion and further held that a third party plaintiff was prohibited from instituting a tax refund claim if it had standing to bring a wrongful levy action. In Defendant's first Motion to Dismiss dated April 16, 2007, the government moved to dismiss Plaintiff's suit because "plaintiff has failed to file

a timely administrative claim for refund of the amounts he claims were wrongfully collected." (First Def. Mot. at 5.) Now the government would have this Court believe that Plaintiff's only remedy lies within Code Section 7426 as a wrongful levy action with respect to which this Court has no jurisdiction.

"[S]ection 7426 expressly excludes from those authorized to bring a wrongful levy action the taxpayer against whom the IRS is seeking to collect taxes." *See Shannon v. United States*, 521 F.2d 56, 59 (9th Cir. 1975). It is surprising that the government is now claiming that Plaintiff's suit is nothing more than a wrongful levy action. (Def. Reply at 14.) The government clearly has argued that the IRS was seeking to recover the balance of Plaintiff's alleged 1998 tax liability and did so through levies upon Plaintiff's property. (Def. Mot. at 4-5.) Thus, as the person who is alleged to owe taxes is the same person whose property has been levied, the wrongful levy provisions of Code Section 7426 are inapplicable. It was Plaintiff's property that the IRS levied upon to collect a balance due regarding Plaintiff's 1998 tax liability. For Plaintiff to have a wrongful levy action, Plaintiff's property must have been levied upon by the IRS to recover someone else's tax liability. This is clearly not the case.

Plaintiff did not assert a wrongful levy action in his Amended Complaint (nor can one be implied). The property that was levied upon was Plaintiff's bank account and wages. (Amend. Compl ¶ 9.) Plaintiff's property was not levied upon to satisfy any real or alleged tax obligation of another person. Plaintiff's property was taken by the government "under the guise of collecting [plaintiff's]… allegedly assessed income tax liability…for the year 1998." (Amend. Compl. ¶2; see also Def. Mot. at 4-5.)

Although Plaintiff agrees with the government that the IRS did in fact levy upon his property to recover what the IRS incorrectly characterizes as a balance in Plaintiff's 1998 income tax account, it is Plaintiff's position that the levies did not arise from any

"tax" obligation of Plaintiff. Plaintiff's 1998 tax liability was deemed paid in full on April 15, 1999. (Pennoni Dec. Ex. 7 at 4.) Plaintiff's 1998 income tax liability was assessed on September 11, 2002. (Def. Mot. at 4.) The United States Tax Court Decision rendered on February 14, 2002 effectively closed Plaintiff's 1998 tax year. Plaintiff received an erroneous refund on or about October 14, 2002. (*Id.*) Defendant acknowledged that it was an "*erroneous refund*". (*Id.*) No new assessment was made based upon the erroneous refund nor did the government file suit under Code § 7405(b) to recover the erroneous refund. Defendant does not disagree with these facts in its Motion to Dismiss. However, without any legal authority to do so, the IRS levied upon Plaintiff's property to collect the erroneous refund it made to Plaintiff.

If it is the government's position that Plaintiff's suit should be characterized as a wrongful levy action simply because Plaintiff asserts he has no "tax" liability, Code Section 7426 must not be an exclusive remedy for a plaintiff whose property has been levied upon for an alleged tax liability. This is clearly contrary to the government's long-standing position – based on the clear intention of Congress in creating the wrongful levy provisions of Code Section 7426 -- that only a third-party may avail itself of the wrongful levy provisions of Code Section 7426.

2. **Plaintiff's Suit is for the Return of Monies Unlawfully Taken from Plaintiff by the IRS in Violation of the Code.**

Plaintiff has not asserted jurisdiction under Section 1491, Title 28 of the United States Code, based upon a wrongful levy claim under Code Section 7426 as the taxpayer did in *Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981).

Plaintiff's cause of action is set forth in paragraphs 2 and 12 of his Amended Complaint.

Paragraph 2 of Plaintiff's Amended Complaint states:

> This is a civil action against the United States of America for the return of a sum of money wrongfully taken from Plaintiff in the approximate amount of $104,461.04. The foregoing sum was erroneously and illegally taken by Defendant under the guise of collecting an allegedly assessed income tax liability, together with interest and penalties, for the year 1998.

Paragraph 12 of Plaintiff's Amended Complaint states:

> The amounts levied from Plaintiff's bank account and his wages were wrongfully collected by the Internal Revenue Service under the internal revenue laws of Title 26 of the United States Code and contrary to the provisions of Section 7405 of Title 26 of the United States Code and the deficiency and assessment procedures under Title 26 of the United States Code. Plaintiff is entitled to a return of all amounts wrongfully collected from Plaintiff.

This Court has jurisdiction to hear Plaintiff's suit under Section 1491 of Title 28 of the United States Code, because Plaintiff's claim is founded upon a violation of congressionally mandated statutes. This Court and its predecessor have specifically provided that this Court has "jurisdiction over suits seeking the return of money improperly paid to, exacted or retained by the government." *See New York Life Ins. Co. v. United States*, 118 F.3d 1553, 1556 (Fed. Cir. 1997); *see also Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967). In *Eastport*, the Court of Claims stated:

> But it is not every claim involving or invoking the Constitution, a federal statute, or a regulation which is cognizable here. The claim must, of course, be for money. Within that sphere, the non-contractual claims we consider under Section 1491 can be divided into two somewhat overlapping classes---those in which the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum; and those demands in which money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury. In the first group (where money or property has been paid or taken), the claim must assert that the value sued for was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.

*Id*. at 1007.

In the present case, Plaintiff seeks the return of approximately $104,461.04 taken from him by the IRS under the guise of recovering an erroneous refund issued by the IRS

to Plaintiff. The IRS cannot use any of its collection powers to recover an erroneous refund unless and until it either (1) files suit under Code Section 7405(b) within the two-year limitations period under Code Section 6532(b), or (2) institutes deficiency and assessment procedures under the Code relating to the erroneous refund within the limitations period for assessment applicable to the return for the tax year which the erroneous refund relates to. *See Stanley v. United States*, 35 Fed. Cl. 493, 496 (1996), *aff'd*, 140 F.3d 1023 (Fed. Cir. 1998). The IRS ignored these statutory requirements that were prerequisites to using its collection powers to recover the erroneous refund from Plaintiff.

The IRS did not file suit against Plaintiff under Code Section 7405(b) to recover the erroneous refund. Further, the IRS had no authority to collect the erroneous refund from Plaintiff under the tax deficiency collection procedures without first assessing the refund amount as a tax deficiency, *i.e.*, an underpayment of tax**.** No notice of deficiency concerning the erroneous refund was sent to Plaintiff nor was the erroneous refund assessed as a tax. Defendant acknowledges that the only assessment relating to the tax year at issue was made on September 11, 2002 and on such date Plaintiff had a credit for taxes paid in excess of the amount of the assessment. (Def. Mot. at 4). This assessment cannot be an assessment of the erroneous refund amount because the refund was not issued to Plaintiff until October 14, 2002. The United States Court of Appeals for the Federal Circuit made it clear that "[t]he erroneous refund cannot, however, be recovered on the basis of the original assessment." *Stanley*, 35 Fed. Cl. at 496.

It is evident under Code Section 6532(b) that if the government does not file suit within the two-year limitations period to recover an erroneous refund, it is barred from collecting it under Code Section 7405. Likewise, the IRS is prohibited from employing collection procedures under the Code without first making an assessment of tax within

the three-year statute of limitations under Code Section 6501. Just as a taxpayer may not obtain a refund from the IRS of a tax payment after the statute of limitations has expired, the IRS loses it rights to collect and retain an erroneous refund after the limitations periods have expired for recovering it.

Case law provides that a plaintiff "must demonstrate that the source of substantive law [s]he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Mitchell,* 463 U.S. 206, 216-17 (1983) (quoting *United States v. Testan,* 424 U.S. 392, 400 (1976) (quoting *Eastport*, 372 F.2d at 1009)). It is more than reasonable to infer that the government shall return Plaintiff's money to him because 1) it was not collected in accordance with procedures under the Code and 2) the time to legally collect it has expired.

The United States cannot be shielded from its responsibility to return Plaintiff's property when the IRS utterly failed to follow procedures mandated under the Code for collecting an erroneous refund. As the Federal Circuit Court of Appeals in *Stanley v. United States*, 140 F.3d 1023, 1030 (Fed. Cir. 1998) stated, "…the IRS cannot entirely absolve itself from responsibility for the outcome…it was the IRS that failed to timely bring suit or reassess the relevant tax year once the error was discovered." The court concluded that "[b]ecause the IRS acted without proper authority when it applied Stanley's 'bond' to offset the erroneous refund, the judgment of the United States Court of Federal Claims is AFFIRMED."

Plaintiff is entitled to the return of his money under Code Sections 6532(b) and 6501 because the government has no rights to retain it after the statute of limitations has expired for properly recovering the erroneous refund.

CONCLUSION

For the reasons stated, Plaintiff's Amended Complaint should not be dismissed for lack of subject-matter jurisdiction. If this Court concludes Plaintiff's suit will be dismissed for lack of subject-matter jurisdiction, Plaintiff respectfully requests that it be dismissed without prejudice based upon the merits of Plaintiff's arguments presented herein.

Respectfully submitted,

s/ Jennifer Hunter Walz
JENNIFER HUNTER WALZ
P.O. Box 430341
Houston, Texas 77243-0341
(713) 446-7730 – phone
(281) 907-0103 - facsimile

Dated: September 24, 2007

COUNSEL FOR PLAINTIFF