No. 06-861 T

(Judge Firestone)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LAWRENCE D. PENNONI,

Plaintiff

v.

THE UNITED STATES,

Defendant

**DEFENDANT'S MOTION FOR RECONSIDERATION**

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
MARY M. ABATE
JOSEPH B. SYVERSON
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508
(202) 514-9440 (facsimile)

## TABLE OF CONTENTS

**Page**

Defendant's motion for reconsideration. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument:

I. The Court should reconsider its holding that it has illegal exaction jurisdiction over the complaint to the extent that plaintiff seeks recovery of amounts paid to satisfy assessed deficiency interest and penalties.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. The Court should reconsider its holding that plaintiff's suit is not subject to Section 7422 as a suit for recovery of a "sum alleged to have been . . . in any manner wrongfully collected". . . . . . . . . . . . . . . . . 6

III. If the Court reconsiders these issues, it should then dismiss plaintiff's complaint for lack of subject-matter jurisdiction. . . . . . . . . . . . . . . . . . 11

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

Cases:

*Alexander Proudfoot Co. v. United States*, 454 F.2d 1379 (Ct. Cl. 1972).. . . . . . . . . . . . . 9

*Beall v. United States*, 336 F.3d 419 (5th Cir. 2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Brennan v. Southwest Airlines Co.*, 134 F.3d 1405 (9th Cir. 1998), *amended by* 140 F.3d 849 .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Computervision Corp. v. United States*, 445 F.3d 1355 (Fed. Cir. 2006). . . . . . . . . . . . . . 5

*Flora v. United States*, 362 U.S. 145 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hampton v. United States*, 513 F.2d 1234 (Ct. Cl. 1975), *cert. denied* 423 U.S. 837 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hinck v. United States*, 127 S. Ct. 2011 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Page**

Cases (continued):

*J. O. Johnson, Inc. v. United States*, 476 F.2d 1337 (Ct. Cl. 1973). . . . . . . . . . . . . . . . . . . . 9

*New York Life Insurance Co. v. United States*, 118 F.3d 1553 (Fed. Cir. 1997), *cert. denied*, 523 U.S. 1094 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Perrin v. United States*, 444 U.S. 37 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Poretto v. Usry*, 295 F.2d 499 (5th Cir. 1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Strategic Housing Finance Corp. of Travis County v. United States*, Fed. Cl. No. 06-741 T. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Clintwood Elkhorn Mining Co.*, No. 07-308, 2007 WL 2590091 (U.S. December 3, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Van Auken*, 96 U.S. 366 (1877). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Williams*, 514 U.S. 527 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Usibelli Coal Mine v. United States*, 54 Fed. Cl. 373 (2002). . . . . . . . . . . . . . . . . . . . . 7, 9

*W. Co. of N. America v. United States*, 323 F.3d 1024 (Fed. Cir. 2003). . . . . . . . . . . 4, 10

Statutes:

Internal Revenue Code of 1986 (26 U.S.C.):

§ 692.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
§ 6511.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8
§ 6532.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
§ 7422.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Page

Statutes (continued):

28 U.S.C. § 1346. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Miscellaneous:**

IRS Technical Advice Memorandum, 2004-46-021. . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

IRS Technical Advice Memorandum, 2007-50-018. . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

Rules of the Court of Federal Claims, Rule 6(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rules of the Court of Federal Claims, Rule 59. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Black's Law Dictionary 1677 (3rd ed. 1933). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Bouvier's Law Dictionary 3181 (8th ed., vol. 3, 1914). . . . . . . . . . . . . . . . . . . . . . . . . . 11

The American Heritage Dictionary of the English Language 1733 (4th ed. 2000).. . . . . 11

The Oxford English Dictionary 166 (2d ed. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant, the United States, respectfully moves, pursuant to RCFC 59(a)(1), for reconsideration of the Court's Opinion and Order, dated December 4, 2007,[1] denying defendant's motion to dismiss plaintiff's amended complaint for lack of subject-matter jurisdiction. Defendant moves for reconsideration on two grounds. First, the Court's opinion did not address the issue of whether the assessed interest and penalties that plaintiff seeks to recover are subject to the administrative claim requirement of Section 7422 of the Internal Revenue Code.[2] Second, in holding that plaintiff's suit for refund of a sum allegedly wrongfully collected under the

[1]Hereafter, simply "opinion" or "Op."

Defendant notes that this motion is timely, under the "11-day rule" of RCFC 6(a).

[2]Unless otherwise noted, the section symbol ("§") or the word "section" shall refer to the Internal Revenue Code of 1986 ("Code"), codified in Title 26 of the United States Code, as amended and in effect during the relevant period.

internal revenue laws is not subject to the administrative claim requirement of § 7422, the Court relied upon an IRS Technical Advice Memorandum ("TAM") that was publicly revoked after the date the Court's opinion was filed.[3]

**ARGUMENT**

**I.**

**THE COURT SHOULD RECONSIDER ITS HOLDING THAT IT HAS ILLEGAL EXACTION JURISDICTION OVER THE COMPLAINT TO THE EXTENT THAT PLAINTIFF SEEKS RECOVERY OF AMOUNTS PAID TO SATISFY ASSESSED DEFICIENCY INTEREST AND PENALTIES**

Plaintiff's suit seeks recovery of amounts collected from plaintiff by IRS levy following an erroneous refund with respect to plaintiff's 1998 individual income tax. *See* Am. Compl. ¶ 2. As plaintiff concedes, a portion of the total sum plaintiff seeks to recover represents amounts collected to satisfy assessed penalties and deficiency interest. *See ibid.* (alleging that this "sum was . . . taken . . . under the guise of collecting an allegedly assessed income tax liability, *together with interest and penalties*, for the year 1998" (emphasis added)). According to the transcript of account for plaintiff's 1998 tax year, he was assessed a total of $5,678.05 of

---

[3]The issue dealt with in the TAM–whether a refund claim is required to be filed in accordance with the "any sum" provision in § 7422(a) with respect to a request for recovery of arbitrage rebate paid by an issuer of tax-exempt bonds–is currently in the briefing stage on motions to dismiss, in *Strategic Housing Finance Corp. of Travis County v. United States*, Fed. Cl. No. 06-741 T.

In addition, the Supreme Court has recently granted certiorari in *United States v. Clintwood Elkhorn Mining Co.*, No. 07-308, 2007 WL 2590091 (U.S. December 3, 2007). The questions before the Supreme Court in *Clintwood Elkhorn* broadly implicate the issue of the extent to which this Court's Tucker Act jurisdiction is limited by the tax refund suit provisions of the Code. *See Clintwood Elkhorn*, U.S. Pet. for Cert., 2007 WL 2608817 (September 7, 2007).

deficiency interest, and a total of $9,093.36 in penalties, all of which was collected by levy.[4] *See* Syverson Dec., Ex. 1 at 8-9.

Defendant's motion to dismiss the amended complaint for lack of subject-matter jurisdiction encompassed the entirety of plaintiff's amended complaint, and was based on the fact that plaintiff had failed to file a claim for refund with the IRS for the amounts he sought to recover, contrary to § 7422(a). *See* Mot. to Dismiss at 11-21. Although the matter of the deficiency interest and the penalties was not discussed separately in the briefing on the motion to dismiss, it was raised by plaintiff's counsel during oral argument on the motion, and addressed by both counsel and the Court. (Tr. of Oral Argument 18:23-20:13 (Nov. 14, 2007).) *Inter alia*, defendant's counsel expressly argued that the amounts collected to satisfy the assessed deficiency interest and penalties are subject to the refund claim requirement of § 7422(a), *notwithstanding whether the other amounts at issue in the case are subject to this requirement*. *See* Tr. 32:5-34:2. The Court indicated at oral argument that it might request more briefing on this issue, *see id.* at 33:20-22, but issued its opinion without doing so.

In its opinion, the Court denied defendant's motion to dismiss, holding that it had jurisdiction over the entirety of plaintiff's suit under the Tucker Act as a suit for recovery of an illegal exaction. Op. at 21-24. The Court reached this conclusion because it determined that plaintiff's "action is not subject to the tax refund suit provisions of the [Internal Revenue] Code

---

[4]The complaint alleges that a total of $104,461 was collected by levy. That total is not supported by the transcript of account for the 1998 tax year (the year in suit). The transcript reflects that plaintiff erroneously received a refund check in the amount of $80,166.57, and that a total of $96,431.05 (including interest and penalties) was subsequently collected by levy. Declaration of Joseph B. Syverson, Ex. 1. The Syverson Declaration was attached to defendant's motion to dismiss the amended complaint, filed with this Court on July 2, 2007. Hereinafter, exhibits attached to the Syverson Declaration will be cited as "Ex. __."

and cannot be dismissed on that basis." *Id.* at 20-21. In reaching this conclusion, however, the Court never specifically addressed the issue of the applicability of these refund suit provisions to the amounts collected from plaintiff to satisfy the deficiency interest and penalties he was assessed for 1998. Instead, the Court only explicitly addressed whether plaintiff was required to file a claim for refund with respect to the amounts collected from him to recover the amount that he was erroneously refunded. *See id. at* 11-21.

Leaving aside our disagreement with the Court's holding with respect to the erroneous-refund amount, the Court can, and should, reconsider its denial of our motion to dismiss on jurisdictional grounds with respect to the amounts collected from plaintiff to satisfy the assessments of deficiency interest and penalties. There is no dispute that the deficiency interest and penalties collected from plaintiff with respect to his 1998 tax year were *assessed after* the date the erroneous refund check was issued–*i.e.*, the interest and penalty amounts were all assessed during 2004, on August 2, August 9, August 23, September 6, and September 27, well after the date of the erroneous refund (October 14, 2002). *See* Ex. 1 at 4, 8-9; Pl.'s Resp. to Def.'s Mot. to Dismiss at 6. Thus, the Court's conclusion that the September 11, 2002, assessment of *tax* was extinguished by the payment made before the erroneous refund has no application to the still-viable assessments for the deficiency interest and penalties.

Furthermore, it is beyond dispute that a suit to recover assessed deficiency interest and assessed penalties is subject to the refund claim requirement of § 7422. Section § 7422(a) expressly provides that "[n]o suit shall be maintained . . . for the recovery . . . of any *penalty* claimed to have been collected without authority . . . until a claim for refund or credit has been duly filed with the Secretary." (Emphasis added.) *See also W. Co. of N. Am. v. United States*,

323 F.3d 1024, 1033-35 (Fed. Cir. 2003) (recognizing requirement pursuant to § 7422(a) of filing administrative claim for refund of a penalty prior to bringing suit to recover payment of such penalty); *Poretto v. Usry*, 295 F.2d 499, 500-01 (5th Cir. 1961) (upholding lower court's dismissal of suit against IRS District Director to compel abatement of assessed penalty, on grounds that court lacked jurisdiction because plaintiffs failed to file claim for refund of the penalty, and observing that "[s]ection 7422 specifically includes within its coverage suits for recovery of 'any penalty claimed to have been collected without authority'").

Similarly, it is well-established that a suit for refund of assessed deficiency interest cannot be maintained in the absence of the filing of a prior administrative claim for refund of the assessed deficiency interest. *See, e.g., Computervision Corp. v. United States*, 445 F.3d 1355, 1359-60 (Fed. Cir. 2006) (upholding trial court's dismissal of suit for refund of assessed deficiency interest on grounds that taxpayer had failed to file a timely claim for refund with respect to such interest).

Plaintiff, furthermore, has not filed a claim for refund with respect to the assessed deficiency interest and penalties he seeks to recover in this case, as demonstrated in our briefing on the motion to dismiss. Indeed, plaintiff's contention that his purported informal claim for refund constitutes an adequate informal claim with respect to the amounts collected to satisfy the assessed interest and penalties is even less plausible than his contention that it constitutes an adequate informal claim with respect to the amounts collected with respect to the amount he was erroneously refunded. Plaintiff's purported informal claim for refund makes no reference whatsoever to the amounts collected from him to satisfy the assessed deficiency interest and penalties. *See* Pl.'s Am. Compl., Ex. A. In fact, this purported claim for refund was faxed to the

IRS well before *any* of the penalty or interest assessments had been made. *See* Ex. 1 at 8-9.

During the oral argument, plaintiff's counsel did not dispute that plaintiff was required to file a refund claim, under § 7422, with respect to the assessed deficiency interest and penalties. Instead, her arguments focused on the merits (*i.e.*, the alleged illegality) of the assessments. *See* Tr. 18:23-20:13. But, as the Court recognized, in order to get to the merits, the Court must first have jurisdiction. Tr. 20:14-20. Since no refund claim was filed as required by § 7422, the Court lacks jurisdiction over the portion of the suit relating to the assessed deficiency interest and penalties.

## II.

## THE COURT SHOULD RECONSIDER ITS HOLDING THAT PLAINTIFF'S SUIT IS NOT SUBJECT TO SECTION 7422 AS A SUIT FOR RECOVERY OF A "SUM ALLEGED TO HAVE BEEN . . . IN ANY MANNER WRONGFULLY COLLECTED"

The Court held that plaintiff's suit, at least to the extent that it seeks return of amounts collected with respect to the erroneous refund of tax, is not subject to § 7422(a) by virtue of being a suit for recovery of "any sum alleged to have been . . . in any manner wrongfully collected." *See* Op. at 12-14. On this point, the Court relied in part upon IRS Technical Advice Memorandum ("TAM") 2004-46-021 (Nov. 14, 2004). *See id.* at 13-14. However, the TAM was revoked by the IRS Chief Counsel's office on October 25, 2007, and the revocation was announced publicly–after the Court issued its opinion–on December 14, 2007.[5] *See* I.R.S. Tech. Adv. Mem. 2007-50-018, 2007 WL 4358501 (concluding that "the arbitrage rebate overpayment

---

[5]Defendant's briefs on the motion to dismiss, filed before the revocation of the TAM, did not specifically address the issue of the applicability of the "any sum" language to plaintiff's suit. However, defendant did specifically address this issue at oral argument, pursuant to the Court's order of November 7, 2007.

described in TAM 200446021 is within the meaning of the 'any sum' language contained in I.R.C. § 7422(a)").[6]

The erroneous conclusion in the now-revoked TAM that "any sum," within the meaning of § 7422, does not encompass nontax amounts was based principally upon its analyses of *New York Life Insurance Co. v. United States*, 118 F.3d 1553 (Fed. Cir. 1997), *cert. denied* 523 U.S. 1094 (1998); and *Usibelli Coal Mine v. United States*, 54 Fed. Cl. 373 (2002). The Court's opinion explicitly noted that its holding that "any sum," within the meaning of § 7422, does not encompass the erroneous refund amount at issue was based on the same analyses as those in the TAM. *See* Op. at 13. Neither of these cases, however, supports the Court's holding, which is at odds with binding precedent.

Both the revoked TAM and the Court relied upon *New York Life* and *Usibelli* for the proposition that "26 U.S.C. §§ 7422(a) and 6532(a) must be read in light of 26 U.S.C. § 6511(a)." Op. at 13. From this proposition, the Court concluded that, "the 'any sum' language in 26 U.S.C. § 7422(a) and the 'other sum' language in 26 U.S.C. § 6532(a) notwithstanding," § 7422(a) applies only to suits for recovery of alleged overpayments of tax, because § 6511(a) only applies to "overpayments of any tax." Op. at 14. This conclusion, however, is in fact inconsistent with *New York Life*. In that case, the Federal Circuit did, as the Court's opinion points out, recognize that § 6511(a) and § 7422(a) are two parts of an interrelated statutory scheme, and consequently interpreted them as such. *See New York Life*, 118 F.3d at 1558. However, the *New York Life* court drew a conclusion from this observation that is exactly the

---

[6]The issue arose in TAM 200446021 because the IRS's position is that arbitrage rebate is not a "tax."

*opposite* of the conclusion that this Court drew: the Federal Circuit concluded that §§ 6511(a) and 7422(a) should be read in such a way that *all* of the language in *both* provisions is given effect throughout the tax refund claim statutory scheme. The Federal Circuit then held that § 7422(a) does not apply to tax *deposits*, because to hold otherwise would fail to give effect to the concept of "overpayment" in § 6511(a). *See ibid.* By contrast, the interpretation of §§ 6511(a) and 7422(a) in the Court's opinion in this case fails to give effect to all of the language contained in both provisions, by expressly disregarding the "any sum" language of § 7422(a) in favor of the "overpayment of tax" language of § 6511(a). *See* Op. at 14.

This disregard of the "any sum" language of § 7422(a) is at odds with binding precedent. In *Flora v. United States*, 362 U.S. 145 (1960), the Supreme Court interpreted the identical "any sum" language in 28 U.S.C. § 1346(a)(1). Rejecting the position that the "any sum" language referred *only* to tax and penalties, the Court described the "any sum" language as a "catch all" phrase that "may refer to amounts which are *neither tax nor penalties*," and posed interest as one example of a type of "sum" within the meaning of this language. *Id.* at 149 (emphasis added). Elsewhere in *Flora*, the Supreme Court explicitly addressed the predecessor of § 7422(a). Discussing the Act of June 6, 1872, which first added the "any sum" language to the predecessor of § 7422(a), the Court stated that "these amendments were designed to *require submission of all litigable claims to the Commissioner*," meaning that all suits for recovery of "taxes, penalties, *and sums which might, strictly speaking, be neither taxes nor penalties*" are subject to the administrative claim requirement. *Id.* at 155, n.17 (emphases added).

In addition, the Court of Claims, in *Hampton v. United States*, 513 F.2d 1234, 1243 (Ct. Cl. 1975), *cert. denied* 423 U.S. 837 (1975), described the "any sum" language in § 7422 as

"all-inclusive," and held that it applied to a suit for refund grounded on a Code provision that, similar to the Court's holding with respect to the effect of full payment of an assessed tax liability (*see* Op. at 14-21), operates to negate previously assessed income tax liabilities. In *Hampton*, one of the issues before the Court was whether § 7422(a) applied to a suit for refund premised on § 692, which operates to negate the assessed income tax liabilities of persons serving in the armed forces who die in "combat zones" for years in which the person served in a combat zone.[7] *Ibid.* Notwithstanding that the plaintiff's suit in *Hampton* was one for recovery of an amount which the plaintiff alleged was not a "tax" liability by the operation of § 692, the *Hampton* court, relying on the "any sum" language, held that the plaintiff was required by § 7422 to file a claim for refund with the IRS before bringing suit. *Ibid.*

Other cases in this and other Circuits also give broad characterizations to the scope of § 7422(a). *See*, *e.g.*, *J. O. Johnson, Inc. v. United States*, 476 F.2d 1337, 1341 (Ct. Cl. 1973) (referring to the "any sum" language of § 7422(a) as "all-inclusive"); *Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1380 (Ct. Cl. 1972) (same); *Usibelli*, 54 Fed. Cl. at 382 ("extraordinarily broad"); *see also United States v. Williams*, 514 U.S. 527, 532 (1995) (referring to identical language in 28 U.S.C. § 1346(a)(1) as "broad"); *Beall v. United States*, 336 F.3d 419, 423 (5th Cir. 2003) (same), *abrogated on other grounds by Hinck v. United States*, 127 S. Ct. 2011 (2007); *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1410 (9th Cir. 1998) ("Section 7422 contrasts the narrow concept of an 'internal revenue tax' with the broad concept of 'any

---

[7]Specifically, § 692(a)(1) provides that "any tax imposed by this subtitle *shall not apply* with respect to the taxable year in which falls the date of his death, or with respect to" prior taxable years in which the serviceperson served in a combat zone. (Emphasis added.)

sum'"), *amended by* 140 F.3d 849.

Finally, the construction of the "any sum" language of § 7422(a) in the Court's opinion is inconsistent with two well-established principles of statutory construction: that "[a]bsent a clearly expressed legislative intention to the contrary, th[e] language [of the statute] must ordinarily be regarded as conclusive," *W. Co. of N. Am.*, 323 F.3d at 1029 (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc*., 447 U.S. 102, 108 (1980)), and that, when interpreting a statute, words are given their ordinary, contemporary, common meaning. *See, e.g., Perrin v. United States*, 444 U.S. 37, 42 (1979). Giving the language of § 7422(a) its ordinary meaning, plaintiff's suit, to the extent it seeks recovery of the amounts collected from him with respect to the erroneous refund, is unquestionably one for recovery of "any sum alleged to have been . . . in any manner wrongfully collected," because, given its ordinary meaning, "sum" simply means "sum of money," as plaintiff's own allegations make clear. *See* Pl.'s Am. Compl. ¶ 2 (alleging that his suit is "a civil action . . . for *the return of a sum of money wrongfully taken* from Plaintiff" (emphasis added)).

This interpretation of the ordinary meaning of "sum" is confirmed by both historical and contemporary sources. In the 1870's–when, as discussed *supra*, the "any sum" language was first added to the predecessor of § 7422(a)–the most commonly accepted use of the word "sum" was simply to refer to "money":

> One of the lexical definitions of the word "sum," and the sense in which it is most commonly used, is "money." "Sum. (2.) A quantity of money or currency; any amount indefinitely, as a sum of money, a small sum, or a large sum." Webster's Dic.

*United States v. Van Auken*, 96 U.S. 366, 368 (1877). This meaning has endured over the years

to the present. Bouvier's Law Dictionary 3181 (8th ed., vol. 3, 1914) ("The sense in which it is most commonly used is 'money'; a quantity of money or currency; any amount indefinitely, a sum of money . . ."); Black's Law Dictionary 1677 (3rd ed. 1933) (same); The Oxford English Dictionary 166 (2d ed. 1989) ("c. A quantity of money of a specified amount."); The American Heritage Dictionary of the English Language 1733 (4th ed. 2000) ("3. An amount of money").

**III.**

**IF THE COURT RECONSIDERS THESE ISSUES, IT SHOULD THEN DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

For the reasons stated above, the Court should reconsider its holdings that it has illegal exaction jurisdiction over plaintiff's suit to the extent it seeks return of assessed penalties and deficiency interest, and that the "any sum" language of § 7422(a) does not require plaintiff to have filed a claim for refund with respect to the amount collected to recover the amount he was erroneously refunded. If the Court does reconsider its holdings on these issues, it should then dismiss plaintiff's complaint for lack of subject-matter jurisdiction, as plaintiff has failed to file a claim for refund with respect to any of the amounts he seeks to recover in this suit, for the reasons stated in defendant's briefing on its motion to dismiss.

## CONCLUSION

For the reasons stated, the Court should grant defendant's motion for reconsideration, and dismiss plaintiff's complaint for lack of subject-matter jurisdiction.

Respectfully submitted,

December 17, 2007

s/ Joseph B. Syverson
JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate
Of Counsel

December 17, 2007