IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION FOR RECONSIDERATION**

Jennifer Hunter Walz
Counsel for Plaintiff

P.O. Box 430341
Houston, Texas 77243-0341
(713) 446-7730 – phone
(281) 907-0103 – facsimile

**TABLE OF CONTENTS**

Plaintiff's Response in Opposition to the United States' Motion for Reconsideration ....................1

Introduction....................1

Government's Motion....................2

Summary of Argument ....................2

Argument ....................5

I. THE GOVERNMENT COULD NOT DETERMINE A NEW DEFICIENCY NOR MAKE ANY FURTHER ASSESSMENT RESPECTING PLAINTIFF'S 1998 TAX YEAR....................5

A. THE AMOUNT OF THE ERRONEOUS REFUND WAS NEVER ASSESSED BY THE IRS NOR COULD IT HAVE BEEN ASSESSED ....................7

B. PENALTIES AND INTEREST WERE NEVER ASSESSED BY THE IRS NOR COULD THEY HAVE BEEN....................11

II. THE TAX REFUND SUIT PROVISIONS OF THE CODE DO NOT APPLY TO ANY OF THE MONIES PLAINTIFF IS SEEKING THE RETURN OF....................12

III. ALL OF THE MONIES COLLECTED BY THE GOVERNMENT FROM PLAINTIFF WERE ILLEGALLY EXACTED UNDER THE TUCKER ACT, 28 U.S.C. § 1491 ....................16

IV. THE GRANTING OF CERTIORARI IN *UNITED STATES V. CLINTWOOD ELKHORN MINING CO.*, NO. 07-308, 2007 WL 2590091 (U.S. DECEMBER 3, 2007), SHOULD NOT BE A BASIS FOR THIS COURT TO GRANT A STAY IN PLAINTIFF'S CASE....................17

Conclusion ....................18

**TABLE OF AUTHORITIES**

Cases:

*Avon Products, Inc. v. United States*, 588 F.2d 342, 344 (1978)....................12

*Beall v. United States,* 336 F.3d 419, 423 (5th Cir. 2003)................................14

*Brennan v. Southwest Airlines Co.,* 134 F.3d 1405, 1411 (9th Cir. 1998), *amended by* 140 F.3d 849) ..............................................................14,15

*Brookhurst v. United States*, 931 F.2d 554 (9th Cir. 1991) ........................10,11

*Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1007 (Ct. Cl. 1967)......16

*Hampton v. United States*, 513 F.2d 1234, 1243 (Ct. Cl. 1975), *cert. denied* 423 U.S. 837 (1975)..................................................................14

*J. O. Johnson v. United States*, 476 F.2d 1337, 1341 (Ct. Cl. 1973)...............14

*New York Life Ins. Co. v. United States*, 118 F.3d 1553, 1556 (Fed. Cir. 1997) ..........................................................................................16

*United States v. Clintwood Elkhorn Mining Co.*, No. 07-308, 2007 WL 2590091 (U.S. December 3, 2007)............................................2,17

*United States v. Williams*, 514 U.S. 527 (1996) .............................................14

Statutes:

28 U.S.C. § 1491.........................................................................4,15,16

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6204(a)..........................................................................6,9,10,12
§ 6211(b)(2) .............................................................................7
§ 6212.......................................................................................6
§ 6212(c)(1) ............................................................5,8,12,13,16
§ 6213(a)...................................................................................6
§ 6215(a)...................................................................................6
§ 6303 (a)..................................................................................6
§ 6331.......................................................................................6
§ 6401(a)...................................................................................6
§ 6501.......................................................................................6
§ 6503(a)...................................................................................6
§ 6511.....................................................................................17
§ 6512(a)..........................................................................12,13,17
§ 6532(b)...................................................................................4
§ 6602.....................................................................................11
§ 7405.........................................................................9,11,12,16

§ 7405(b) .......... 11
§ 7422 .......... 4,14,15

Miscellaneous:

Treasury Regulations on Income Tax:

§ 301.6204-1 .......... 6

IRS Technical Advice Memorandum, 2004-46-021 .......... 2,8,13

IRS Technical Advice Memorandum, 2007-50-018 .......... 9

IRS Field Service Advice 200004021 .......... 9

IRS Chief Counsel Advice 2000134033 .......... 9

Revenue Procedure 98-54, 1998-2 C.B. 531 .......... 7

Internal Revenue Manual, Section 33.1.2.2.3.6 .......... 8

Internal Revenue Manual, Part 33, Chapter 2 .......... 14

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION FOR RECONSIDERATION**

## INTRODUCTION

Plaintiff respectfully requests that this Court deny the United States' ("government" or "Defendant") Motion for Reconsideration ("Defendant's Motion") of the Court's Opinion and Order dated December 4, 2007 ("Court's Opinion" or "Opinion"). No newly discovered facts have been introduced. The government has known all along that the Internal Revenue Service ("IRS") Certificate of Assessments, Payments, and Other Specified Matters ("Certificate") reflected an alleged assessment of interest and penalties. Further, there has been no change in the present law on which this Court has based its Opinion. The Defendant's Motion is nothing more than another delay tactic by the government. Plaintiff filed its original Complaint on December 15, 2006, and the government has yet to file an answer in this case.

## GOVERNMENT'S MOTION

Defendant's Motion requests this Court to reconsider its Opinion based upon two new principles presented by the government. First, the government believes that Plaintiff's entire case is governed by the tax refund provisions of the Internal Revenue Code ("Code or "I.R.C.") merely because the IRS allegedly assessed penalties and interest with respect to Plaintiff's 1998 tax year even though, as Plaintiff has demonstrated herein, such tax year was previously closed by a statutory notice of deficiency, Tax Court decision and paid assessment. Second, the government argues that the revocation of IRS Technical Advice Memorandum ("TAM") 2004-46-021 (Nov. 14, 2004), which this Court's Opinion favorably cited, somehow is authority for this Court to deny jurisdiction in Plaintiff's case. None of these newly raised issues by the government constitute justifiable grounds for this Court to deny jurisdiction in Plaintiff's case.

Further, the government stated in footnote 3 of Defendant's Motion that certiorari has been granted in *United States v. Clintwood Elkhorn Mining Co.,* No. 07-308, 2007 WL 2590091 (U.S. December 3, 2007). This Court has requested Plaintiff to respond as to whether the granting of certiorari in *Clintwood* is a reason for this Court to stay the proceedings in Plaintiff's case until the outcome of *Clintwood.* The issues in *Clintwood* are distinguishable from the present case, and therefore, a stay of this proceeding is unwarranted.

## SUMMARY OF ARGUMENT

The IRS issued a statutory notice of deficiency respecting Plaintiff's 1998 tax year. A Tax Court proceeding fixed Plaintiff's 1998 income tax deficiency. The

government assessed Plaintiff's 1998 income tax deficiency in accordance with the Tax Court decision, and the deficiency was simultaneously satisfied in full through Plaintiff's withholding credits. Therefore, the assessment was permanently extinguished. As a result, Plaintiff's 1998 tax year was forever closed, and the government was thereafter barred from re-opening it. On the facts present in this case, there is no basis under the Code for either (i) correcting or changing either the notice of deficiency or the assessment previously made for 1998 or (ii) issuing a second notice of deficiency or making any further assessment for 1998.

After Plaintiff's 1998 tax year was closed, Plaintiff received a check from the government which referred to a refund of Plaintiff's tax for 1998. This constituted a non-rebate erroneous refund because it was issued in error by the IRS, not as a result of any action or conduct by Plaintiff. The non-rebate erroneous refund created a non-tax debt owed by Plaintiff to the government. It could never be collected from Plaintiff on the basis of the original assessment. No new assessment could ever be made with respect to the amount of the erroneous refund nor could any assessment be made with respect to the amounts in excess of the erroneous refund that were later collected from Plaintiff. Except in limited circumstances not present in this case, non-rebate erroneous refunds with respect to a tax year cannot be assessed under the Code where the government has previously issued a notice of deficiency respecting that tax year, the taxpayer has petitioned the Tax Court and assessment in accordance with the Tax Court's decision has been made. Further, no other amounts, specifically underpayment penalties and interest, can be assessed without first issuing a statutory notice of deficiency. Because a statutory notice of deficiency was already issued to Plaintiff respecting his 1998 income tax

liability, which included penalties and interest (which the Tax Court decided were not correct), no penalties and interest could be assessed. Finally, except in very limited circumstances not present in this case, without a notice of deficiency and an assessment of tax, the government is prohibited from using the collection procedures of the Code to collect a debt from anyone.

On the facts in this case, the only means available to the government to recover the erroneous refund issued to Plaintiff was to initiate a suit under Code Section 7405 within two years of Plaintiff receiving the refund, obtain a judgment against Plaintiff and then collect the judgment under any state or federal procedures available to judgment creditors, not under the Code. The statute of limitations under Code Section 6532(b) to file a suit expired on October 14, 2004. The government blatantly violated the law, failed to obtain a judgment on the debt and proceeded to collect the debt (and other amounts in excess of the debt) through levies and garnishment under the Code. The government's action constituted an illegal exaction of Plaintiff's money under the Tucker Act, 28 U.S.C. § 1491. Plaintiff was not required to first file a refund claim under Code Section 7422 because the amounts Plaintiff is seeking the return of were not a "tax" or associated with a tax. As Plaintiff has consistently argued throughout this case, on his facts and the application of the law thereto, Plaintiff is entitled to the return of his money illegally exacted from him by the government.

## ARGUMENT

### I. THE GOVERNMENT COULD NOT DETERMINE A NEW DEFICIENCY NOR MAKE ANY FURTHER ASSESSMENT RESPECTING PLAINTIFF'S 1998 TAX YEAR.

Plaintiff's 1998 income tax liability was the subject of an audit by the IRS. He received a notice of deficiency in which the IRS asserted a deficiency in Plaintiff's income tax liability, including penalties and interest, for 1998. Plaintiff timely filed a petition with the Tax Court. The Tax Court issued a decision fixing Plaintiff's 1998 income tax liability (deficiency) and held that he was owed a refund because he had withholding credits in excess of the determined deficiency. In accordance with the Tax Court decision, the IRS assessed Plaintiff's 1998 income tax deficiency on September 11, 2002. The only error in the assessment was that the assessment exceeded the deficiency determined by the Tax Court in the amount of $761. This assessment was nonetheless extinguished through Plaintiff's withholding credits. Thus, as of September 11, 2002, Plaintiff's 1998 tax year was closed. In accordance with Code Section 6212(c)(1), the IRS could not issue any further deficiencies or make any further assessments except in limited circumstances, that are not present in this case, although the government can correct a previous erroneous assessment by making a supplemental assessment.

It is a basic principle of tax law that, with respect to a particular tax year, the IRS may not issue more than one statutory notice of deficiency to the taxpayer or make more than one assessment of tax, except in very limited circumstances.

Code Section 6212(c)(1) provides, in part:

> If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary shall

> have no right to determine any additional deficiency of income tax for the same taxable year…

Code Section 6204(a) provides:

> The Secretary may, at any time within the period prescribed for assessment, make a supplemental assessment whenever it is ascertained that any assessment is imperfect or incomplete in any material respect.

Treas. Reg. § 301.6204-1 provides (emphasis added):

> If any assessment is incomplete or incorrect in any material respect, the district director or the director of the regional service center, subject to the restrictions with respect to the assessment of deficiencies in income, estate, gift, chapter 41, 42, 43, and 44 taxes, and subject to the applicable period of limitation, may make a supplemental assessment for the *purpose of correcting or completing the original assessment.*

Code Section 6215(a) provides:

> If the taxpayer files a petition with the Tax Court, the entire amount redetermined as the deficiency by the decision of the Tax Court which has become final shall be assessed and shall be paid upon notice and demand from the Secretary. No part of the amount determined as a deficiency by the Secretary but disallowed as such by the decision of the Tax Court which has become final shall be assessed or be collected by levy or proceeding in court with or without an assessment.

These provisions are designed to bring finality to a taxpayer's tax year and prevent the IRS from conducting multiple examinations and making multiple assessments against a taxpayer.

Unless a statutory notice of deficiency has been issued to a taxpayer, there can be no assessment of a tax. I.R.C. §§ 6212, 6213(a). Further, until a tax is assessed, the IRS is prohibited from collecting it. I.R.C. §§ 6213(a), 6303(a), 6331, 6401(a). The IRS has three years to make an assessment of tax from the date the taxpayer's return is filed. I.R.C. § 6501. If the taxpayer timely files a petition with the Tax Court, the expiration of the limitations period for making an assessment is suspended until sixty days until after a

Tax Court decision is final. I.R.C. § 6503(a). The government's assessment on September 11, 2002 of Plaintiff's 1998 tax liability was timely.

As in the present case, after the Tax Court has determined a deficiency amount for a tax year and the government has assessed that amount, the government may make no further assessments for that tax year. The government had its "one bite at the apple" regarding Plaintiff's 1998 tax year when it issued a statutory notice of deficiency to Plaintiff, the Tax Court determined the deficiency and the government made an assessment of the deficiency finally determined by the Tax Court. *See also,* Rev. Proc. 98-54, 1998-2 C.B. 531, Sections 2.02, 2.03, 2.04. Thereafter, the IRS was prohibited from asserting any further deficiencies or assessments with respect to Plaintiff's 1998 tax year and collecting any further amounts because his 1998 income tax liability was paid in full.

**A. The amount of the erroneous refund was never assessed by the IRS nor could it have been.**

On October 14, 2002, the IRS erroneously issued Plaintiff a refund check. It was a "non-rebate" erroneous refund because it was not made as a result of a determination by the government that Plaintiff's tax was less than the amount of a previously determined deficiency. I.R.C. § 6211 (b)(2). The erroneous refund created a debt but did not create a tax liability. Instead of suing Plaintiff to reduce the debt to a judgment and then collecting the judgment using procedures available generally to judgment creditors, the IRS levied upon Plaintiff's bank account and garnished his wages to recover not just the amount of the erroneous refund but an amount that greatly exceeded the amount of the erroneous refund.

1. The amount of the erroneous refund sent to Plaintiff could not be assessed as a tax nor could any amount be assessed as penalties, interest or any other sum. The IRS had already made its one assessment with respect to the Plaintiff's 1998 income tax liability. It was made before the IRS issued the erroneous refund to Plaintiff on October 14, 2002. The assessment was made on September 11, 2002 in an amount based upon the Tax Court's decision and was satisfied through Plaintiff's withholding credits. In accordance with Code Section 6212(c)(1), no additional statutory notices of deficiencies with respect to Plaintiff's 1998 tax year could ever be made. If no statutory notice of deficiency could have been issued to Plaintiff regarding his 1998 tax year, no assessment could have been made with respect to the monies erroneously refunded to Plaintiff.

2. The amount assessed as Plaintiff's 1998 tax liability was fully satisfied and extinguished through Plaintiff's existing withholding credits. As set forth in detail in prior briefs, a later erroneous refund can never revive an assessment to the extent it was paid. This Court's opinion relied upon these authorities in making its decision to deny the government's motion for dismissal. The government's argument that because the government "publicly revoked" IRS TAM 2004-46-021 (Nov. 14, 2004), this Court should reconsider its Opinion because it "relied in part" on this TAM ignores that the Opinion relied on these other authorities. This Court should give no credence to the so-called revocation as revocation of a previously issued legal advice such as the TAM is expressly prohibited. Internal Revenue Manual ("IRM") Section 33.1.2.2.3.6 (Aug. 11,

2004). This Section of the IRM does permit a new legal advice to be issued that "provides an analysis of the case based on the facts and law at the time the advice is reconsidered." *Id.* IRS TAM 2007-50-018, 2007 WL 4358501, cited by the government contains no legal analysis whatsoever. It merely concludes that an arbitrage rebate is not within the "any sum" language.

Further, there a number of other published IRS legal advice respecting erroneous refunds and what the Code permits and prohibits the IRS to do in recovering an erroneous refund which are premised on an erroneous refund not constituting a tax liability. IRS Field Service Advice ("FSA") 200004021 (Jan. 28, 2000) states that "the IRS may not take administrative collection action on a previously paid tax assessment even if the IRS inadvertently refunds a portion of the taxpayer's payment." Further, this FSA finds that the IRS may only issue a new statutory notice of deficiency in cases of rebate refunds resulting from a redetermination of liability which reduced the amount of the original assessment. IRS Chief Counsel Advice ("CCA") 200014033 (Apr. 7, 2000) refers to non-rebate refunds as non-tax debts that do not affect the taxpayer's liability and cannot be assessed under the Code. Further, this CCA states that recovery by the government of non-rebate erroneous refunds may only be accomplished by filing suit under Code Section 7405 or a common law right to offset. Both of these avenues are limited by a two year statute of limitations under Code Section 6532(b).

3. Code Section 6204(a) provides for supplemental assessments in limited circumstances where there has been an imperfect or incomplete assessment which

is material. For example, in *Brookhurst v. United States,* 931 F.2d 554 (9th Cir. 1991), the government mistakenly assessed the taxpayer's fourth quarter employment tax in the amount of $971.82 rather than the amount of $194,874.76 shown on the return and remitted by the taxpayer. A refund was sent to the taxpayer based upon the erroneously calculated overpayment. The IRS realized its mistake and made a supplemental assessment under Code Section 6204(a) in the amount of $193,902.91 to correct the prior erroneous assessment. Through levies, the IRS collected the assessed tax, interest, failure to pay penalties and fees and collection costs. The taxpayer brought suit in district court to recover the amounts taken through levies. The district court concluded that the government's actions to collect the tax were proper. The Ninth Circuit affirmed the lower court's decision and concluded that the initial assessment of the taxpayer's liability was imperfect, and therefore, the government was authorized under the Code to make a supplemental assessment respecting Brookhurst's tax liability and collect it through levies.

Unlike in *Brookhurst*, the assessment of Plaintiff's 1998 tax liability on September 11, 2002 was not imperfect or incomplete in any material respect. It was assessed in accordance with the Tax Court decision (albeit with an immaterial error of $761 in the government's favor). If, in this case, the IRS had erroneously made an assessment in the amount of $7,219 instead of $72,199, it would have been an imperfect or incomplete assessment and the IRS arguably could have made (within the statute of limitations) a supplemental assessment to correct its error under the *Brookhurst* analysis. However, these are not Plaintiff's facts. The

erroneous refund to Plaintiff was based upon another kind of error by the IRS, not on an imperfect or incomplete assessment that could be corrected by a supplemental assessment at a later date. Furthermore, in any event, it is unquestionable that the statute of limitations expired on April 18, 2004 for the government to make a supplemental assessment. Thus, any alleged assessment of penalties and interest after April 18, 2004, as now asserted by the government, were unquestionably barred.

**B. Penalties and interest were never assessed by the IRS nor could they have been.**

Plaintiff never received any notices of deficiency or notices of assessments for penalties and interest and the government has not asserted that any such notices were ever sent by the IRS to Plaintiff.

1. Because no new deficiency could be noticed and no further assessment could be made based upon the erroneous refund, no "tax" was due and owing by Plaintiff for his 1998 tax year. Because there was no existing unpaid tax liability, no underpayment penalties and interest could have arisen.

2. Penalties can never be assessed on an erroneous refund. The Code only allows the IRS to impose penalties on "tax" amounts. *See also Brookhurst*, 931 F.2d at 557 ("A taxpayer who timely pays his taxes is not penalized when the government erroneously refunds those monies.").

3. Code Section 6602 permits the government to collect interest on an erroneous refund amount only if the government timely filed suit under Code Section 7405(b) to recover the erroneous refund and obtains a judgment. In *Brookhurst*, the Ninth Circuit concluded that the government had statutory

authority to assess interest on the underpayment of tax caused by an erroneous refund resulting from an imperfect assessment ($971.82) of the tax shown on the employment tax return ($194,874.76) which was corrected by a supplemental assessment as permitted by Code Section 6204(a). The court cited *Avon Products, Inc. v. United States*, 588 F.2d 342, 344 (1978), for its holding that interest begins to accumulate "when a tax becomes both due and unpaid." In *Brookhurst*, taxes became both unpaid and due when the government made a supplemental assessment to correct a previous imperfect assessment that caused the erroneous refund.

In the present case, the government was not authorized to collect any amounts as interest from Plaintiff because it did not file suit under Code Section 7405 to recover the erroneous refund nor could it issue a supplemental assessment under Code Section 6204(a) to increase the prior assessment which was not imperfect.

## II. THE TAX REFUND SUIT PROVISIONS OF THE CODE DO NOT APPLY TO ANY OF THE MONIES PLAINTIFF IS SEEKING THE RETURN OF

Plaintiff has consistently argued that the monies Plaintiff is seeking the return of do not arise from any overpayments of tax, penalties, interest or any other sum related thereto. Plaintiff's 1998 tax year was permanently closed on the date the government assessed the deficiency determined by the Tax Court, which deficiency was simultaneously extinguished by Plaintiff's withholding credits. Thereafter, there could be no further assertions of tax liability by the government (see I.R.C. § 6212(c)(1)) nor any suits for refund by the taxpayer (see I.R.C. § 6512(a)). Thus, although the government exacted monies from Plaintiff through IRS levies, there was no overpayment of tax with

respect to which Plaintiff could have filed a refund claim and brought suit to recover such overpayment of tax. The fallacy of the government's argument that Plaintiff must have filed an administrative claim for refund is that Plaintiff is prohibited by Code Section 6512(a) from filing any further suit for refund for 1998. Code Section 6512(a)—the corollary to Code Section 6212(c)(1)—provides that once a taxpayer files a suit in Tax Court for a tax period, the taxpayer is (with limited exceptions not present in this case) prohibited from instituting any suit for obtaining a refund of any part of the tax for that tax period. Thus, Code Section 6212(c)(1) limits the government to "one bite" per tax year and Code Section 6512(a) limits the taxpayer to the same "one bite." Once the Tax Court proceeding is over and a tax is assessed by the government or refund is made by the government in accordance with the Tax Court decision, the tax fight for that year is over forever.

The government's argument that Plaintiff must have filed a refund request before filing suit for return of his money—describing such suit as a refund action—must fall because Plaintiff is forever prohibited from filing any suit for refund of taxes for his 1998 tax year. The reason is that once the tax year is closed neither party can assert it is due any amount of underpaid tax or overpaid tax or use the Code to obtain from the other party any amount as a tax.

As stated in Plaintiff's briefs, oral arguments and the Court's opinion, the amounts sought by Plaintiff in this case are not a tax or "sum" covered by the tax refund suit provisions of the Code. Although this Court in its Opinion mentioned IRS TAM 2004-46-021 in its discussion of the "sum" language, it was not pivotal to this Court's decision. Regardless, the government's revocation of this technical advice memorandum

has no bearing on Plaintiff's case. As the government well knows, a TAM is merely an expression of the legal opinion of the IRS as to the application of law, regulations, and precedents to the facts of a specific case, and is issued primarily as a means of assisting IRS officials in the examination and closing of the case involved. A TAM is not considered definitive authority but merely an indication of the IRS' position on legal issues, especially where there is no direct authority. *See* IRM, Part 33, Chapter 2. There is ample direct authority on the issues at hand as cited in this Court's Opinion, Plaintiff's briefs and oral arguments.

The government, in Defendant's Motion, presents no substantial new authority which this Court should rely upon to change its position that the tax refund provisions do not apply to Plaintiff's claim for the return of the monies illegally exacted from him by the government. The cases cited by Defendant all hold that the "any sum" language of Code Section 7422 pertains to taxes, penalties, interest or other sums related to a tax. *Hampton v. United States,* 513 F.2d 1234, 1243 (Ct. Cl. 1975), *cert. denied* 423 U.S. 837 (1975) ("[w]e have no doubt that the all inclusive 'any sum' and 'in any manner' language embraces taxes sought to be recovered under § 692(1)."); *J. O. Johnson v. United States*, 476 F.2d 1337, 1341 (Ct. Cl. 1973) (the any sum language of Code Section 7422(a) includes accumulated earnings tax); *United States v. Williams,* 514 U.S. 527 (1996) (refund action for money paid on taxes assessed against a third party); *Beall v. United States,* 336 F.3d 419, 423 (5th Cir. 2003) (the court affirmatively concluded that "any sum" included unabated interest charged on income taxes owed).

In *Brennan v. Southwest Airlines Co.,* 134 F.3d 1405, 1411 (9th Cir. 1998), *amended by* 140 F.3d 849, the Ninth Circuit found that the "…airlines may not have

collected an internal revenue tax, but they nevertheless collected a 'sum' as a tax. Therefore, Plaintiffs have filed a tax refund suit within the meaning of the IRC." In the present case, the government did not levy upon Plaintiff's property to collect a "tax" but to collect a debt arising from an erroneous refund without first obtaining a judgment on the debt.

Further, the Ninth Circuit, in *Brennan*, held that policy considerations also govern the applicability of Code Section 7422. The court stated that "[f]irst, section 7422 is 'designed to confine suits for the refund of federal taxes to suits…against the government in order to protect its private [collection] agents from being whipsawed.'" (citing *Kauky v. Southwest Airlines Co.,* 109 F.3d 349, 353 (7th Cir. 1997), *cert. denied,* 118 S. Ct. 368 (1997). *Brennan,* 140 F.3d at 1411. The second purpose of Code Section 7422 stated by the court was to "afford the Internal Revenue Service an opportunity to investigate tax claims and resolve them without the time and expense of litigation." (citing *DuPont Glore Forgan, Inc. v. AT&T Co.,* 428 F. Supp. 1297, 1301, *aff'd*, 578 F.2d 1366 (2d Cir. 1978), *aff'd,* 578 F.2d 1367 92d Cir. 1978), *cert. denied,* 439 U.s. 970 (1978). *Brennan,* 140 F.3d at 1411. The third purpose of Code Section 7422 stated by the court is "to protect the Treasury by providing strict limitations periods for tax refund claims." (citing *AT&T,* 428 F. Supp. At 1301). *Brennan*, 140 F.3d at 1411.

Plaintiff in the present case is not violating any of the above policy considerations of Code Section 7422 by bringing an action under the Tucker Act, 28 U.S.C. § 1491, for the return of his monies illegally exacted by the government. Plaintiff is not suing any collection agents nor bringing a suit for a "tax refund" under the guise of an illegal

exaction claim. Plaintiff is not claiming the return of any "tax," rather he is simply seeking return of monies exacted from him by the government without legal authority.

## III. ALL OF THE MONIES COLLECTED BY THE GOVERNMENT FROM PLAINTIFF WERE ILLEGALLY EXACTED UNDER THE TUCKER ACT, 28 U.S.C. § 1491

Plaintiff is seeking the return of monies illegally exacted from him by the United States under the Tucker Act, 28 USC § 1491, in violation of the statutory erroneous refund collection procedures. The sum total taken from Plaintiff was $104,461.04. The government failed to file suit under Code Section 7405, the only means available to it to on the facts of this case, to properly recover the erroneous refund. As stated previously, the government could not issue a notice of deficiency and make an assessment based upon the erroneous refund pursuant to Code Section 6212(c)(1).

Further, the government had no authority to collect amounts alleged by the government to be assessed interest and penalties. As stated previously, these amounts were not associated with Plaintiff's 1998 income tax liability because such tax year was permanently closed.

The government failed to follow statutory procedures in recovering the erroneous refund and violated the Code in collecting the amounts in now asserts were assessed interest and penalties. Therefore, the unlawfully taking of Plaintiff's money through garnishment and levies amounted to an illegal exaction of Plaintiff's money under the Tucker Act, 28 U.S.C. § 1491. *See New York Life Ins. Co. v. United States*, 118 F.3d 1553, 1556 (Fed. Cir. 1997); *see also Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967). The illegal exaction of Plaintiff's money was directly caused

by the government's failure to follow statutory procedures for recovering an erroneous refund.

## IV. THE GRANTING OF CERTIORARI IN *UNITED STATES V. CLINTWOOD ELKHORN MINING CO.*, NO. 07-308, 2007 WL 2590091 (U.S. DECEMBER 3, 2007), SHOULD NOT BE A BASIS FOR THIS COURT TO GRANT A STAY IN PLAINTIFF'S CASE.

Plaintiff is not invoking the jurisdiction of this Court under the Tucker Act as an alternative to filing suit for a tax refund or to gain a more generous statute of limitations. A claim or suit based upon a tax refund was simply not available to Plaintiff—Code Section 6512(a) expressly prohibits Plaintiff from bringing any refund suit respecting his 1998 tax year. The amount which Plaintiff seeks the return of is not a tax and the amounts now alleged by the government as assessed interest and penalties are not associated with a tax.

The fact that the United States Supreme Court granted certiorari in *United States v. Clintwood Elkhorn Mining Co., United States v. Clintwood Elkhorn Mining Co.*, No. 07-308, 2007 WL 2590091 (U.S. December 3, 2007), should be of no significance to Plaintiff's case. In *Clintwood*, the taxpayer is using the Tucker Act to try to obtain a refund of coal export taxes previously paid voluntarily, which taxes were later declared unconstitutional. The taxpayer sought refunds under the Code refund procedures for three open tax years, and then filed suit under the Tucker Act for a refund of taxes paid in the three closed years preceding the aforementioned three year period, *i.e.* years for which it was barred from seeking a refund under Code Section 6511.

Unlike Plaintiff, the taxpayer in *Clintwood* is clearly seeking a refund of taxes voluntarily paid. Whatever the outcome of *Clintwood*, it could not limit this Court's jurisdiction to hear Plaintiff's case under the Tucker Act because the amount Plaintiff is

seeking is not a tax, and he is not seeking a tax refund, but the return of his money illegally exacted in direct violation of the statutory procedures for recovery a non-tax debt arising from an erroneous refund.

While the government in *Clintwood* is attempting to prohibit taxpayers from "re-labeling" their tax refund claims in order to gain a more favorable refund limitations period under the Tucker Act, in this case the government is attempting to re-label a non-tax debt as a tax liability in order to gain a more favorable limitations period under the Code. Therefore, Plaintiff believes there is no basis for this Court to await the outcome of *Clintwood* before ruling on Defendant's Motion.

CONCLUSION

For the reasons stated, the United States' Motion for Reconsideration should be denied, and Plaintiff's Amended Complaint should not be dismissed for lack of subject-matter jurisdiction. If, however, this Court is inclined to grant, in whole or in part, Defendant's Motion, or stay this case pending resolution of *Clintwood*, Plaintiff respectfully requests this Court hold an oral argument on Defendant's Motion.

Respectfully submitted,

s/ Jennifer Hunter Walz
JENNIFER HUNTER WALZ
P.O. Box 430341
Houston, Texas 77243-0341
(713) 446-7730 – phone
(281) 907-0103 - facsimile

Dated: January 8, 2008

COUNSEL FOR PLAINTIFF