# In the United States Court of Federal Claims

No. 06-861T
(Filed: January 24, 2008)

```
* * * * * * * * * * * * * * * * *
                                 *
LAWRENCE D. PENNONI,             *
                                 *
              Plaintiff,         *
                                 *
v.                               *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER DENYING RECONSIDERATION

Pending before the court is the defendant's motion for reconsideration, pursuant to RCFC 59(a)(1), of the court's December 4, 2007 Opinion and Order denying the defendant's motion to dismiss the plaintiff's amended complaint for lack of subject-matter jurisdiction.

A motion for reconsideration "should be granted only when exceptional circumstances warrant." Amber Resources Co. v. United States, 78 Fed. Cl. 508, 514 (2007) (citing Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004)). Ordinarily, "[i]n order to prevail on a motion under RCFC 59, the moving party must show: '(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice.'" Id. (quoting Stockton E. Water Dist. v. United States, 76 Fed. Cl. 497, 499 (2007)); see also Huntleigh USA Corp. v. United States, 65 Fed. Cl. 178, 179 (2005). However, for motions to reconsider decisions on motions to dismiss, "the discovery of previously unavailable evidence is irrelevant." Huntleigh USA Corp., 65 Fed. Cl. at 180. Therefore, in the absence of an intervening change in the controlling law or a showing of manifest injustice, a motion to reconsider a motion to dismiss must

be denied.  Moreover, RCFC 59 is "not intended to give an unhappy litigant an additional chance to sway the court."  Lechliter v. United States, 72 Fed. Cl. 17, 18 (2006) (quoting Bishop v. United States, 26 Cl. Ct. 281, 286 (1992)).  To that end, "[t]he movant may not merely recapitulate cases and arguments considered by the Court before rendering its original decision."  Stockton E. Water Dist. v. United States, 76 Fed. Cl. 470, 473 (2007) (internal quotation omitted).

     Here, the defendant bases its motion for reconsideration on the following two grounds: first, that this court's opinion "did not address the issue of whether the assessed interest and penalties that plaintiff seeks to recover are subject to the administrative claim requirement of [26 U.S.C. §] 7422 of the Internal Revenue Code," and second, that "the Court relied upon an IRS Technical Advice Memorandum ('TAM') that was publicly revoked after the date the Court's opinion was filed."  Mot. for Reconsid. 1-2.

     The defendant has not established a reason for the court to reconsider its opinion to settle the question of whether the alleged interest and penalties the plaintiff seeks to recover are subject to the administrative claim requirements.  The court intentionally declined to resolve that issue at the motion to dismiss stage of the litigation.  The court determined in its December 4, 2007 Opinion and Order that the court has jurisdiction over the plaintiff's claim with regard to the erroneous refund.  The exact nature and amounts of the monies allegedly seized from the plaintiff by the IRS have not yet been identified.  Without further factual development, it is unclear whether some portions of the amount allegedly seized are, in fact, in the nature of assessed tax amounts subject to the administrative refund claim procedures.  After discovery, the plaintiff's claims to some of the amount alleged to have been improperly collected may yet be dismissed for lack of jurisdiction, but it is premature to do so at this stage of the litigation.  See Huntleigh USA Corp., 65 Fed. Cl. at 179 ("[T]he Court assumed for purposes of the motion to dismiss [that] plaintiff's allegations were true.  Later factual development and trial could lead to a different conclusion.").

     In addition, the defendant's reliance on the revocation of the TAM cited by the court's Opinion and Order to support reconsideration is misplaced.  Though the court did indeed cite the TAM as additional support in its opinion, the points made in the TAM merely reiterated the finding by the Federal Circuit in New York Life Ins. v. United States, 118 F.3d 1553, 1558 (Fed. Cir. 1997), among other authorities, that the "any sum" language in § 7422 must be read together with the "overpayment of any tax" language in 26 U.S.C. § 6511(a), and therefore the administrative claim requirements apply only to suits for the recovery of tax payments.  The court further notes that the TAM at issue was merely revoked, not reversed, and that in any event, an IRS Technical Advice Memorandum (as that title itself suggests) can not be considered "controlling law."

Instead, this court is bound by Federal Circuit precedent, including Pacific Gas and Electric Company v. United States, 417 F.3d 1375 (Fed. Cir. 2005), Stanley v. United States, 140 F.3d 1023 (Fed. Cir. 1998), and New York Life, 118 F.3d 1553, the cases which comprised the controlling law on which the court relied in its December 4, 2007 Opinion and Order and to which there has been no intervening change.  Thus, because the defendant has not demonstrated that the revocation of the TAM constitutes an intervening change in the controlling law, nor that it renders the decision on the motion to dismiss manifestly unjust, the motion for reconsideration is not sustainable on that ground.[1]

For the foregoing reasons, the defendant's motion for reconsideration is **DENIED**. The defendant shall file an answer to the plaintiff's amended complaint on or before **February 8, 2008**.  The parties shall then file a joint preliminary status report on or before **March 10, 2008**, after which the court will schedule a status conference to discuss next steps in the litigation.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[1] The defendant noted in its motion for reconsideration that the Supreme Court has recently granted certiorari in United States v. Clintwood Elkhorn Mining Co., No. 07-308, 2007 WL 2590091 (U.S. December 3, 2007).  Depending on the timing of the present litigation, the court may well have the benefit of the Supreme Court's decision before the conclusion of this case, at which time the court will accordingly consider the impact, if any, of Clintwood Elkhorn on the jurisdictional issues in this case.