IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM**

In answer to the amended complaint, defendant denies each and every allegation in the amended complaint that is not admitted below.

Defendant further:

1. Admits the allegation in paragraph 1.

2. Admits the allegations in the first sentence of paragraph 2 to the extent that this is a civil action and that the United States is the defendant, and denies the remaining allegations in the first sentence of paragraph 2; denies the allegations in the second and third sentences of paragraph 2.

3. Admits that this Court's jurisdiction, to the extent that it exists, is predicated on 28 U.S.C. § 1491; denies that the Court has jurisdiction over the subject matter of the amended complaint; and states that to the extent the allegations in paragraph 3 constitute legal conclusions

they require no response.

4. Denies the allegations in the first and second sentences of paragraph 4;[1] admits that plaintiff sent a facsimile to the Internal Revenue Service ("IRS") on September 9, 2003, and denies the remaining allegations in the third sentence of paragraph 4; denies the allegation in the fourth sentence of paragraph 4; admits that Exhibit A is attached to the complaint and that Exhibit A is a true and correct copy of a facsimile that plaintiff sent to the IRS on September 9, 2003, and denies the remaining allegations in the fifth sentence of paragraph 4; admits that Exhibit B is attached to the complaint, and that Exhibit B is a true and correct copy of a letter from the IRS to plaintiff dated November 14, 2003, and denies the remaining allegations in the sixth sentence of paragraph 4; denies the allegations in the seventh sentence of paragraph 4; admits that Exhibit B contains the quotation contained in the eighth sentence of paragraph 4; denies the allegations in the ninth sentence of paragraph 4; and states that to the extent the allegations in paragraph 4 constitute legal conclusions they require no response.

5. Admits that the amount of $75,000.00 was withheld from plaintiff's wages for his 1998 individual income tax liability, and admits that this amount was sufficient to pay the amount that plaintiff was assessed for his individual income tax liability for 1998; admits the allegations in the second sentence of paragraph 5.

6. Admits the allegations in the first three sentences of paragraph 6, and avers that the United States Tax Court's order determined a deficiency for plaintiff's individual income tax year 1998 in the amount of $72,199.00; admits the allegation in the fourth sentence of paragraph

[1] Defendant interprets the citation to *Stelco Holding Co. v. United States*, 42 Fed. Cl. 101 (1998), as being the second sentence of paragraph 4.

6 to the extent that the 1998 deficiency was assessed on September 11, 2002 in the amount of $72,960.00; admits that plaintiff's withholding credit for his 1998 individual income tax year was larger than the amount of the deficiency assessed for that year, and admits that, as of the date of the assessment, plaintiff's account for his 1998 individual income tax year did not have a balance due.

7. Admits that plaintiff received a refund check on or about October 14, 2002 in the amount of $80,166.57 and that the issuance of a check to plaintiff in that amount with respect to his 1998 individual income tax year was erroneous, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8. Admits the allegations in paragraph 8 to the extent that, on or about July 22, 2003, the IRS sent plaintiff a Taxpayer's Copy of Notice of Levy (Form 8519) for plaintiff's 1998 individual income tax year, and a Notice of Levy on Wages, Salary, and Other Income (Form 668-W(c)) for plaintiff's 1998 individual income tax year.

9. Admits the allegations in the first sentence of paragraph 9 to the extent that the IRS levied $2,921.98 from plaintiff's bank account on or about August 25, 2003 with respect to plaintiff's 1998 individual income tax year; with respect to the allegations in the second sentence of paragraph 9, admits that the IRS levied plaintiff's wages with respect to plaintiff's 1998 individual income tax year, and avers that, according to the records of the IRS, plaintiff's wages were first levied on August 4, 2003, and last levied on September 2, 2004, in a total amount of $93,905.07, of which $468.36 was refunded to plaintiff on or about September 27, 2004.

10. Denies the allegations in paragraph 10, and states that to the extent the allegations in paragraph 10 constitute legal conclusions they require no response.

11. Admits the allegations in paragraph 11 to the extent that defendant has not refunded, in whole or in part, the amount plaintiff seeks to recover in his amended complaint, and denies that any of the amounts the IRS collected from him with respect to his 1998 individual income tax year were wrongfully collected.

12-13. Denies the allegations in paragraphs 12 and 13, and states that to the extent the allegations in paragraphs 12 and 13 constitute legal conclusions they require no response.

First Additional Defense - Subject-Matter Jurisdiction

14. Plaintiff failed to file with the IRS a claim for refund of any of the payments of tax, penalties, or interest he seeks to recover prior to bringing suit.

15. Plaintiff was required under Section 7422(a) of the Internal Revenue Code to file a claim for refund with the IRS for all of the payments he seeks to recover, and plaintiff's failure to file such a claim for refund deprives this Court of subject-matter jurisdiction. Accordingly, plaintiff's complaint should be dismissed pursuant to RCFC 12(b)(1).

Second Additional Defense - Subject-Matter Jurisdiction

16. In the alternative, regardless whether the Court concludes that some or all of plaintiff's payments that are alleged by defendant to be tax payments are not subject to the administrative claim requirement of Section 7422(a) of the Internal Revenue Code, plaintiff was required under Section 7422(a) to file a claim for refund with the IRS with respect to the payments of interest and penalties he seeks to recover in this case, and his failure to file such a claim for refund deprives this Court of subject-matter jurisdiction over plaintiff's complaint to the extent it seeks to recover such payments. Accordingly, plaintiff's complaint should be dismissed in part pursuant to RCFC 12(b)(1).

Third Additional Defense - Subject-Matter Jurisdiction

17. In the alternative, if the Court determines that plaintiff did file a claim for refund that meets the requirements of Section 7422(a) of the Internal Revenue Code and the regulations thereunder, then recovery of some or all of the amount that plaintiff seeks is barred by Section 6512(a) of the Internal Revenue Code.

Fourth Additional Defense - Offset

18. In the alternative, if the Court determines that plaintiff is entitled to recover some or all of the amount claimed, then defendant is entitled to an offset in the amount of plaintiff's 1998 individual income tax liability of $72,199.00, plus interest and penalties thereon to the extent allowed by law.

Protective Counterclaim

19. On or about October 14, 2002, plaintiff received an erroneous refund check from the IRS in the amount of $80,166.57 for his 1998 individual income tax year.

20. Plaintiff negotiated the erroneous refund check described in ¶ 19 above.

21. As of the date of plaintiff's receipt of the erroneous refund check described in ¶ 19 above, plaintiff did not have a legal right to a refund in the amount of $80,166.57.

22. If the Court determines that plaintiff is entitled to recover any portion of the amounts collected by the IRS from plaintiff to recover the $80,166.57 erroneous refund, then defendant is entitled to judgment on its counterclaim for a concomitant amount, plus interest and costs thereon as allowed by law.

23. This counterclaim has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Chief of the Court of Federal Claims Section, Tax Division, Department of Justice, a delegate of the Attorney General of the United States, pursuant to Section 7401 of the Internal Revenue Code of 1986, and 28 U.S.C. § 1503.

Wherefore, defendant requests that the complaint be dismissed, with costs assessed against plaintiff; and, in the alternative, that judgment be entered in defendant's favor on its counterclaim.

Respectfully submitted,

February 8, 2008

s/ Joseph B. Syverson
JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

February 8, 2008

s/ Mary M. Abate
Of Counsel