IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to RCFC Appendix A, paragraph 4, the parties report as follows:

(a) Jurisdiction.

Defendant's Statement:

(1) Plaintiff's Complaint. On July 2, 2007, defendant moved to dismiss plaintiff's amended complaint for lack of subject-matter jurisdiction. Plaintiff opposed this motion, and the Court denied the motion in an opinion and order dated December 4, 2007. Defendant contests the Court's jurisdiction over the plaintiff's amended complaint, for the reasons stated in defendant's briefs filed in support of its July 2, 2007, motion to dismiss, and for the additional reasons stated in its answer to plaintiff's amended complaint, filed February 8, 2008.

(2) Defendant's Counterclaim. Defendant believes that the Court has jurisdiction over its counterclaim under 28 U.S.C. § 1503. Contrary to his statement below, plaintiff did not

raise a defense of subject-matter jurisdiction to defendant's counterclaim in his answer to the counterclaim.

Plaintiff's Statement:

This Court has jurisdiction over Plaintiff's Amended Complaint as set forth in this Court's Opinion dated December 4, 2007. As stated in Plaintiff's Reply to the United States' Protective Counterclaim, Plaintiff cannot agree that this Court has jurisdiction over Defendant's counterclaim because Defendant's Answer does not clearly set forth the nature of the counterclaim or the statutory basis therefor.

(b) Consolidation. The parties are unaware of any other pending cases with which this case should be consolidated.

(c) Bifurcation. The parties do not believe that bifurcation is appropriate in this case.

(d) Deferral of further proceedings.

Defendant's Statement: Defendant is not aware of any reason to defer any proceedings in this case based on other pending cases. However, defendant notes that the Supreme Court has scheduled oral argument in *United States v. Clintwood Elkhorn Mining Co.*, No. 07-308 (U.S. Sup. Ct.), for March 24, 2008. Consequently, given the Supreme Court's customary practice of deciding cases that have been argued in a given term during that term, defendant expects that the Supreme Court's decision in *Clintwood Elkhorn* will be issued prior to resolution of this case by this Court. Assuming this is the case, defendant may seek to renew its motion to dismiss plaintiff's amended complaint for lack of subject-matter jurisdiction in light of *Clintwood Elkhorn*, and is otherwise prepared to assist the Court in considering "the impact, if any, of *Clintwood Elkhorn* on the jurisdictional issues in this case," as the Court stated it would in its

January 24, 2008, order.

Plaintiff's Statement: Plaintiff does not believe that there is any reason to defer any proceedings in this case based on other pending cases. Specifically, Plaintiff does not believe that the outcome of *Clintwood Elkhorn* will affect Plaintiff's case based upon the arguments set forth in Plaintiff's Response in Opposition to the United States' Motion for Reconsideration. Plaintiff does not agree with Defendant's speculation that *Clintwood Elkhorn* will be decided prior to a resolution in this case. This case has been pending before this Court for over one year; thus, Plaintiff believes this Court should not delay this case awaiting the outcome of *Clintwood Elkhorn*.

(e) Remand or suspension.

Defendant's Statement: Defendant does not anticipate seeking remand or suspension. In addition, defendant believes that this is a tax refund suit, so remand is not an option.

Plaintiff's Statement: Although Plaintiff does not anticipate seeking remand or suspension, Plaintiff believes that this is not a tax refund suit but a claim for the return of monies illegally exacted from Plaintiff by the government.

(f) Additional parties. The parties are not aware of any additional parties to be joined.

(g) Dispositive motions.

Defendant's Statement: Defendant believes that the remaining issues in this case can be resolved by cross-motions for summary judgment, without the need for discovery. Accordingly, defendant asks that the Court suspend discovery, and set a briefing schedule for defendant to file a motion for summary judgment on the unresolved issues in this case, and for plaintiff to file a cross-motion for summary judgment, if he chooses.

Plaintiff's Statement: Plaintiff believes that the remaining issues in this case cannot be resolved by cross-motions for summary judgment. Plaintiff believes that certain relevant facts will not be stipulated to by Defendant, thus necessitating discovery.

(h) Relevant issues.

Defendant's Statement: The principal issue in this case is whether, and if so to what extent, plaintiff is entitled to recovery of amounts collected from him by the Internal Revenue Service ("IRS") by means of levy after the IRS issued plaintiff a refund check with respect to his 1998 U.S. individual income tax that was erroneous in that it was in excess of the amount to which plaintiff was entitled for 1998 under the terms of a decision entered by the United States Tax Court. Subsidiary issues not yet decided by the Court include (1) whether the IRS was permitted to collect the amount erroneously refunded to plaintiff by means of levy without first reassessing plaintiff's tax liability for 1998 or by requesting the Department of Justice to bring a suit in district court under Section 7405 of the Internal Revenue Code; (2) whether plaintiff was required to file a claim for refund prior to bringing suit to recover the amounts collected to satisfy deficiency interest and penalties for his 1998 taxable year that were assessed after the date of the erroneous refund; and (3) whether, given the Court's previous conclusion that plaintiff was not required to file a claim for refund prior to bringing suit, defendant has a cause of action for recovery of the amount plaintiff was erroneously refunded that it can assert in this case by counterclaim, and, if so, whether defendant is entitled to recover on this counterclaim.

Plaintiff's Statement: The principal issue is whether the government was able to use the tax deficiency procedures granted to it under the Internal Revenue Code to collect a non-tax debt from Plaintiff and whether any administrative prerequisites to filing suit against Defendant for

the return of a non-tax amount illegally exacted by Defendant were met.

(i) Settlement.

Defendant's Statement: Defendant believes that the remaining undecided issues in this case can best be resolved by dispositive motion. Thus, defendant does not believe that settlement is likely, and does not believe that utilizing alternative dispute resolution methods would be helpful in this case. To the extent that plaintiff's statement below may suggest otherwise, defendant wishes to make clear that plaintiff has not made any offer in this case, and that an authorized delegate of the Attorney General has not informed plaintiff that the United States will not accept any offer in this case.

Plaintiff's Statement: Plaintiff is willing to entertain settlement with Defendant and utilize alternative dispute resolution, but Defendant has made it clear that it has no intention to settle for any amount.

(j) Trial.

Defendant's Statement: Defendant does not anticipate proceeding to trial, because defendant believes that this case can be resolved by dispositive motion. Defendant believes that there are no genuine issues of material fact, and that, consequently, a trial in this case would result in needless expenditure of the resources of the parties and the Court. If, however, a trial proves necessary, defendant does not believe that an expedited trial schedule would be appropriate, because defendant intends to file a motion for summary judgment.

Plaintiff's Statement: Plaintiff anticipates proceeding to trial. Plaintiff requests an expedited trial scheduling because discovery can be completed within a 60-day period, the case can be tried within one day, no dispositive motion is anticipated, and a bench ruling is sought by

Plaintiff. The requested place of trial is Washington, D.C. The parties have conferred on this subject although Defendant does not agree with Plaintiff.

(k) Electronic case management. This case has been designated as an ECF case. The parties do not anticipate any special electronic case management needs at this time.

(l) Other information. The early meeting of counsel required by RCFC Appendix A, ¶ 3, took place on March 4, 2008.

**DISCOVERY**

Defendant's Statement: As stated above, defendant does not believe that discovery is necessary in this case. Consequently, pursuant to RCFC Appendix A, ¶ 5, defendant does not propose a discovery plan in this status report, and instead asks the Court to suspend discovery, and set a summary judgment briefing schedule. In the event that the Court concludes that it cannot resolve this case on summary judgment, defendant requests the parties be given an opportunity to propose a discovery plan at that time.

Plaintiff's Statement: Plaintiff proposes a discovery deadline of May 10, 2008 as Plaintiff anticipates only limited written discovery will be required. Plaintiff does not anticipate taking any depositions or the need for any expert witnesses or expert reports.

Respectfully submitted,

March 10, 2008

s/ Jennifer Hunter Walz
JENNIFER HUNTER WALZ
P.O. Box 430341
Houston, TX 75243-0341
(713) 446-7730 - telephone
(281) 907-0103 - facsimile

*Attorney for Plaintiff*

March 10, 2008

s/ Joseph B. Syverson
JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

March 10, 2008

s/ Mary M. Abate
Of Counsel

*Attorneys for Defendant*