IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

1. The IRS sent only one notice of deficiency dated June 1, 2001 to Plaintiff for his 1998 income tax year. (2008 Pennoni Decl. ¶ 2.)[1]

2. Plaintiff's 1998 tax year was closed as a result of the Tax Court Decision dated February 15, 2002. Dennis A. Quinn ("Mr. Quinn"), a Houston IRS Appeals Officer, stated that "…with decision documents being documents of finality, there are no remaining appeals rights for you." (Am. Compl. Ex. C; Am. Compl. Ex. B at 2.)

3. Plaintiff was issued a Category D Erroneous Refund by the Internal Revenue Service ("IRS") on October 14, 2002 (the "Category D Refund"). (Am. Compl. Ex. C.; Syverson Decl. Ex. 1 at 4; Internal Revenue Manuel ("IRM") Section 21.4.5.4.)[2]

[1] "2008 Pennoni Dec." refers to the Declaration of Lawrence D. Pennoni dated June 2, 2008, filed with this Court on June 2, 2008.

[2] The Syverson Declaration was attached to Defendant's Motion to Dismiss with Prejudice Plaintiff's First Amended Complaint, filed with this Court on July 2, 2007.

4. The IRS did not properly account for the Category D Refund in Plaintiff's 1998 income tax account. It failed to (a) input a false credit, a TC 700, on the Category D Refund "to prevent notices and administrative collection action (liens or levies) from occurring on the erroneous refund liability," and (b) input a TC 844 and a TC 470 on Plaintiff's 1998 income tax account. "The TC 844 generates a '–U' Freeze on the account and the TC 470 will stop all systemic notices and collection processes." (Syverson Decl. Ex 1; IRM Section 21.4.5.4.5 (3); IRM Section 21.4.5.5.)

5. As to any alleged underpayment of Plaintiff's 1998 tax liability created by the Category D Refund, the IRS did not send him any notice of deficiency under Internal Revenue Code ("Code") Section 6212 or any notices of assessment and demand for tax under Code Sections 6203 and 6303 nor did the IRS demand that he return the erroneous refund or file suit under Code Section 7405(b) for the return of the erroneous refund. (2008 Pennoni Decl. ¶ 3.)

6. The IRS did not send Plaintiff any notices of assessment under the Code regarding penalties and interest shown on Syverson Decl. Ex. 1 at 8-9. (2008 Pennoni Decl. ¶ 4.)

7. Prior to September 3, 2002, Plaintiff had contacted the IRS several times at the phone number set forth in the Notice of Intent to Levy and explained to the IRS that no tax was due as tax had already been assessed after a Tax Court decision was rendered and the tax had been fully paid by withholding tax. Plaintiff demanded that levies cease and demanded the return of his money previously levied. The IRS, however, stated they could do nothing to stop the levy unless he paid the full amount claimed. After receiving the Final Notice of Intent to Levy, Plaintiff again contacted the IRS

seeking to stop the levy and obtain the return of monies previously levied, but again the IRS refused to do so. Prior to submitting the letter of September 9, 2003, Plaintiff again contacted the IRS and demanded that the levies be stopped and funds already taken from him be returned and the IRS told him to send to them at a fax number they gave him all of his documents supporting his assertion that all his 1998 taxes had been for reconsideration by the IRS. (2008 Pennoni Decl. ¶ 5.)

8. On September 9, 2003, as instructed by the IRS, Plaintiff faxed all of his supporting documents to the facsimile number given him by the IRS for the IRS to consider whether to withdraw the levies and return the monies previously levied. The September 9, 2003 facsimile was a demand to the IRS to cease its wrongful conduct in levying on his bank account and garnishing his wages and for the return of monies taken from him as a result of the IRS' unlawful activity. (2008 Pennoni Decl. ¶ 6.)

9. Plaintiff's facsimile of September 9, 2003 was "a demand to the IRS to cease its wrongful conduct in levying on my bank account and garnishing my wages and for the return of monies taken from me as a result of the IRS' unlawful activity." (2007 Pennoni Decl. ¶ 5.)[3]

10. Plaintiff never received a notice of disallowance from the IRS unequivocally disallowing his claim for the return of his money wrongfully taken by the IRS, nor did the IRS inform him that my only recourse for recovering those monies was to file a civil action for a refund in the United States District Court or the United States

[3] "2007 Pennoni Decl." refers to the declaration attached to Plaintiff's Response in Opposition to United States' Motion to Dismiss with Prejudice Plaintiff's First Amended Complaint filed with this Court on August 2, 2007

Court of Federal Claims. Plaintiff did not waive his right to receive a notice of disallowance. (2007 Pennoni Decl. ¶ 7.)

11. Dennis Quinn, a Houston IRS Appeals Officer, failed to follow IRS account actions for the Category D Refund when he was assigned Plaintiff's case as a result of Plaintiff's facsimile dated September 9, 2003. (Am. Compl. Ex. B; IRM Sections 21.4.5.5 and 21.4.5.6.)

12. Plaintiff's 1998 tax liability was paid in full through federal income tax withholding credits deemed paid by the IRS as of April 15, 1999. (Syverson Decl. Ex. 8 at 4; 2007 Pennoni Decl. ¶ 6.)

13. Defendant did not file suit under Code Section 7405(b) to recover the Category D Refund. (Am. Compl ¶ 12; Syverson Decl. Ex. 1.)

Respectfully submitted,

s/ Jennifer Hunter Walz

JENNIFER HUNTER WALZ
P.O. Box 430341
Houston, Texas 77243-0341
(713) 446-7730 – phone
(281) 907-0103 - facsimile

Dated: June 2, 2008

COUNSEL FOR PLAINTIFF