IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-861 T
(Judge Firestone)

---

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

---

Pursuant to RCFC 56(h)(2), defendant, the United States, responds as follows to Plaintiffs' Proposed Findings of Uncontroverted Fact. Defendant does not agree with each and every one of plaintiffs' proposed findings not expressly agreed to below. Futhermore, defendant generally objects to plaintiff's findings proposed in paragraphs 4, 7, and 8 on grounds that they do not comply with RCFC 56(h)(1) and (2), requiring that proposed findings of uncontroverted fact contain *concise* separately numbered paragraphs. In response to specific paragraphs in plaintiffs' Proposed Findings of Uncontroverted Fact, defendant further:

1. Agrees with the finding proposed in ¶ 1.

2. Agrees with the finding proposed in the first sentence of ¶ 2 to the extent that there was a Tax Court decision with respect to plaintiff's 1998 individual income tax year dated

February 15, 2002, and states that the remainder of the proposed finding in the first sentence of ¶ 2 constitutes legal argument and a conclusion to which no response is required under RCFC 56(h)(2); and agrees with the proposed finding in the second sentence of ¶ 2.

3. Agrees with the proposed finding in ¶ 3 to the extent that plaintiff was issued an erroneous non-rebate refund on October 14, 2002, and states that the remainder of the proposed finding in ¶ 3 constitutes legal argument to which no response is required under RCFC 56(h)(2).

4. States that the proposed findings in ¶ 4 constitute legal argument to which no response is required under RCFC 56(h)(2).

5. Agrees with the finding proposed in ¶ 5 to the extent that the IRS, with respect to "plaintiff's refund" (as that term is used in defendant's Proposed Findings of Uncontroverted Fact), did not send plaintiff a second notice of deficiency, did not send plaintiff a second notice of assessment, did not send plaintiff a demand for return of the refund that characterized the refund as an "erroneous refund," and did not initiate a suit as plaintiff to recover the refund; does not agree that the IRS sent plaintiff no "demand for tax" because the IRS sent plaintiff a notice of balance due, statutory notice of intent to levy, and final notice of intent to levy and notice of your right to a hearing following issuance of the refund (*see* Def.'s Proposed Findings of Uncontroverted Fact ¶¶ 35-40); and further states that the remainder of the proposed findings in ¶ 5 constitute legal argument to which no response is required under RCFC 56(h)(2).

6. Does not agree with the finding proposed in ¶ 6, as the IRS sent plaintiff a notice of balance due, statutory notice of intent to levy, and final notice of intent to levy and notice of your right to a hearing following issuance of the refund, each of which reflected the interest and failure to pay tax penalties accrued as of the date of the notice (*see* Def.'s Proposed Findings of

Uncontroverted Fact ¶¶ 35-40).

7. Does not agree with the findings proposed in ¶ 7, as plaintiff has offered no evidence in support of these proposed findings other than his own self-serving testimony, the credibility of which defendant disputes, particularly in light of plaintiff's failure to exercise his collection due process rights prior to the IRS's instituting levy action (*see* Def.'s Proposed Findings of Uncontroverted Fact ¶ 41).

8. Agrees with the finding proposed in the first sentence of ¶ 8 to the extent that, on September 9, 2003, plaintiff sent a facsimile to the IRS (*see* Def.'s Proposed Findings of Uncontroverted Fact ¶ 51), and does not agree with the remainder of the finding proposed in the first sentence of ¶ 8, as plaintiff has offered no evidence in support of these proposed findings other than has own self-serving testimony, the credibility of which defendant disputes, particularly in light of plaintiff's failure to exercise his collection due process rights prior to the IRS's instituting levy action (*see* Def.'s Proposed Findings of Uncontroverted Fact ¶ 41); agrees with the proposed finding in the second sentence of ¶ 8 to the extent that plaintiff's September 9, 2003, facsimile stated that the "levy on bank and garnishment of wages is wrongful and should be withdrawn ASAP!!" (*see* Def.'s Proposed Findings of Uncontroverted Fact ¶ 56), and does not agree with the remainder of the proposed finding in the second sentence of ¶ 8, as the September 9, 2003, facsimile plainly contains no demand for the return of previously levied funds.

9. Agrees with the proposed finding in ¶ 9 to the extent that plaintiff's September 9, 2003, facsimile stated that the "levy on bank and garnishment of wages is wrongful and should be withdrawn ASAP!!" (*see* Def.'s Proposed Findings of Uncontroverted Fact ¶ 56), and does

not agree with the remainder of the proposed finding in ¶ 9, as the September 9, 2003, facsimile plainly contains no demand for the return of previously levied funds.

10. Does not agree with the finding proposed in the first sentence of ¶ 10, as plaintiff has not offered evidence that he made a "claim for return of the money wrongfully taken by the IRS," and, assuming, *arguendo*, that he did, this proposed finding is inconsistent with plaintiff's allegation in ¶ 4 of his amended complaint, in which he alleged that "[i]n a letter to [p]laintiff dated November 14, 2003, the IRS rejected Plaintiff's claim for the return of his money;" and states that the proposed finding in the second sentence of ¶ 10 constitutes legal argument and a conclusion to which no response is required under RCFC 56(h)(2).

11. Does not agree with the finding proposed in ¶ 11, as plaintiff has identified no evidence tending to support this conclusion; further states that the cited exhibit does not support the proposed finding in ¶ 11 that Appeals Officer Quinn "was assigned to [p]laintiff's case as a result of [p]laintiff's facsimile dated September 9, 2003," as the exhibit plainly states that the Appeals Office did not have jurisdiction over the case; and further states that the proposed finding in ¶ 11 constitutes legal argument and a conclusion to which no response is required under RCFC 56(h)(2).

12. Agrees with the finding proposed in ¶ 12 to the extent that prior to the issuance of "plaintiff's refund" (as that term is used in defendant's Proposed Findings of Uncontroverted Fact), plaintiff's tax liability for 1998 was paid in full through withholding credits; and further states that the remainder of the proposed finding in ¶ 12 constitutes legal argument to which no response is required under RCFC 56(h)(2).

13. Agrees with the finding proposed in ¶ 13 to the extent that the IRS did not initiate

a suit as plaintiff to recover "plaintiff's refund" (as that term is used in defendant's Proposed Findings of Uncontroverted Fact), and further states that the remainder of the proposed finding in ¶ 13 constitute legal argument to which no response is required under RCFC 56(h)(2).

Respectfully submitted,

July 15, 2008

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

s/ Mary M. Abate

July 15, 2008

Of Counsel