IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**PLAINTIFF'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, Plaintiff respectfully moves the Court for an enlargement of time of twenty-one (21) days, from August 1, 2008 to and including August 22, 2008, within which to file (1) a surreply to Defendant's Reply to Plaintiff's Opposition to the Motion for Summary Judgment, and reply to Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment; (2) a reply to Defendant's Additional Proposed Findings of Uncontroverted Fact, (3) a reply to Defendant's Response to Plaintiff's Proposed Findings of Uncontroverted Fact. In addition, Plaintiff needs to file Plaintiff's Additional Proposed Findings of Uncontroverted Fact and supporting supplemental declaration of Plaintiff addressing the Defendant's assertion in its Reply to Plaintiff's Opposition to the Motion for Summary Judgment, and Defendant's Opposition to Plaintiff's Cross-Motion for

Summary Judgment that this Court should imply bad faith and ignore Plaintiff's declarations because of Plaintiff's alleged failure to exercise his collection appeals rights.

Further, in its latest filing with this Court, Defendant introduced, as Exhibit 11 to the Syverson Declaration, a Certificate of Assessments, Payments and Other Specified Matters for Plaintiff's 2000 tax year.[1] This Exhibit reflects a credit for the September 15, 2004 levy amount of $3,781.12 (which amount Defendant has denied throughout this case was levied) but reflects a balance owing by Plaintiff after application of the credit. However, according to a Tax Court decision involving Plaintiff's 2000 tax year entered November 13, 2006, Defendant stipulated that Plaintiff had overpaid his income tax liability for 2000. However, shortly after this action was filed with this Court, Defendant deleted from Plaintiff's account for 2000 withholding credits for taxes remitted by two employers and credits for additional taxes received from two third party remitters. Defendant also deleted all withholding and other credits from Plaintiff's 2001 and 2002 tax accounts and recently filed a $190,000 tax lien and issued a notice of intent to levy Plaintiff's assets for $230,000 for taxes, penalties and interest for 2000, 2001 and 2002. Thus, Plaintiff's undersigned counsel has been working throughout the last two months with IRS Appeals Office, Houston Division, and the IRS Taxpayer Advocate to force the Defendant to correct the actions respecting his 2000, 2001 and 2002 tax years, which actions were causing substantial and immediate harm to Plaintiff including potential

[1] Defendant's Reply to Plaintiff's Opposition to the Motion for Summary Judgment, and Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment does not refer to Exhibit 11 in its body or to Defendant's Additional Proposed Finding of Facts 73 and 74 that are based on Exhibit 11. Thus, Plaintiff does not know what use Defendant intends to make of Exhibit 11 -- raise it only at oral argument (?) -- or whether Defendant now will admit that the payment referred to in Exhibit 11 and DPF 73 and 74 was garnished by the Defendant with respect to the non-tax debt.

foreclosure of loans. Although the Defendant has recently withdrawn the tax lien, acknowledging its actions violated the Internal Revenue Code, this matter is not yet closed with Houston Appeals. Through documents received during this process, Plaintiff will establish that Defendant's Exhibit 11 is incorrect on its face and will further be able to show that the transcript for 1998, on which Defendant relies for the proposition that penalties and interest were assessed for 1998, is incorrect on its face. The actions taken by Defendant involving Plaintiff's 2000, 2001 and 2002 tax years and documents produced by Defendant in the administrative proceedings for those tears are also relevant to the credibility of other IRS documents introduced in this case. Further, this new Exhibit 11 directly involves the amount Plaintiff has shown that the IRS illegally exacted from him (specifically, the September 15, 2004 levy amount of $3,781.12).

In addition, the undersigned counsel is scheduled to be on a previously planned family vacation to California from August 9, 2008 through August 16, 2008 for which she has already purchased airline tickets. The twenty-one day period of enlargement requested here in is necessary to allow time for Plaintiff to resolve the issues before Houston Appeals which directly affect his 2000 tax year encompassing one of the levy payments at issue here, consult with Plaintiff, and finish drafting the pleadings described above.

This is the first enlargement of time Plaintiff has requested. Plaintiff's counsel consulted with Defendant's counsel by telephone on July 28, 2008, and Defendant's counsel stated that Defendant has no objection to the requested enlargement.

Respectfully submitted,

s/ Jennifer Hunter Walz
JENNIFER HUNTER WALZ
P.O. Box 430341
Houston, Texas 77243-0341
(713) 446-7730 – phone
(281) 907-0103 - facsimile

Dated: July 30, 2008

COUNSEL FOR PLAINTIFF