# 65. Setoff and Recoupment in Bankruptcy -- Setoffs (cont'd), Recoupment

Samuel R. Maizel
Commercial Litigation Branch
U.S. Department of Justice

January 26, 1996

***SETOFF AND RECOUPMENT IN BANKRUPTCY***

> **"The right of setoff ... allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'"** *Citizens Bank of Maryland v. Strumpf*, 116 S. Ct. 286, 289 (1995) (quoting *Studley v. Boylston Nat'l Bank,* 229 U.S. 523, 528 (1913)). **Setoff "occupie[s] a favored position in our history of jurisprudence,"** *Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1164 (2d Cir. 1979), **with which courts should interfere "only under the most compelling circumstances."** *In re Utica Floor Maint., Inc.*, 441 B.R. 941, 944 (N.D.N.Y. 1984). **"The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."** *In re Applied Logic Corp.*, 576 F.2d 952 (2d Cir. 1978). **To the contrary, "the justification for permitting setoff is based on notions of fairness,"** *In re IML Freight, Inc.*, 65 B.R. 788, 791-92 (Bankr. D. Utah 1986), **and "[t]he primacy of setoffs is essential to the equitable treatment of creditors. ... Absent a setoff, a creditor ... is in the worst of both worlds: it must pay its debt to the debtor in full, but is only entitled to receive a tiny fraction of the money the debtor owes it. It was to avoid this unfairness that setoffs were allowed in bankruptcy in the first place."** *In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992).

**I.** ***SETOFF AND RECOUPMENT GENERALLY***

**A. Setoff is an equitable right of a creditor to deduct a debt it owes to the debtor from a claim it has against the debtor arising out of a separate transaction. Recoupment differs in that the opposing claims must arise from the same transaction.** 4 Lawrence P. King, *Collier on Bankruptcy* ¶ 553.03 (15th ed. 1991).

**B. The Bankruptcy Code is not an independent source of law that authorizes setoff or recoupment; it recognizes and preserves rights that exist under non-bankruptcy law. Therefore, a creditor seeking to setoff or recoup a debt must establish a claim and a right to do so under state or federal law.** *See In re Dillard Ford, Inc.*, 940 F.2d 1507, 1512 (11th Cir. 1991); *In re Public Serv. Co.*, 884 F.2d 11 (1st Cir. 1989); *Durham v. SMI Indus.*, 882 F.2d 881 (4th Cir. 1989); *In re Pieri*, 86 B.R. 208 (Bankr. 9th Cir. 1988); *United States v. Norton*, 717 F.2d 767 (3d Cir. 1983); *In re McLean Indus.*, 90 B.R. 614 (Bankr. S.D.N.Y. 1988).

**C.Both setoff and recoupment can be affirmative defenses or counterclaims. Outside of bankruptcy the distinction is usually not significant. In bankruptcy, however, the distinction can be important. For example, the Code codifies and governs setoff but is silent as to recoupment.** *See In re B&L Oil*, 782 F.2d 155 (10th Cir. 1986); 11 U.S.C. § 553. **Most significantly, setoff is available in bankruptcy only when both the opposing claims arise on the same side of the time line described by the petition's filing; i.e., both must be prepetition claims or both must be postpetition claims. Recoupment is not so limited.** *See generally Lee v. Schweiker*, 739 F.2d 870 (3d Cir. 1984).

**II.** ***SETOFF***

**A. Mutuality**. **Setoff is only available when the obligations between debtor and creditor are mutual, i.e., both obligations**

**are held by the same parties, in the same right or capacity, and both arise either prepetition or postpetition**. 11 U.S.C. § 553 (a); *In re Davidovich*, 901 F.2d 1533, 1537 (10th Cir. 1990); *In re Public Serv. Co.*, 884 F.2d 11 (1st Cir. 1989); *In re Bay State York Co.*, 140 B.R. 608, 613 (Bankr. D. Mass. 1992); *In re Mastroeni*, 57 B.R. 191 (Bankr. S.D.N.Y. 1986); 4 *Collier on Bankruptcy* ¶ 553.04.

**1. Parties**.

**(a) Mutuality as to parties is strictly construed.** *See, e.g., Gray v. Rollo*, 85 U.S. 629 (1873) (mutuality is lacking where a partnership has a claim against an individual, but the individual has a claim against only one of the partners); *WJM, Inc. v. Mass. Dep't of Pub. Welfare*, 840 F.2d 996, 1011 (1st Cir. 1988) (offset not permitted between nursing homes under common ownership); *In re Bacigalupi*, 60 B.R. 442 (Bankr. 9th Cir. 1986); *In re Candor Diamond Corp.*, 76 B.R. 342 (Bankr. S.D.N.Y. 1987) (principal of corporation not the same as corporation). *See also Darr v. Muratore*, 8 F.3d 854, 860 (1st Cir. 1993) ("Where the liability of the party seeking the setoff arises from the breach of a fiduciary duty, mutuality of debts does not exist and therefore no setoff is available."); *In re Photo Mech. Servs., Inc.*, 179 B.R. 604, 613 (Bankr. D. Minn. 1995) (creditor's claim acquired through equitable subrogation satisfies mutuality with debtor); *In re Metco Mining and Minerals, Inc.*, 171 B.R. 210, 216-17 (Bankr. W.D. Pa. 1994) (that creditor's claim is obtained through assignment does not defeat mutuality); *In re K Town, Inc.*, 171 B.R. 313, 319 (Bankr. N.D. Ill. 1994) (although common law setoff limits setoff to "identical legal entities", contractual right to setoff between two accounts can provide the requisite mutuality for § 553). *But see In re Davidson Lumber Sales, Inc.*, 66 F.3d 1560, 1566-68 (10th Cir. 1995) (general contractor who pays a bankruptcy subcontractor's suppliers or materialmen may setoff this payment against its debt to the subcontractor); *McCall Stock Farms, Inc. v. United States*, 14 F.3d 1562 (Fed. Cir. 1993) (in non-bankruptcy case, SBA allowed to pierce corporate veil and hold corporation liable for principal's debts through offset of ASCS payment otherwise due to debtor).

**(b) The United States is one party for mutuality purposes and can setoff claims held by different agencies.** *See, e.g., Cherry Cotton Mills v. United States*, 327 U.S. 536 (1946); *In re Turner*, No. 94-6191 (10th Cir. May 23, 1996) (en banc), vacting panel decision at 59 F.3d 1041 (10th Cir. 1995) ("We are convinced that the presence or absence of a bankruptcy proceeding does not affect the United States' status as a unitary creditor." Moreover, the definitional sections of the Code "in no way demonstrate[] an intent to erode the right of administrative offset that exists outside of bankruptcy ...."); *Doe v. United States*, 58 F.3d 494, 498 (9th Cir. 1995) ("all agencies of the United States, except those acting in some distinctive private capacity, are a single governmental unit" for setoff against the United States); *Luther v. United States*, 225 F.2d 495, 498 (10th Cir. 1954) (Bankruptcy Act case); *SBA v. Rinehart*, 88 B.R. 1014 (D.S.D. 1988) (ASCS and SBA), *modified*, 887 F.2d 165 (8th Cir. 1989); *Malman v. United States*, 207 F.2d 897 (2d Cir. 1953); *In re Holder*, 182 B.R. 770 (Bankr. M.D. Tenn. 1995) (IRS and Customs); *In re Martech USA, Inc.*, No. A93-00889 (Bankr. D. Alaska May 25, 1995) (order granting relief from stay to setoff); *In re HAL, Inc.*, No. 93-01072 (Bankr. D. Haw. Mar. 17, 1995) (findings of fact and conclusions of law granting United States' motion for setoff), *aff'd*, BAP No. HI-95-1354-JVO (Bankr. 9th Cir. Apr. 24, 1996) (Panel rejects "*Turner* and extends reasoning of *Doe* to the issue of mutuality and setoff under § 553;" "federal government agencies, with the exception of those acting in a distinctly private capacity, are a single entity for purposes of setoff under § 553."); *In re Reed*, 179 B.R. 353 (Bankr. S.D. Ga. 1995) (FmHA and CCC); *In re Medina*, 177 B.R. 335 (Bankr. D. Or. 1994) ("The federal government's common law right of setoff ... belongs to the United States. ... Mutuality is not destroyed simply because a claim arose against the debtor in one agency of the executive branch while the debtor is owed an amount from a different agency."); *In re Gibson*, 176 B.R. 910 (Bankr. D. Or. 1994) (claims of federal agencies are "assets of the United States" which can act only through its agency, department or instrumentality); *In re Kalenze*, 175 B.R. 35, 37 (Bankr. D.N.D. 1994) (IRS and FCIC); *In re Apex Int'l Mgmt. Servs., Inc.*, 155 B.R. 591 (Bankr. M.D. Fla. 1993) (IRS and Air Force); *In re Butz*, 154 B.R. 541, 544 (S.D. Iowa 1993) (ASCS and FmHA); *In re Young*, 144 B.R. 45 (Bankr. N.D. Tex. 1992) (FmHA and CCC); *In re Mohar*, 140 B.R. 273, 277 (Bankr. D. Mont. 1992) (FmHA and ASCS one entity for setoff because "there is but one federal government, made up of independent agencies, which ... satisfy the mutuality of parties [for] setoff"); *In re Stall*, 125 B.R. 754 (Bankr. S.D. Ohio 1991) (Education and IRS); *In re Gore*, 124 B.R. 75 (Bankr. E.D. Ark. 1990) (SBA and ASCS); *In re Julien Co.*, 116 B.R. 623, 625 (Bankr. W.D. Tenn. 1990) ("each federal entity is a 'aprt of the Government'"); *In re Evatt*, 112 B.R. 405, 413 (Bankr. W.D. Okl. 1989) (FmHA and ASCS/CCC); *In re Art Metal*, 109 B.R. 74 (Bankr. D.N.J. 1989) (applying *Cherry Cotton Mills* factors to determine whether PBGC as separate

self-sustaining quasi-governmental entity entitled to setoff debts of United States); *In re Defense Servs., Inc.*, 104 B. R. 481 (Bankr. S.D. Fla. 1989); *In re Hazelton*, 85 B.R. 400 (Bankr. E.D. Mich. 1988) (FmHA and CCC), *rev'd on other grounds*, 96 B.R. 111 (E.D. Mich. 1988); *In re Thomas*, 84 B.R. 438 (Bankr. N.D. Tex. 1988), *modified on other grounds*, 91 B.R. 731 (N.D. Tex. 1988); *In re Britton*, 83 B.R. 914 (Bankr. E.D.N.C. 1988); *In re Pinkert*, 75 B.R. 218 (Bankr. N.D. Tex. 1987) (ASCS and FmHA); *Waldron v. FmHA*, 75 B.R. 25 (N.D.Tex. 1987) (FmHA and CCC); *In re Parrish*, 75 B.R. 14 (N.D.Tex. 1987) (CCC and FmHA); *In Re Sound Emporium, Inc.*, 48 B.R. 1 (Bankr. W.D. Tex. 1984), *aff'd*, 70 B.R. 22 (W.D.Tex. 1987) (IRS and Army). *see generally Hubbard v. United States*, 115 S. Ct. 1754 (1995) (in criminal context, the "term 'agency' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense"); *Lebron v. National R.R. Passenger Corp.*, 115 S. Ct. 961 (1995) (Amtrak is part of federal government despite statute which states to the contrary; what Congress chooses to call federal agency does not alter its essential nature); *Bosarge v. United States*, 5 F.3d 1414, 1419 (11th Cir. 1993) (IRS and DOE "mutual" for offset purposes outside of bankruptcy), *cert. denied*, 114 S. Ct. 2720 (1995). *Contra In re Chateaugay Corp.*, 1995 WL 386483, *5 (S.D.N.Y. Jun. 28, 1995) (holding that there is no common law right to offset tax refunds against claims of other federal agencies); *Westamerica Bank v. United States*, 178 B.R. 493 (N.D. Cal. 1995), order revised and opinion withdrawn, Aug. 18, 1995 (reversing earlier decision because court finds *Doe* compels different result); *In re Pyramid Indus., Inc.*, 170 B.R. 974 (Bankr. N.D. Ill. 1994) (SBA and Dep't of Navy not same entity for setoff), *appeal pending*, (N.D. Ill.); *In re Ionosphere Clubs, Inc.*, 164 B.R. 839 (Bankr. S.D.N.Y. 1994); *In re Hancock*, 137 B.R. 835 (Bankr. N.D. Okla. 1992). *Compare In re Lakeside Community Hosp.*, 139 B.R. 886 (Bankr. N.D. Ill. 1992) (state agencies not one entity for setoff purposes), *aff'd*, 151 B.R. 887 (N.D. Ill. 1993) *with Wallach v. New York (In re Bison Heating & Equipment, Inc.)*, 177 B.R. 785 (Bankr. W.D.N.Y. 1995) (State agencies as "creatures of the State" are a "single entity capable of holding mutual credits and debts;" distinguishing *Lakeside* based on N. Y. statute permitting offset between state agencies and noting that this right required a "similar application when offset works to its detriment.") *and In re Bennett Co.*, 118 B.R. 564 (M.D. Tenn. 1990) (mutuality existed to setoff taxes owed to state agency against contractual debt owed by state agency).

**(c) Capacity. The parties must be standing in the same capacity. Where the parties are identical, but they stand in different relationships in various transactions, mutuality does not exist. For example, the prepetition debtor is treated differently from the debtor-in-possession or the debtor's estate for some setoff purposes.** *See, e.g., Reich v. Davidson Lumber Sales Emp. Ret. Plan*, 154 B.R. 324, 335 (D. Utah 1993); *In re Express Freight Lines*, 130 B.R. 288, 291 (Bankr. E.D. Wis. 1991); *In re OPM Leasing Serv.*, 68 B.R. 979, 983 (Bankr. S.D.N.Y. 1987) (While the postpetition estate is not a wholly new entity distinct from the prepetition debtor, a definite cleavage separates the two upon the filing of a bankruptcy petition.); 4 *Collier on Bankruptcy* ¶ 553.08 (the lack of mutuality results from the new fiduciary capacity of the debtor-in-possession/trustee rather than from the existence of a new entity). *But see In re Mohar*, 140 B.R. 273, 279 (Bankr. D. Mont. 1992) (postpetition debtor same as prepetition debtor for offset purposes). **Where a bank holds the debtor's money in the capacity of a trustee, mutuality does not exist**, *In re Knedlik*, 192 B.R. 559, 561 (Bankr. D. Kan. 1995) (Court refused setoff where "a debtor-creditor relationship gave rise to the first obligation and a fiduciary relationship gave rise to the other;" "[b] ecause they were not standing in the same capacities, there is no mutuality of obligations."); *accord In re Anton*, 146 B.R. 509, 513 (Bankr. E.D.N.Y. 1992); *In re Mastroeni*, 57 B.R. 191 (S.D.N.Y. 1986), **nor does mutuality exist where the creditor holds property of the debtor as a bailment**, *In re Bevill, Bresler & Schulman Asset Mgmt.*, 896 F.2d 54, 57 (3d Cir. 1990); *cf. United States v. Jones*, 607 F.2d 687, 688 (5th Cir. 1979) (US has no right of setoff against cash bail bond held by clerk of court). **Finally, mutuality does not exist where the creditor's debt to the debtor is based on the recovery of a fraudulent conveyance 11 U.S.C. § 544(b).** *In re Acequia, Inc.*, 34 F.3d 800, 817 (9th Cir. 1994).

**2. Timing.**

**(a) For setoff to be permitted, *both* debts must arise prepetition or postpetition. In other words, a claim which arises prepetition may be setoff only against a credit which also arises prepetition**. *Braniff Airways v. Exxon*, 814 F.2d 1030 (5th Cir. 1987); *Reich v. Davidson Lumber Sales Emp. Ret. Plan*, 154 B.R. 324, 335 (D. Utah 1993) (mutuality requires that both debts be prepetition; mutuality is determined with reference to the time the underlying debt arose, not with reference to the time the petition was filed); *In re OPM Leasing Serv.*, 68 B.R. 979 (Bankr. S.D.

N.Y. 1987). *Compare In re Weissman*, 126 B.R. 889, 894 (Bankr. N.D. Ill. 1991) (claim liquidated by litigation during the bankruptcy case is a prepetition claim if the events giving rise to the cause of action occurred before bankruptcy) *with Cooper-Jarrett, Inc. v. Central Transp.*, 726 F.2d 93 (3d Cir. 1984) (prepetition contract obligation supplanted by postpetition settlement; hence, no right to setoff prepetition claims against postpetition settlement debt). **While the Code specifically allows prepetition setoff, it is silent regarding the offset of postpetition claims against postpetition credits. However, courts have allowed the parties to offset claims postpetition in the same manner as prepetition**. *In re Alfar Dairy*, 458 F.2d 1258 (5th Cir.), *cert. denied*, 409 U.S. 1048 (1972); *In re Seal*, 192 B.R. 442, 457 (Bankr. W.D. Mich. 1996); *In re Mohawk Indus.*, 82 B.R. 174 (Bankr. D. Mass. 1987); *In re Fordson Eng'g*, 25 B.R. 506 (Bankr. E.D. Mich. 1982). *Contra In re Sherry & O'Leary, Inc.*, 148 B.R. 248, 253 (Bankr. W.D. Pa. 1992) (only prepetition debts can be set off).

**(b) When do claims arise? Claims "arise" for bankruptcy purposes when (1) all "transactions" or acts necessary for liability occur, and for government claims, (2) there is some prepetition relationship, "such as contact, exposure, impact, or privity" between the United States and the debtor such that the Government is able to "fairly contemplate" that it might have a claim against the debtor.** *See Epstein v. Official Committee of Unsecured Creditors*, 58 F.3d 1573 (11th Cir. 1995) (applying this standard to non-governmental claims); *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1274-77 (5th Cir. 1994); *In re Jensen*, 995 F.2d 925 (9th Cir. 1993) (9th Circuit adopts "fair contemplation test" rather than "underlying transaction" test used by the BAP); *In re Chateaugay Corp.*, 944 F.2d 997 (2d Cir. 1991); *Matter of Firestone*, 179 B.R. 148, 148-49 (Bankr. D. Neb. 1995) (claim against the United States for tax refund "arises upon the end of the taxable year, the time of filing the tax return is merely a procedural requirement to claim the amount already owed"); *In re Midway Indus. Contractors, Inc.*, 167 B.R. 139, 142-43 (Bankr. N.D. Ill. 1994) (same), *rev'd on other grounds*, 178 B.R. 734 (N.D. Ill. 1995); *In re Finley, Kumble, Wagner, Heine*, 160 B.R. 882, 891-92 (Bankr. S.D.N.Y. 1993) (when obligation stems from a contractual obligation, even a postpetition breach will be treated as giving rise to a prepetition liability if the contract was executed prepetition); *In re Houbigant*, 188 B.R. 347, 355 (Bankr. S.D.N.Y. 1995) (same); *In re Chateaugay Corp.*, 115 B.R. 760, 773-74 (Bankr. S.D.N.Y. 1990) (same). **This is regardless of enforcement efforts (i.e., future litigation) or of whether the claim is contingent, unliquidated, or unmatured when the petition is filed.** *See In re Buckenmaier*, 127 B.R. 233 (Bankr. 9th Cir. 1991); *Sherman v. First City Bank*, 99 B.R. 333 (N.D. Tex. 1989), *aff'd*, 893 F.2d 720 (5th Cir. 1990); *Braniff Airways v. Exxon*, 814 F.2d 1030, 1036 (5th Cir. 1987) ("the debt owed the debtor does not have to be calculated [prepetition] in order for setoff to be available to a creditor"); *Thompson v. Board of Trustees*, 182 B.R. 140 (Bankr. E.D. Va. 1995) (contingent claims still subject to setoff); *In re Metco Mining and Minerals, Inc.*, 171 B.R. 210, 216-17 (Bankr. W.D. Pa. 1994) ("When parties agree in advance that one party will indemnify the other in the event of a certain occurrence, there exists a "right to payment", albeit contingent, *upon the signing of the agreement*."); *In re Express Freight Lines*, 130 B.R. 288 (Bankr. E.D. Wis. 1991) (unmatured debts); *In re Fred Sanders*, 33 B.R. 310 (Bankr. E.D. Mich. 1983) (unliquidated debts); *In re Wilson*, 29 B.R. 54 (Bankr. W.D. Ark.1982) (inchoate tax refunds); 4 *Collier on Bankruptcy* ¶ 553.01; *see also In re Remington Rand Corp.*, 836 F.2d 825 (3d Cir. 1988) (claim arose for bankruptcy filing purposes when government knew of debtor's liability despite federal statute which requires a federal contracting officer's decision before claim arises); *cf. Mazama Timber Prods., Inc. v. United States*, 6 Cl. Ct. 87, 88-89 (1984) (US exercise of common law right to offset does not require claim be reduced to judgment; offset may be effected pending resolution of the controversy). **Therefore, setoff is permitted when, at the time the bankruptcy petition is filed, the debt is absolutely owed but is not presently due, or when a definite liability has accrued but is not yet liquidated.** *In re Young*, 144 B.R. 45, 46-47 (Bankr. N.D. Tex. 1992). **When a claim arises should be determined by looking to the Bankruptcy Code rather than state law.** *Butler v. NationsBank, N.A.*, 58 F.3d 1022, 1029 (4th Cir. 1995); *Grady v. A.H. Robins Co.*, 839 F.2d 198 (4th Cir. 1988); *In re Piper Aircraft Corp.*, 162 B.R. 619, 624 (Bankr. S.D. Fla. 1994); *In re Finley, Kumble, Wagner, Heine*, 160 B.R. 882, 892 (Bankr. S.D.N.Y. 1993); *but see In re Public Serv. Co.*, 884 F.2d 11 (1st Cir. 1989) (potential damages under unrejected executory contract may not be setoff against prepetition liability owed to debtor because claim not mature under N.H. state law); *In re Patterson*, 967 F.2d 505 (11th Cir. 1992) (setoff only available against mature claims under Ala. state law despite language of Code); *In re Aquasport, Inc.*, 115 B.R. 720, 723 (Bankr. S.D. Fla. 1990) (funds "not available for setoff because contingent and unmatured claims cannot be used as setoff under Florida law"), *aff'd*, 155 B.R. 245 (S.D. Fla. 1993).

**B. Character Of The Claim. The debt and the claim need not arise from the same transaction nor must they be of the same character**. *See, e.g.*, *In re Bevill, Bresler & Schulman Asset Mgmt.*, 896 F.2d 54 (3d Cir. 1990) (contractual obligations are debts

for purposes of setoff); *Braniff Airways v. Exxon*, 814 F.2d 1030 (5th Cir. 1987); *In re Bay State York Co.*, 140 B.R. 608 (Bankr. D. Mass. 1992) (obligations which arise from differing surety relationships satisfy mutuality requirement); *In re Thurston*, 139 B. R. 14 (Bankr. W.D. Mo. 1992) (contract claims may be setoff against tort based claims); *In re Denby Stores*, 86 B.R. 768, 777 (Bankr. S.D.N.Y. 1988); *In re Elsinore Shore Assoc.*, 67 B.R. 926 (Bankr. D. N.J. 1986). **However, if the creditor's debt to the debtor is based on the recovery of a fraudulent conveyance under 11 U.S.C. § 544(b), setoff is generally denied.** *In re Acequia, Inc.*, 34 F.3d 800, 817 (9th Cir. 1994).

**C. Setoff And Equity.**

**1. Bankruptcy courts lack a statutory predicate to disallow setoff for "equitable" reasons. Unlike other Code provisions, § 553 does not expressly confer a power to disallow setoff for equitable reasons.** *Compare* 11 U.S. C. § 553(a) *with* 11 U.S.C. § 552(b) (specific instruction that courts consider the "equities of the case" in evaluating postpetition effect of security interests); *see also In re Elcona Homes Corp.*, 863 F.2d 483 (7th Cir. 1988) (questioning limits of bankruptcy court's discretion to disallow setoff); *Melamed v. Lake County Nat'l Bank*, 727 F.2d 1399 (4th Cir. 1984) (set offs are generally favored); *In re Applied Logic Corp.*, 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."); *In re IML Freight, Inc.*, 65 B.R. 788, 792 (Bankr. D. Utah 1986) (judicial preference favors allowance of setoff). **However, many courts assume wide discretion to disallow setoff.** *See, e.g., In re Securities Group 1980*, 74 F.3d 1103, 1114 (11th Cir. 1996) ("[S]etoff under § 553 is merely permissive and subject to the discretion of the bankruptcy court."); *In re Cascade Roads, Inc.*, 34 F.3d 756 (9th Cir. 1994) (same); *In re Southern Indus. Banking*, 809 F.2d 329 (6th Cir. 1987) ("when justice dictates, setoff must be denied"); *In re Cabrillo*, 101 B.R. 443 (Bankr. E. D. Pa. 1989) (setoff denied when creditor asserts a security interest in property it seeks to offset and creditor fails to meet its burden under § 362(d)).

**2. At the least, we can argue that compelling circumstances are required to disallow setoff**. *See In re NWFX, Inc.*, 864 F.2d 593 (8th Cir. 1989) (compelling reasons required to disallow setoff); *Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160 (2d Cir. 1979); *In re Buckenmaier*, 127 B.R. 233 (Bankr. 9th Cir. 1991) (setoff enforced absent compelling circumstances); *In re Tilston Roberts Corp.*, 75 B.R. 76 (S.D.N.Y. 1987); *In re Utica Floor Maintenance, Inc.*, 41 B.R. 941 (N.D.N.Y. 1984); *In re Springfield Casket Co.*, 21 B.R. 223 (Bankr. S.D. Ohio 1982) (setoff permitted absent compelling circumstances).

**3. Generally, courts have only disallowed otherwise valid setoff in two categories of cases: (a) where the creditor committed an inequitable, illegal, or fraudulent act, or the setoff is against public policy**, *see In re Cascade Roads, Inc.*, 34 F.3d 756 (9th Cir. 1994) (IRS setoff denied because Government's conduct was inequitable); *In re Blanton*, 105 B.R. 321, 337 (Bankr. E.D. Va. 1989) and cases cited therein, **and (b) where the setoff would significantly harm or destroy the debtor's ability to reorganize**, *see, e.g., In re Lincoln*, 144 B.R. 498 (Bankr. D. Mont. 1992) (setoff denied where payments necessary for chapter 12 reorganization); *In re Cloverleaf Farmers Co-op*, 114 B.R. 1010 (Bankr. D.S.D. 1990) (setoff denied because inconsistent with purpose of chapter 12 and the rehabilitation of American farmers); *In re IML Freight*, 65 B.R. 788, 792 (Bankr. D. Utah 1986) (legislative history shows setoff only appropriately denied in reorganization cases; not appropriate in liquidation cases); *In re Penn Cent. Transp.*, 315 F. Supp. 1281 (E.D. Pa. 1970) (setoff denied because it would frustrate railroad reorganization process), *aff'd*, 453 F.2d 520 (3d Cir.), *cert. denied*, 408 U.S. 923 (1972); *but see generally Matter of Rash*, 31 F.3d 325, 330 (5th Cir. 1994) ("[W]hile reorganization is an important goal, this goal cannot be pursued by exterminating a secured creditor's property interest. Reorganization is not a Holy Grail to be pursued at any length.").

**4. In reorganization cases where the debtor argues that setoff affects the opportunity to reorganize, we should argue as a backup that setoff be deferred rather than denied**, *see, e.g., In re Allen*, 135 B.R. 856, 871 (Bankr. N. D. Iowa 1992); *Blanton*, 105 B.R. at 321 and cases cited therein; *Utica Floor*, 41 B.R. at 945-46, **and that the debtor must provide a "substantial explanation of the factual basis" for their assertion,** *see Allen*, 135 B.R. at 871; *Utica Floor*, 41 B.R. at 945 and cases cited therein.

**5. Bankruptcy courts may grant setoff on equitable grounds even if no mutuality.** *Gray v. Rollo*, 85 U.S. 629 (1873); *In re Sherman Plastering Corp.*, 346 F.2d 492 (2d Cir. 1965); *Modern Setting v. Prudential-Bache Sec.*, 109

Case 1:06-cv-00861-NBF Document 48-3 Filed 08/22/2008 Page 6 of 19

B.R. 605 (S.D.N.Y. 1989). *Contra In re NWFX, Inc.*, 864 F.2d 593 (8th Cir. 1989) (no reason for enlarging the right to setoff beyond that allowed in the Code); *Boston & Maine Corp. v. Chicago Pacific Corp.*, 785 F.2d 562 (7th Cir. 1986).

[updated June 1998] [cited in Civil Resource Manual 62]

# 66. Setoff and Recoupment in Bankruptcy -- Setoff (cont'd)

**D. Setoff Admits The Claim. By setting off, the creditor generally admits the debtor's claim.** *In re Klingberg Schools*, 68 B. R. 173, 178 (N.D. Ill. 1986) (setoff "confesses" the indebtedness alleged in the complaint).

**E. United States Right To Setoff. The United States has the same common law right to setoff as any other creditor.** *See, e.g.*, *United States v. Munsey Trust*, 332 U.S. 234 (1947); *Malman v. United States*, 207 F.2d 897 (2d Cir. 1953); *In re Art Metal USA, Inc.*, 109 B.R. 74, 78 (Bankr. D.N.J. 1989); *Southeastern Airways Corp. v. United States*, 673 F.2d 368, 379 (Ct. Cl. 1982) (setoff common law right available to any creditor). **Thus, the United States can assert a right of setoff independent of any statutory grant of authority to the executive branch.** *See, e.g.*, *United States v. Tafoya*, 803 F.2d 140, 141 (5th Cir. 1986); *In re Metropolitan Hosp.*, 110 B.R. 731, 740 (Bankr. E.D. Pa. 1990), *aff'd*, 131 B.R. 283 (E.D. Pa. 1991); *In re Hazelton*, 85 B.R. 400 (Bankr. E.D. Mich. 1988), *rev'd on other grounds*, 96 B.R. 111 (E.D. Mich. 1988); *but see In re Chateaugay Corp.*, 1995 WL 386483 (S.D.N.Y. Jun. 28, 1995) (no common law setoff right between IRS and other federal agencies). **For additional support look to statutes and regulations which provide a basis for setoff or recoupment.** *See, e.g.*, 26 U.S.C. § 6402(a) (IRS may setoff taxpayer's overpayment of tax against tax liability for prior years); 31 U.S.C. § 3720A (federal agencies may refer past due debt to Treasury for offset against tax overpayment pursuant to 26 U.S.C. § 6402(d)); 31 U.S.C. § 3716 (administrative offset statute); 31 U.S.C. § 3728 (United States can setoff judgement against it to recover a debt plaintiff owes to the United States); 7 C.F.R. § 1951.103 (1995) (CFSA can setoff debts to the United States against ongoing Conservation Reserve Program payments); 13 C.F.R. § 140.5 (1993) (SBA offset); 41 C.F.R. § 101-41.102(a)(3) (GSA can setoff amounts due to the United States from ongoing payments to carriers); *Federal Acquisition Regulation*, 48 C.F.R. §§ 32.611, 32.612 (1992) (United States can setoff obligations between itself and parties contracting with the United States).

**F. Limits On The United States' Setoff Rights. A federal statute or regulation, of course, may limit offset rights of the United States.** *See, e.g.*, 31 U.S.C. § 3720A (federal agency referring debt to Treasury for offset must first notify person of plan to refer the debt and give debtor at least 60 days to present evidence that debt is not past due or legally enforceable). *Compare McCall Stock Farms, Inc. v. United States*, 14 F.3d 1562, 1567 (Fed. Cir. 1993) ("Debt Collection Act was intended to supplement, not displace, the government's pre-existing offset rights under the common law"); *Bosarge v. United States*, 5 F.3d 1414 (11th Cir. 1993) (Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 *et seq.*, expressly exempts common law or statutory right to offset or recoupment, *see* § 3003(c), from its requirements); *Cecile Indus., Inc v. Cheney*, 995 F.2d 1052 (Fed. Cir. 1993) (offset of claims from different contracts (setoff) not governed by Debt Collection Act, 31 U.S.C. § 3701 et seq.); *Allied Signal, Inc. v. United States*, 941 F.2d 1194 (Fed. Cir. 1991) (offset of claims from the same contract (recoupment) is not governed by the DCA); *Cascade Pac. Int'l v. United States*, 773 F.2d 287, 295-96 (Fed. Cir. 1985) (any procurement contract subsequent to 1979 containing CDA "all-disputes" clause reserved the common law right to offset money owed by defaulted contractor); *Amoco Prod. Co. v. Fry*, 904 F. Supp. 3 (D.D.C. 1995) (DCA merely supplements common law right to offset) *with Allison v. Madigan*, 951 F.2d 869 (8th Cir. 1991) (administrative setoff must comply with DCA).

G. **Mechanics Of Setoff.**

> **1. Setoff is stayed by the automatic stay**. ll U.S.C. § 362(a)(7); *In re Metropolitan Hosp.*, 131 B.R. 283, 288 (E.D. Pa. 1991). **However, this does not defeat the right of setoff; rather, it is merely stayed pending an "orderly examination of the debtor's and creditor's rights,"** *In re Corland Corp.*, 967 F.2d 1069, 1076 (5th Cir. 1992); *SBA v. Rinehart*, 887 F.2d 165, 169 (8th Cir. 1989) (same), **and a creditor may seek relief from the stay to effect setoff.** *Metropolitan Hosp.*, *supra.*; *In re Orlinski*, 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991). **A request for relief from the stay is a contested matter commenced by a motion and governed by Fed. R. Bankr. P. 9014. The stay expires 30 days after filing of the motion unless the court, after notice and hearing, continues it.** § 362(e). **The scope of these hearings is generally limited.** *See In re Transamerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992); *In re Midway Airlines, Inc.*, 167 B.R. 880, 883 (Bankr. N.D. Ill. 1994) ("hearings to determine whether to lift the stay are meant to be summary in character. ... limited strictly to adequacy of protection, equity,

and necessity to an effective reorganization."); *compare In re Vitreous Steel*, 911 F.2d 1223 (7th Cir. 1990) *with In re Shehu*, 128 B.R. 26 (Bankr. D. Conn. 1991). **By establishing a right to setoff, the United States makes a prima facie showing of "cause" for relief from the stay under § 362(d)(1).** *Matter of Firestone*, 179 B.R. 148, 148-49 (Bankr. D. Neb. 1995); *In re Olsen*, 175 B.R. 30, 33 (Bankr. D. Neb. 1994); *In re Whitaker*, 173 B.R. 359, 361 (Bankr. S.D. Ohio 1994); *In re Orlinski*, 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991); *In re Flanagan Bros., Inc.*, 47 B. R. 299, 303 (Bankr. D.N.J. 1985). **The debtor then has the burden of proof (preponderance of the evidence) in opposing motions for relief from the stay, including the burden of ultimate persuasion.** 11 U.S.C. § 362(g); *In re Laguna Assocs.*, 147 B.R. 709, 714 (Bankr. E.D. Mich. 1992); *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992); *see generally In re Kent Terminal Corp.*, 166 B.R. 555, 559-561 (Bankr. S.D.N.Y. 1994) (comprehensive discussion of burden of proof in motion for relief from stay hearings).

**2. The creditor's right to setoff is converted to a secured claim in any monies owed to the debtor**. 11 U.S.C. § 506(a); *In re Patterson*, 967 F.2d 505, 509 (11th Cir. 1992); *Braniff Airways v. Exxon*, 814 F.2d 1030, 1034 (5th Cir. 1987); *In re Allen*, 135 B.R. 856 (Bankr. N.D. Iowa 1992). **As cash collateral the amount subject to setoff can be used by the debtor under § 363. However, the debtor must (1) obtain court approval unless the creditor with right of setoff consents and (2) furnish adequate protection to the creditor.** 11 U.S.C. § 363(c)(2)(B); *In re Lough*, 163 B.R. 586, 588 (Bankr. D. Idaho 1994); *In re Waco Oil*, 137 B.R. 544, 547 (Bankr. M.D. Fla. 1992). **Funds subject to setoff are expressly excepted from any right of debtor to demand turnover under section § 542(b). If the creditor turns the money over to the debtor in such circumstances, the creditor is entitled to adequate protection,** *In re Empire For Him, Inc.*, 1 F.3d 1156, 1160 (11th Cir. 1993), **which may take the form of treating the claim in the plan as a secured claim.** *See In re Mohar*, 140 B.R. 273 (Bankr. D. Mont. 1992) (court recognizes setoff amount is secured claim, and, instead of allowing setoff of monies essential to the reorganization effort, orders claim treated as secured under the plan of reorganization).

**3. When Does Setoff Occur? Setoff occurs when the creditor (1) decides to setoff, (2) takes affirmative action, and (3) it's records show setoff**. *Citizens Bank v. Strumpf*, 116 S. Ct. 286 (1995); *Baker v. National City Bank*, 511 F.2d 1016 (6th Cir. 1975); *accord Horton Dairy, Inc. v. United States*, 986 F.2d 286, 291 (8th Cir. 1993); *In re Patterson*, 967 F.2d 505, 513 (11th Cir. 1992); *United States v. Bell Credit Union*, 860 F.2d 365, 369 (10th Cir. 1989); *In re Saugus Gen. Hosp.*, 698 F.2d 42 (1st Cir. 1983); *United States v. Citizens and Southern Nat'l Bank*, 538 F.2d 1101, 1107 (5th Cir. 1976), *cert. denied*, 430 U.S. 945 (1977); *Clarkson Co. v. Shaheen*, 533 F. Supp. 905 (S.D. N.Y. 1982) (retaining stock and declaring a setoff in annual reports accomplishes setoff); *In re Tillery*, 179 B.R. 576, 579-81 (Bankr. W.D. Ark. 1995). *Contra United States v. Norton*, 717 F.2d 767 (3d Cir. 1983) (setoff is accomplished when a creditor gives sufficient evidence of intent to make a setoff; retention of funds by a creditor is sufficient); *United States v. Reynolds*, 764 F.2d 1004 (4th Cir. 1985). **Both these cases are effectively reversed by the Supreme Court decision in *Citizens Bank* and were always distinguishable because they apply Pennsylvania law, which, unlike most states, is an "automatic setoff" state -- no bookkeeping entry or other overt act is required to accomplish setoff.** *See Pittsburgh Nat'l Bank v. United States*, 657 F.2d 36 (3d Cir. 1981).

**4. Freeze vs. Setoff. Substantial authority holds that the creditor may "freeze" sums subject to offset, but delay consummating setoff (often a mere bookkeeping entry) while filing a proof of claim indicating the sum is held "subject to" setoff, without requesting relief from the stay, at least until the trustee or debtor supplies adequate protection.** *Citizens Bank v. Strumpf*, 116 S. Ct. 286 (1995); *In re Corland Corp.*, 967 F.2d 1069, 1076 (5th Cir. 1992); *In re Edgins*, 36 B.R. 480 (Bankr. 9th Cir. l984); *Rio v. Army Aviation Ctr. Fed. Credit Union*, 82 B. R. 138 (M.D. Ala. 1986); *Kenny's Franchise Corp. v. Central Fidelity Bank*, 22 B.R. 747 (W.D. Va. 1982); *In re Laux*, 181 B.R. 60, 62-63 (Bankr. S.D. Ill. 1995); *In re Tillery*, 179 B.R. 576, 579-81 (Bankr. W.D. Ark. 1995) (excellent discussion of interplay of §§ 362, 506(a), 542 and 553 concluding that "[a] administrative freeze is nothing more than maintenance of the status quo because it merely preserves funds or balances in the same position as they were prepetition"); *In re Warwick*, 179 B.R. 582 (Bankr. W.D. Ark. 1995); *In re Gifford*, 174 B.R. 231 (Bankr. W.D. Ky. 1994); *In re Moreira*, 173 B.R. 965, 966-68 (Bankr. D. Mass. 1994); *In re Lough*, 163 B.R. 586, 588 (Bankr. D. Idaho 1994); *In re Custom Ctr., Inc.*, 163 B.R. 309, 319 (Bankr. E.D. Tenn. 1994); *In re Briggs*, 143 B.R. 438, 445-50 (Bankr. E.D. Mich. 1992); *Matter of Delaware & Hudson Ry. Co.*, 127 B.R. 756, 759 (Bankr. D. Del. 1991); *In re Learn*, 95 B.R. 495 (Bankr. N.D. Ohio 1989); *In re Air Atlanta*, 74 B.R. 426 (Bankr. N.D. Ga.), *aff'd*, 81 B.R. 724 (N.D. Ga. 1987); *In re Williams*, 61 B.R. 567 (Bankr. N.D. Tex. 1986); *In re Lee*, 40 B.R. 123 (Bankr. E.D. Mich. 1984); *In re Gazelle, Inc.*, 17 B.R. 617 (Bankr. W.D. Wis. 1982); *In re Carpenter*, 14 B.R. 405

(Bankr. M.D. Tenn. 1981) (all holding that a freeze does not violate the stay); 4 *Collier on Bankruptcy* ¶ 553.15, at 533-75 (15th ed. 1991). **However, prior to *Citizens Bank*, case law had not consistently supported this interpretation. Some courts equated the withholding of funds subject to setoff (a "freeze") as violating the automatic stay either by (1) accomplishing setoff in violation of § 362(a)(7) or, (2) exercising control over property of the estate in violation of § 362(a)(3).** *In re Patterson*, 967 F.2d 505, 513 (11th Cir. 1992) (in *dicta*, court "eviscerates the logic of those opinions" which find that a freeze is not setoff); *In re Rinehart*, 887 F.2d 165 (8th Cir. 1989) (SBA freeze of Dept. of Agriculture payment violates stay); *United States v. Reynolds*, 764 F.2d 1004 (4th Cir. 1985) (IRS freeze accomplishes setoff); *United States v. Norton*, 717 F.2d 772 (3d Cir. 1983) (IRS retention of debtor's funds is setoff under unique state law and violates the stay); *In re Wicks*, 176 B.R. 695 (Bankr. E.D.N.Y. 1995) (credit union withholding is exercising control over property of estate and tantamount to setoff); *In re Hudson*, 168 B.R. 449, 452-53 (Bankr. S.D. Ga. 1994) (IRS withholding is violation of § 362(a)(3)); *In re Midway Indus. Contractor, Inc.*, 167 B.R. 139, 143-44 (Bankr. N.D. Ill. 1994) (IRS withholding a violation of the stay), *rev'd*, 178 B.R. 734 (N.D. Ill. 1995) (IRS adjustments are not setoff); *In re Aquasport*, 115 B.R. 720 (Bankr. S. D. Fla. 1990); *In re Woloschak Farms*, 74 B.R. 261 (Bankr. N.D. Ohio 1987); *In re Executive Assoc.*, 24 B.R. 170 (Bankr. S.D. Tex. 1982); *In re Flynn*, 143 B.R. 798 (Bankr. D.R.I. 1992) (freeze is not setoff but is violation of the automatic stay nonetheless).

**H. Setoff And The Proof Of Claim. Nothing in § 553 requires that a right of setoff be asserted in a proof of claim to be preserved. To the contrary, § 553 expressly provides that nothing in the Code affects a creditor's right to setoff unless explicitly stated in § 553, which makes no mention of proofs of claim. Despite this, whether failing to file a proof of claim or failure to assert a right of setoff in a proof of claim may waive that right is subject to controversy.** *Compare In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990) (proof of claim not prerequisite to retention of setoff right); *Willcox v. Goess*, 92 F.2d 8, 16 (2d Cir. 1937), *cert. denied*, 303 U.S. 647 (1938) (setoff under Bankruptcy Act allowable on provable claim even if no proof made and bar date passed); *Bloor v. Shapiro*, 32 B.R. 993, 1002 (S.D.N.Y. 1983) (setoff permissible even in absence of timely filed proof of claim); *In re Aquasport, Inc.*, 155 B.R. 245, 247 (S.D. Fla. 1992), *aff'd*, 985 F.2d 579 (11th Cir. 1993); *In re Concept Clubs, Inc.*, 154 B.R. 581, 589 (D. Utah 1993); *Stratton v. Equitable Bank*, 104 B.R. 713, 735 (D. Md. 1989); *In re Calderone*, 166 B.R. 825, 830 (Bankr. W.D. Pa. 1994); *In re Selma Apparel Corp.*, 155 B.R. 241, 244 (Bankr. S.D. Ala. 1992); *In re Suncrete Corp.*, 100 B.R. 102, 104 (Bankr. M.D. Fla. 1989); *In re Denby Stores*, 86 B.R. 768, 777 (Bankr. S.D.N.Y. 1988); Lawrence P. King, 4 *Collier on Bankruptcy* ¶ 553.01[4], at 553-6 (15th ed. 1993) (all allowing setoff without filing proof of claim) *and In re Custom Ctr., Inc.*, 163 B.R. 309, 315-17 (Bankr. E.D. Tenn. 1994) (failure to assert setoff in original proof of claim does not waive right to setoff) *with In re Britton*, 83 B.R. 914, 919-921 (Bankr. E.D.N.C. 1988); *In re Butler*, 61 B.R. 790 (Bankr. S.D. Fla. 1986); *and* 4 *Collier on Bankruptcy* ¶ 553.07, at 553-43 (all asserting that failure to preserve setoff in proof of claim is waiver of that right). *See also In re Village Craftsman, Inc.*, 160 B.R. 740, 748 (Bankr. D.N.J. 1993) (setoff waived when creditor files unsecured proof of claim and does not object to unsecured treatment in plan of reorganization); *In re Apex Int'l Mgmt. Servs., Inc.*, 155 B.R. 591 (Bankr. M.D. Fla. 1993); *In re Sound Emporium*, 48 B.R. 1 (Bankr. W.D. Tex. 1984) (both holding that setoff permitted if failure to assert that right in proof was good faith mistake and led to no detrimental reliance by other parties). **That setoff should be asserted in the proof of claim at all is inconsistent with the nature of setoff as an affirmative defense. Setoff does not assert a claim (a right of payment) against the estate -- it merely seeks to reduce the recovery demanded by the estate.** *In re Concept Clubs, Inc.*, 154 B.R. 581, 588-89 (D. Utah 1993); *accord In re M & L Business Machine Co.*, 178 B.R. 270, 272 (Bankr. D. Colo. 1995); *Posey v. Dep't of Treasury*, 156 B.R. 910, 919 (W.D.N.Y. 1993) (both holding that setoff when asserted as merely an affirmative defense, i.e., the party does not seek an affirmative recovery, is not a "claim" in bankruptcy); *cf. In re Calderone*, 166 B.R. 825, 830 (Bankr. W.D. Pa. 1994) ("A creditor asserting setoff is not requesting distribution from the bankruptcy estate res but is seeking to satisfy a debt owed to it by the debtor to the extent of the debt it owes to the debtor. Setoff permits parties to 'net' their respective obligations."). *Contra In re Town & Country Home Nursing Servs.*, 963 F.2d 1146, 1150-51 (9th Cir. 1991) (asserting a setoff right results in an informal proof of claim).

**I. Avoidance Of The Setoff**

**1. Improvement in Position Test. Prepetition setoffs effected during the 90-day prebankruptcy period may be avoided or limited by the trustee if they improved the position of the creditor.** *See, e.g.*, *Braniff Airways v. Exxon*, 814 F.2d 1030 (5th Cir. 1987); *In re Moreira*, 173 B.R. 965, 970-71 (Bankr. D. Mass. 1994) (§ 553(b) only applies to prepetition, rather than postpetition, setoffs); *In re Lawndale Steel Co.*, 155 B.R. 990 (Bankr. N.D. Ill. 1993) (court compares §§ 553(b), 547; discusses legislative history); *In re Express Freight Lines*, 130 B.R. 288 (Bankr. E.D. Wis. 1991); *In re Keystone Foods*, 145 B.R. 502, 507 (Bankr. W.D. Pa. 1992) (setoff is a miniature

preference section protecting certain preferences; to the extent setoff is improper look at the transaction as a preference, and disallow that part that improves the creditor's position in 90 days prior to bankruptcy); *In re Fox*, 62 B.R. 432 (Bankr D.R.I. 1986). **The creditor is limited to the lowest amount of the difference between the credit and claim during the 90-day prebankruptcy period (the creditor's point of maximum exposure).** 11 U.S.C. § 553(b). **However, in cases where the United States' prepetition setoff is mandated by statute, some courts have refused to apply this limitation.** *See Lee v. Schweiker*, 739 F.2d 870 (3d Cir. 1984) (Social Security Administration's recoupment of past overpayments to debtor from monthly entitlement payments within 90 days before petition not avoidable; § 553(b) aimed at banks who could pressure debtor to make deposits in anticipation of bankruptcy. Because SSA had no discretion, debtor's entitlement deemed payable prior to the 90 days for purposes of the "improvement in position" test.); *accord Cresta v. United States*, 58 B.R. 588 (E.D. Pa. 1986); *In re Moses*, 91 B.R. 994 (Bankr. M.D. Fla. 1988).

**2. No right to setoff where claims acquired from a third person, or debts incurred, for the purpose of setoff, during the 90-day prebankruptcy period or obtained after the commencement of the case.** *See In re Southern Indus. Banking Corp.*, 809 F.2d 329 (6th Cir. 1987); *In re Moreira*, 173 B.R. 965, 972 (Bankr. D. Mass. 1994) (whether bank accepted deposit for the purpose of obtaining a right to setoff is a question of fact); *Record Club of America v. United Artists*, 80 B.R. 271 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 553(a)(2), (3).

**3. No right to setoff where creditor's claim is disallowed on the merits.** *See In re Ionosphere Clubs, Inc.*, 177 B. R. 198 (Bankr. S.D.N.Y. 1995) (creditor must be able to prove its claim to exercise its right to setoff that claim); *In re Sutton Invs.*, 53 B.R. 226 (Bankr. W.D. La. 1985); 11 U.S.C. § 553(a)(1). **In contrast, where the claim is disallowed for technical reasons (i.e., late filing), the right of setoff is unaffected.** *See generally In re Davidovich*, 901 F.2d 1533, 1538-39 (10th Cir. 1990); *In re Schaffer*, 173 B.R. 393, 397 (Bankr. N.D. Ill. 1994) (discussing difference between a late filed claim which cannot be "deemed allowed" under § 502(b) and a claim which is "disallowed").

**J. Setoff After Discharge. A creditor may setoff a prepetition debt after discharge without violating the statutory injunctive provisions of the Bankruptcy Code.** *See, e.g.*, *In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269 (9th Cir. 1992) (§ 553 takes precedence over § 1141 in chapter 11 case); *In re Davidovich*, 901 F.2d 1533 (10th Cir. 1990) (same); *In re Holder*, 182 B.R. 770 (Bankr. M.D. Tenn. 1995) (same); *In re Pettibone Corp.*, 161 B.R. 960, 964 (N.D. Ill. 1993) (in dictum, "we do not agree ... that the Confirmation Order, [or] § 524 ... prohibit [postpetition] setoffs"), *aff'd in part and remanded in part on other grounds*, 34 F.3d 536 (7th Cir. 1994); *In re Buckenmaier*, 127 B.R. 233 (Bankr. 9th Cir. 1991); *Posey v. Dep't of Treasury*, 156 B. R. 910, 915 (W.D.N.Y. 1993); *Reich v. Davidson Lumber Sales Emp. Ret. Plan*, 154 B.R. 324, 334 (D. Utah 1993); *In re Thompson*, 182 B.R. 140, 154 (Bankr. E.D. Va. 1995); *In re Runnels*, 134 B.R. 562, 565 (Bankr. E.D. Tex. 1991); *In re Eggemeyer*, 75 B.R. 20, 22 (Bankr. S.D. Ill. 1987) (all holding that § 553 takes precedence over § 524(a)(2) in chapter 7 case); *In re Womack*, 188 B.R. 259 (Bankr. E.D. Ark. 1995); *In re Tillery*, 179 B.R. 576, 578 (Bankr. W.D. Ark. 1995); *In re Warwick*, 179 B.R. 582, 584-85 (Bankr. W.D. Ark. 1995); *In re Olson*, 175 B.R. 30, 32 (Bankr. D. Neb. 1994); *In re Whitaker*, 173 B.R. 359, 362-63 (Bankr. S.D. Ohio 1994); *In re Orlinski*, 140 B.R. 600 (Bankr. S.D. Ga. 1991) (all holding that setoff rights survive confirmation of chapter 13 plan); *In re Custom Ctr., Inc.*, 163 B.R. 309, 316 (Bankr. E.D. Tenn. 1994) (§ 524 does not preclude postdischarge setoff); *Record Club of America v. United Artists*, 80 B.R. 271 (S.D.N.Y. 1987) (old Bankruptcy Act § 68 (setoff) takes precedence over Bankruptcy Act § 14(f) (discharge)). *Contra Norton v. IRS*, 717 F.2d 767, 774 (3d Cir. 1983) (§ 1327 confirmation takes precedence over § 553); *In re Dezarn*, 96 B.R. 93 (Bankr. E.D. Ky. 1988) (setoff right does not survive chapter 7 discharge). **This is consistent with the principle that, although a discharge extinguishes the personal liability of the debtor, discharge does not extinguish the actual debts. Discharge of the debtor does not eradicate *in rem* liability which may exist against assets, including monies.** *See, e.g.*, *Dewsnup v. Timm*, 112 S. Ct. 773, 778 (1992) ("ordinarily, ... secured interests survive bankruptcy" -- discharge only relieves the debtor of personal liability for the debt and does not affect *in rem* actions against property); *In re Gibson*, 172 B.R. 47, 49 (Bankr. W.D. Ark. 1994) (debt survives bankruptcy; *in rem* liability remains extant). **Nonbankruptcy courts have concurrent jurisdiction with the bankruptcy court to decide whether invocation of a postdischarge setoff right violates the bankruptcy discharge.** *In re Ford*, 188 B.R. 523, 526-27 (Bankr. E.D. Pa. 1995).

**K. Setoff And Turnover Proceedings Under § 542. While a trustee can sue in a turnover action under 11 U.S.C. § 542 to collect funds due the estate, § 542(b) expressly excepts funds that can be setoff pursuant to § 553. Thus the right to setoff is a defense to a turnover proceeding under § 542(b).** *In re Corland Corp.*, 967 F.2d 1069, 1077 (5th Cir. 1992); *In re Suncrete Corp.*, 100 B.R. 102, 103-04 (Bankr. M.D. Fla. 1989); *see also In re Flynn*, 143 B.R. 798 (Bankr. D.R.I. 1992) (excellent

discussion of interplay between §§ 553, 362, and 542 in context of bank freeze of monies subject to setoff); *see generally*, *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1472-73 (D.C. Cir. 1991) (withholding property that is subject to disputed legal claims is not a violation of § 362(a)(3); such a "view would turn every act of the possessor that implicitly asserts his title over disputed property into a violation of § 362(a) ... creating a kind of universal end-run around the limits on turnover."); *In re Atlantic Computer Sys.*, 173 B.R. 858, 861-62 (S.D.N.Y. 1994) (creditor asserting setoff/recoupment rights is entitled to resolution of its rights and reasonable time to comply with decision if adverse before it can be penalized for not turning over the funds; court rejects argument that creditor must turn over funds prior to resolution of rights of setoff/recoupment); *In re CIS Corp.*, 172 B.R. 748, 759 (S.D.N.Y. 1994) (turnover action does not properly involve property subject to dispute; turnover appropriate where "its purpose is the collection rather than the creation, recognition or liquidation of a matured debt"); *In re Ven-Mar Int'l Inc.*, 166 B.R. 191, 192 (S.D. Fla. 1994) (same).

**L. Setoff As A Voidable Preference Under § 547. Section 547 allows the Trustee to avoid preferential transfers. However, setoff is governed exclusively by § 553 and is not avoidable as a preference under § 547. *In re Dillard Ford, Inc.*, 940 F.2d 1507, 1512 (5th Cir. 1991); *Lee v. Schweiker*, 739 F.2d 870, 873 n.4 (3d Cir. 1984); *In re Kalenze*, 175 B.R. 35 (Bankr. D.N.D. 1994)("Only if the court finds the setoff invalid and additionally concludes that no right of setoff exists, is section 547 applied."); *In re Centolella*, 142 B.R. 624, 627 (Bankr. N.D.N.Y. 1992); *In re Pineview Care Ctr. Inc.*, 142 B.R. 677, 678 (Bankr. D.N.J. 1992), *aff'd*, 152 B.R. 703 (D.N.J. 1993).**

**M. Setoff And Sovereign Immunity. The Bankruptcy Reform Act of 1994 substantially altered 11 U.S.C. § 106; sovereign immunity has been waived for most sections under which setoff is contested by debtors or trustee, i.e., §§ 542, 553. However, under the old § 106, withholding payment based upon a right of setoff should not itself have waived sovereign immunity. The old section 106(b) and (c) did not allow for affirmative money judgments against the United States in any case. *United States v. Nordic Village*, 112 S. Ct. 1011 (1992). Old section 106(a) waived sovereign immunity for affirmative money judgments for claims which were compulsory counterclaims to a filed proof of claim of the United States. *In re 995 Fifth Ave. Assocs.*, 127 B.R. 533, 537 (S.D.N.Y. 1991), *aff'd*, 963 F.2d 503, 509 n.1 (2d Cir. 1992); *Davis v. IRS*, 136 B.R. 414, 420 (E.D. Va. 1992); *In re Moulton*, 133 B.R. 248, 250 (Bankr. M.D. Fla. 1991); *In re Wildwerering*, 130 B.R. 294, 295-96 (Bankr. S.D. Iowa 1991). Setoff, without filing a proof of claim, did not, therefore, waive sovereign immunity because setoff does not assert a claim against the estate -- it merely seeks to reduce the recovery demanded by the estate. *In re Concept Clubs, Inc.*, 154 B.R. 581, 588-89 (D. Utah 1993); *accord In re M & L Business Machine Co.*, 178 B.R. 270, 272 (Bankr. D. Colo. 1995) (setoff when it is merely an affirmative defense, i.e., the party does not seek an affirmative recovery, is not a "claim" in bankruptcy); *Posey v. Dep't of Treasury*, 156 B.R. 910, 919 (W.D.N.Y. 1993) (same); *cf. In re Calderone*, 166 B.R. 825, 830 (Bankr. W.D. Pa. 1994) ("A creditor asserting setoff is not requesting distribution from the bankruptcy estate res but is seeking to satisfy a debt owed to it by the debtor to the extent of the debt it owes to the debtor. Setoff permits parties to 'net' their respective obligations."). *Contra In re Town & Country Home Nursing Servs.*, 963 F.2d 1146, 1150-51 (9th Cir. 1991) (asserting a setoff right results in an informal proof of claim and a waiver of sovereign immunity); *In re Taylor*, 148 B.R. 361 (S.D. Ga. 1992); *In re Operation Open City, Inc.*, 148 B.R. 184 (Bankr. S.D.N.Y. 1992), *aff'd* 170 B.R. 818 (S.D.N.Y. 1994) (same); *In re Inslaw*, 76 B.R. 224, 229-30 (Bankr. D.D.C. 1987), *aff'd* 83 B.R. 89 (D.D.C. 1989), *rev'd on other grounds*, 932 F.2d 1467 (D.C. Cir. 1991) (same).**

**N. Setoff And The Uniform Commercial Code. Article 9 of the UCC expressly states that it does not apply to any right of setoff, so its filing requirements are irrelevant in asserting setoff. However, courts have held it governs the priority between a right to setoff and a perfected security interest. *In re Davidson Lumber Sales, Inc.*, 66 F.3d 1560 (10th Cir. 1995); *In re Apex Oil Co.*, 975 F.2d 1365 (8th Cir. 1992). Generally, we should argue that the debtor cannot assign greater rights than it possesses. Therefore, if the debtor would lose to our right of setoff, so must the secured creditor, who is, after all, asserting only a derivative right. A secured creditor with priority over other creditors is still subject to setoff as a counterclaim or defense. *See, e.g.*, *Rochelle v. United States*, 521 F.2d 844, 855 (5th Cir. 1975) (subordinated claims still subject to setoff by United States); *Hayden v. Standard Accident Ins. Co.*, 316 F.2d 598 (9th Cir. 1963) (surety's subordinated claim still subject to setoff); *In re Defense Servs., Inc.*, 104 B.R. 481 (Bankr. S.D. Fla. 1989) (United States can set off subordinated claim); *In re Don's Elec., Inc.*, 65 B.R. 399, 403 (Bankr. W.D. Wis. 1986) (bank's security interest in accounts receivable still subject to setoff); *see generally United Cal. Bank. v. Eastern Mt. Sports*, 546 F. Supp. 945, 963-64 (D. Mass. 1982) (setoff allowed against secured creditor only if claim "accrues" before assignment).**

**O. Setoff And Disallowance Of Claims Under § 502(d). Section 502(d) permits the disallowance of a creditor's claims if that creditor fails to turnover property of the estate. However, if the property is held subject to setoff, the creditor is entitled to**

**continue to hold it or have it placed in an interest bearing segregated account pending a determination of its setoff rights. *See In re Davis*, 889 F.2d 658 (5th Cir. 1989); *In re Atlantic Computer Sys.*, 173 B.R. 858, 861-62 (S.D.N.Y. 1994) (court must give party a reasonable time to turnover monies after its asserted setoff/recoupment rights are resolved before § 502(d) can be invoked); *In re Chase & Sanborn Corp.*, 1991 Bankr. LEXIS 223 (Bankr. S.D. Fla. Jan. 30, 1991); *see generally Citizens Bank of Maryland v. Strumpf*, 116 S. Ct. 286, 289 (1995) (creditor may withhold funds subject to setoff).**

**P. Setoff And The Statute Of Limitations. That a statute of limitations bars a government suit to collect an amount due does not bar the government from invoking its administrative remedies to offset the debt against other claims by the debtor against the government. *See, e.g., Thomas v. Bennett*, 856 F.2d 1165, 1169 (8th Cir. 1988); *In re Mid Atl. Fund, Inc.*, 60 B.R. 604, 609-10 (Bankr. S.D.N.Y. 1986) (statutory limitation periods generally have no application to offsetting counterclaims and other matters of defense).**

**Q. Setoff And The Automatic Stay. Setoffs found to violate the automatic stay do not justify denial of an otherwise valid right of setoff. Instead, violations of the stay are punished under § 362(h), which does not authorize denial of setoff as a sanction. At best the debtor should be entitled to damages suffered on account of the stay violation which should be zero unless the debtor was willing and able to provide adequate protection for the creditor's security interest in the amounts held subject to setoff.** 11 U.S.C. §§ 506(a), 363(a),(c)(2), and (e); *see generally In re Hudson*, 168 B.R. 449, 453 (Bankr. S.D. Ga. 1994) (court finds IRS withholding is a violation of the stay but permits setoff nonetheless; violation of stay only entitles debtor to recovery under § 362(h)); *In re Midway Indus. Contractors, Inc.*, 167 B.R. 139, 144 (Bankr. N.D. Ill. 1994) (offset in violation of the stay is not "sufficient reason to deny the [IRS] the modification of the stay" -- court sanctions IRS under ••(h) instead), *rev'd*, 178 B.R. 734 (N.D. Ill. 1995) (IRS adjustments are not setoff; § 362(h) does not apply to corporate debtors); *In re Lough*, 163 B. R. 586, 589 (Bankr. D. Idaho 1994) (••(h) does not allow for sanctions for freezing funds even if a technical violation of the automatic stay); *In re Custom Ctr., Inc.*, 163 B.R. 309, 318-19 (Bankr. E.D. Tenn. 1994) (withholding funds, even if a violation of the automatic stay, does not justify denial of otherwise valid right of setoff); *In re Gribben*, 158 B.R. 920 (S.D.N.Y. 1993) (setoff without relief from stay a mere "faux pas" and does not justify denial of an otherwise valid right of setoff). *But see In re Operation Open City, Inc.*, 148 B.R. 184 (Bankr. S.D.N.Y. 1992), *aff'd* 170 B.R. 818, 825 (S.D.N.Y. 1994) (setoff in violation of stay is void and warrants turnover order against creditor).

**R. Setoff Of Fraudulent Conveyances Under § 544(b). Courts have generally denied the setoff of a creditor's obligation to return monies obtained through a fraudulent conveyance.** *In re Acequia, Inc.*, 34 F.3d 800, 817 (9th Cir. 1994).

**S. Setoff Against The United States. Setoff by a debtor against the United States is not controlled by § 553. Rather, a debtor's right to setoff against the United States arises from state law, § 106(c) (waiver of sovereign immunity for setoff against the United States), § 502(b)(1), and § 558.** *In re Westchester Structures, Inc.*, 181 B.R. 730, 738-42 (Bankr. S.D.N.Y. 1995); *cf. In re Stevens*, 187 B.R. 48, 52 (Bankr. S.D. Ga. 1995) (Trustee's power to withhold payment from creditor to recover earlier overpayment is not derived from any right of setoff granted by § 553; rather a trustee's right to setoff is based on "the overall scheme of bankruptcy administration.").

**T. Applying Setoff Funds. Frequently, where the United States tries to setoff its claims against its debts, debtors argue that we should be forced to allocate those setoff funds in a particular manner. We naturally want to setoff those funds against general unsecured claims which are not likely to be paid in full (if at all) while leaving our secured or priority claims unsatisfied with the expectation that we may actually recover more overall this way. There is no authority supporting an argument that the debtor may compel our allocation of setoff funds.** *In re Lawson*, 187 B.R. 6 (Bankr. D. Idaho 1995) (Debtor demanded that the IRS allocate its setoff to satisfy its priority claims because to do otherwise would give the IRS a "preference" over other unsecured creditors. The court rejected this argument, noting that setoff inherently gives a creditor a preference over other creditors and that the IRS has the right to apply the setoff as it wishes).

[updated June 1998]

# 67. Setoff and Recoupment in Bankruptcy -- Recoupment

**III. *RECOUPMENT***

**A. Recoupment Defined. Recoupment is the setting up of a demand arising from the same transaction as the plaintiff's claim, to abate or reduce that claim. Recoupment, a creditor's right long recognized in bankruptcy proceedings, is merely the means used to determine the proper liability on the amounts owed.** *See, e.g.*, *Reiter v. Cooper*, 113 S. Ct. 1213, 1218 n.2 (1993); *Bull v. United States*, 295 U.S. 247, 262 (1935) ("recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded"); *In re Flagstaff Realty Assocs.*, 60 F.3d 1031 (3d Cir. 1995) ("[a] claim subject to recoupment avoids the usual bankruptcy channels and thus, in essence, is given priority over other creditor's claims"); *United Structures of Amer. v. G.R.G. Eng'g*, 9 F.3d 996, 999 (1st Cir. 1993) (recoupment is "'in the nature of a defense' and is intended to permit ... judgment to be rendered that does justice in view of the one transaction as a whole;" "allowing the creditor to recoup damages simply allows the debtor precisely what is due when viewing the transaction as a whole."); *In re Holford*, 896 F.2d 176, 178 (5th Cir. 1990); *In re B & L Oil Co.*, 782 F.2d 155, 158 (10th Cir. 1986); *In re Smith*, 737 F.2d 1549, 1553 (11th Cir. 1994); *In re Izaguirre*, 166 B.R. 484, 490-93 (Bankr. N.D. Ga. 1994) ("[R]ecoupment merely adjusts the claim of the plaintiff under the contract. Hence, recoupment asserted as a defense is not an "offset" to a claim ... ; recoupment speaks not simply to the net amount due from one party to the other computed by subtracting one claim from the other, but rather to the amount of the plaintiff's claim alone on a particular contract, transaction or event."); *In re Keisler*, 176 B.R. 605, 607 (Bankr. M.D. Fla. 1994) (Amounts subject to recoupment are not a "debt" as defined in the Bankruptcy Code.); 4 *Collier on Bankruptcy* ¶ 553.03, at 553-12 (15th ed. 1991); *see also In re Flagstaff Realty Assocs.*, 60 F.3d 1031 (3d Cir. 1995) (To the extent a debtor's claim is subject to recoupment, the debtor has no interest in the future income stream to the extent of the creditor's recoupment claim.); *In re Gross Plumbing & Heating Co.*, 146 B.R. 914 (Bankr. W.D.N.Y. 1992) (discusses concept of recoupment as an adjustment of amounts owed and that amounts subject to recoupment are not property of the estate); *Amoco Prod. Co v. Fry*, 904 F. Supp. 3 (D.D.C. 1995) (Plaintiffs have no property right in funds withheld to preserve right of recoupment until all prior debts are resolved and satisfied.). *But see In re Centergas, Inc.*, 172 B.R. 844, 851-52 (Bankr. N.D. Tex. 1994) (Recoupment is an impermissible violation of bankruptcy policy of equal distribution).

**1. Same transaction. The parameters of recoupment are derived from the common law pleading rules concerning counterclaims.** *Coplay Cement Co. v. Willis & Paul Group*, 983 F.2d 1435, 1440 (7th Cir. 1993) (recoupment is the "ancestor" of the compulsory counterclaim presently set forth in Fed. R. Civ. P. 13(a)); *Frederick v. United States*, 386 F.2d 481, 487 (5th Cir. 1967). **In that context it has been said that "transaction" is a word of flexible meaning, including a series of occurrences, depending not so much on the immediateness of their connection as upon their logical relationship.** *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926); *In re Pinkstaff*, 974 F.2d 113 (9th Cir. 1992); *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378 (11th Cir. 1991); *Tullos v. Parks*, 915 F.2d 1192 (8th Cir. 1990); *Savarese v. Agriss*, 883 F.2d 1194, 1208 (3d Cir. 1989); *United States v. Pullman Constr. Indus., Inc.*, 153 B.R. 539, 541-42 (N.D. Ill. 1993). **Some courts, however, take a much more restrictive view of "transaction", usually requiring a single contract or even a single transaction under a contract.** *Compare In re University Medical Ctr.*, 973 F.2d 1065 (3d Cir. 1992) (recoupment requires single integrated transaction) *and In re California Canners and Growers*, 62 B.R. 18 (Bankr. 9th Cir. 1986) (each delivery under a single distributor's agreement a separate transaction for recoupment purposes) *with In re B & L Oil*, 782 F.2d 155 (10th Cir. 1986) (month-to-month purchases under a single contract arise from same transaction for recoupment). *Compare In re Norsal Indus.*, 147 B.R. 85, 89 (Bankr. E.D.N.Y. 1992) (prepetition deposit for utility services can be used to recoup subsequent later unpaid monthly obligations as they arise out of the same transaction) *with In re Village Craftsman, Inc.*, 160 B.R. 740, 747 (Bankr. D.N.J. 1993) (collecting cases on utility services recoupment and holding against recoupment of prepetition deposit). **Other courts have required "'some type of overpayment,' whether accidentally or contractually made" to permit recoupment.** *In re Photo Mech. Servs., Inc.*, 179 B.R. 604, 613 (Bankr. D. Minn. 1995); *In re Midway Airlines, Inc.*, 175 B.R. 239, 246 (Bankr. N.D. Ill. 1994).

**(a) Where the relationship between the creditor and the debtor is contractual, and the mutual debts arise from the same contract, withholding from ongoing payments to offset earlier overpayments has generally been allowed as recoupment. Because recoupment is an equitable defense, most courts recognize that application of the defense of recoupment in a contractual context is especially appropriate. Where the parties' mutual debts arise out of the contract recoupment is allowed because "there is but one recovery due on a contract, and that recovery must be determined by taking into account the mutual benefits and obligations of the contract."** *See, e.g., In re Alpco*, 62 B.R. 184, 188 (Bankr. S.D. Ohio 1986) (quoting *In re Maine*, 32 B.R. 452, 455 (Bankr. W.D.N.Y. 1983)); *accord In re Flagstaff Realty Assocs.*, 60 F.3d 1031 (3d Cir. 1995) (where the creditor's claim for repair costs and the debtor's claim to rent payment arise from the lease relationship they arise from the same transaction and are subject to recoupment); *Matter of Coxson*, 43 F.3d 189, 193-94 (5th Cir. 1995) (where creditor's and debtor's obligations arise out of the same contract recoupment is appropriate); *Distribution Servs. Ltd. v. Eddie Parker Interests Inc.*, 897 F.2d 811, 812 (5th Cir. 1990) ("Recoupment is a defense that goes to the foundation of plaintiff's claim by deducting from plaintiff's recovery all just allowances or demands accruing to the defendant with respect to the **same contract or transaction.**"); *First Nat'l Bank v. Master Auto Serv. Corp.*, 693 F.2d 308, 310 n.1 (4th Cir. 1982) ("Recoupment is the right of a defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the **very contract giving rise to the plaintiff's claim.**"); *Speakman v. Bernstein*, 59 F.2d 520, 522 (5th Cir. 1932) ("[Defendant]'s defensive right of recoupment under the contract remains so long as any right under that **same contract** is urged against him offensively"); *FSLIC v. Smith*, 721 F. Supp. 1039, 1042 (E.D. Ark. 1989) (recoupment is "the right of a defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the **very contract giving rise to the plaintiff's claim**."); *In re Midwest Serv. and Supply Co.*, 44 B.R. 262, 266 (D. Utah 1983) ("A **single contract** must be considered one transaction."); *Waldschmidt v. CBS, Inc.*, 14 B.R. 309, 314 (M.D. Tenn. 1981) (in case under the Bankruptcy Act, court holds that where both obligations "**grow out of the [same] contract**," the obligations "unquestionably arise from the same transaction"); *In re Bram*, 179 B.R. 824 (Bankr. E.D. Tex. 1995) (where prepetition overpayments and postpetition payments arise by the terms of the same contract, they arise from the "same transaction"); *In re LaPierre*, 180 B.R. 95 (Bankr. D.S.C. 1994) (Reduction of ongoing payments is properly characterized as recoupment where the ongoing payments arise out of same contactual relationship as prior overpayments.); *In re Izaguirre*, 166 B.R. 484, 493 (Bankr. N.D. Ga. 1994) ("[R]ecoupment speaks not simply to the net amount due from one party to the other computed by subtracting one claim from the other, but rather to the amount of the plaintiff's claim alone on **a particular contract**, transaction or event."); *In re Northeast Exp. Regional Airlines, Inc.*, 169 B.R. 258 (Bankr. D. Me. 1994) (Obligations "arising from" and "directly related" to contractual relationship are subject to recoupment.); *In re Bob Brest Buick, Inc.*, 136 B.R. 322, 323 (Bankr. D. Me. 1991) (A business relationship is a "continuous one which permits recoupment."); *In re Tidewater Memorial Hospital*, 106 B.R. 876, 881-82 (Bankr. E.D. Va. 1989) ("Recoupment rests on the principle that it is just and equitable to settle in one action all claims growing out of the **same contract** or transaction."); *In re Hiler*, 99 B.R. 238, 242 (Bankr. D.N.J. 1989) (A defendant "clearly has a right of recoupment" where "all the claims arise out of the **same contract**."); *see generally Cecile Indus. Inc. v. Cheney*, 995 F.2d 1052, 1054 (Fed. Cir. 1993) ("Indisputably, the Government has long enjoyed the right to offset contract debts to the United States against contract payments due to the debtor."); *In re Mohawk Indus.*, 82 B.R. 174 (Bankr. D. Mass. 1987); *In re American Cent. Airlines, Inc.*, 60 B.R. 587 (Bankr. N.D. Iowa 1986). *Contra University Medical Ctr. v. Sullivan*, 973 F.2d 1065, 1081-82 (3d Cir. 1992) ("same transaction" requirement for recoupment must be narrowly construed); *In re Thompson*, 182 B.R. 140, 147-49 (Bankr. E.D. Va. 1995) ("One contract alone, however, is not sufficient to establish a single transaction, since separate transactions may occur within the confines of the contract."); *In re California Canners and Growers*, 62 B.R. 18 (Bankr. 9th Cir. 1986).

**(b) Where the relationship between the United States and the debtor is statutory rather than contractual, such as social security beneficiaries or VA overpayments, recoupment has frequently been denied.** *Lee v. Schweiker*, 739 F.2d 870 (3d Cir. 1984); *In re Rowan*, 15 B.R. 834 (Bankr. N.D. Ohio 1981), *aff'd*, 747 F.2d 1052 (6th Cir. 1984) (no recoupment right to withhold SSA benefits "earned" postpetition to collect prepetition debt); *In re Howell*, 4 B.R. 102 (M.D. Tenn. 1980) (no recoupment of past overpayments under FECA from future benefits). *Contra In re Ross*, 104 B.R. 171 (E.D. Mo. 1989) (distinguishing *Lee* and allowing recoupment of unemployment compensation benefits); *In re Keisler*, 176 B.R. 605, 607 (Bankr. M.D. Fla. 1994) (VA entitled to recoup prior overpayments from ongoing disability payments); *In re Newman*, 35 B.R. 97, 99 (Bankr. W.D.N.Y. 1983) (VA entitled to withhold disability benefits "earned" postpetition to offset lump sum severance payment made prepetition

where both "resulted" from same disability incident); *cf. Sullivan v. Everhart*, 494 U.S. 83 (1990) (in dicta, referring to adjusting ongoing OASDI or SSI payments by decreasing future payments on account of past overpayments as recoupment).

**B. United States Right To Recoupment. The United States has a long recognized right to recoup federal monies erroneously paid out.** *See, e.g.*, *United States v. Carr*, 132 U.S. 644 (1890); *Bechtel v. PBGC*, 781 F.2d 906, 907 (D.C. Cir. 1986) (United States has inherent right to recoup past overpayments by adjusting the levels of ongoing payments).

**C. Recoupment And The Automatic Stay. The automatic stay does not apply to recoupment**. *See In re Holford*, 896 F.2d 176, 179 (5th Cir. 1990); *University Medical Ctr. v. Sullivan*, 122 B.R. 919, 925 (E.D. Pa. 1990), *aff'd*, 973 F.2d 1065 (3d Cir. 1992); *In re Norsal Indus.*, 147 B.R. 85 (Bankr. E.D.N.Y.); *In re Rooster*, 127 B.R. 560 (Bankr. E.D. Pa. 1991); *In re Visiting Nurse Ass'n*, 121 B.R. 114 (Bankr. M.D. Fla. 1990); *In re Hiler*, 99 B.R. 238, 242-43 (Bankr. D.N.J. 1989); *In re Midwest Serv. and Supply Co.*, 44 B.R. 262, 265 (D. Utah 1983); *In re Maine*, 32 B.R. 452 (Bankr. S.D.N.Y. 1983); *In re Yonkers Hamilton Sanitarium*, 22 B.R. 427 (Bankr. S.D.N.Y. 1982), *aff'd*, 34 B.R. 385 (S.D.N.Y. 1983). *Contra In re Scharff*, 143 B.R. 541 (Bankr. S.D. Iowa 1992); *In re Heafitz*, 85 B.R. 274 (Bankr. S.D.N.Y. 1988); *In re Memorial Hosp.*, 82 B.R. 478 (W.D. Wis.), *appeal dismissed*, 862 F.2d 1299 (7th Cir. 1988); *In re Klingberg Schools*, 68 B.R. 173, 178 n.3 (N.D. Ill. 1986). *See also In re Izagirre*, 166 B.R. 484, 493 (Bankr. N.D. Ga. 1994) (Although creditor may not "technically" need relief from the stay, "the better approach is to seek relief from the stay as a precaution.")

**D. Timing. The time limits of setoff do not apply; prepetition claims can be withheld from postpetition debts**. *See In re Midwest Serv. and Supply Co.*, 44 B.R. 262 (D. Utah 1983) (recoupment allowed when prepetition progress payments exceeded value of construction work when performance continued postpetition); *Waldschmidt v. CBS, Inc.*, 14 B.R. 309 (M.D. Tenn. 1981) (prepetition advances by creditor can be recouped from royalties earned by debtor postpetition); *In re Bob Brest Buick, Inc.*, 136 B.R. 322 (Bankr. D. Me. 1991) (recoupment is "without regard to the pre- or post-petition timing of a particular financial event"); *In re Mohawk Indus.*, 82 B.R. 174, 177-78 (Bankr. D. Mass. 1987); *In re American Cent. Airlines, Inc.*, 60 B.R. 587, 590 (Bankr. N. D. Iowa 1986). *But see In re Ruiz*, 146 B.R. 877 (Bankr. S.D. Fla. 1992) (recoupment only available if prepetition work produces postpetition revenue which is not dependent on the debtor's postpetition efforts).

**E. Recoupment After Discharge. Recoupment is unaffected by a discharge in bankruptcy.** *In re Flagstaff Realty Assocs.*, 60 F.3d 1031 (3d Cir. 1995) (recoupment survives discharge even if creditor did not object to plan or seek a stay pending appeal); *In re Harmon*, 188 B.R. 421, 425 (Bankr. 9th Cir. 1995) (recoupment "unaffected by the debtor's discharge"); *Brown v. General Motors Corp.*, 152 B.R. 935, 938 (W.D. Wis. 1993) (right of recoupment not a claim or debt to be discharged in bankruptcy); *In re Bram*, 179 B.R. 824 (Bankr. E.D. Tex. 1995) (recoupment does not constitute a dischargeable debt because it is essentially a defense to payment and does not permit an affirmative recovery); *In re Izaguirre*, 166 B.R. 484, 490-93 (Bankr. N.D. Ga. 1994) (disagrees with *Brown*'s reasoning, but finds that recoupment as a defense survives discharge); *In re Hiler*, 99 B.R. 238, 244 (Bankr. D.N.J. 1989). *Contra In re Kings Terrace Nursing Home & Health Facility*, 184 B.R. 200 (S.D.N.Y. 1995) (Medicaid recoupment is a claim within the meaning of the Bankruptcy Code; hence, a right to recoupment is barred by the discharge), *aff'g*, 1995 WL 65531 (Bankr. S.D.N.Y. Jan. 27, 1995); *In re Baker*, 100 B.R. 80 (M.D. Fla. 1989).

**F. Recoupment And The Statute Of Limitations. When recoupment is used as a defense to a plaintiff's action it is not barred by a statute of limitations as long as the main action itself is timely.** *United States v. Dalm*, 494 U.S. 596 (1990); *Bull v. United States*, 295 U.S. 247, 262 (1935); *Matter of Coxson*, 43 F.3d 189, 193-94 (5th Cir. 1995); *In re Romano*, 175 B.R. 585, 595 (Bankr. W.D. Pa. 1994); *In re Woolaghan*, 140 B.R. 377, 383 (Bankr. W.D. Pa. 1992); *In re Mid Atl. Fund, Inc.*, 60 B.R. 604, 609-10 (Bankr. S.D.N.Y. 1986) (statutory limitation periods generally have no application to offsetting counterclaims and other matters of defense).

**G. Recoupment On An Unassumed Executory Contract. Failure of the debtor to assume an executory contract does not impair a creditor's ability to recoup prepetition overpayments from ongoing postpetition payments to a debtor, where both arise from the same contract.** *See In re Wang Labs., Inc.*, 155 B.R. 289, 290 (Bankr. D. Mass. 1993); *In re Tidewater Memorial Hosp.*, 106 B.R. 876 (Bankr. E.D. Va. 1989); *In re Advanced Professional Home Health Care, Inc.*, 94 B.R. 95, 97 (E.D. Mich. 1988); *In re Mohawk Indus.*, 82 B.R. 174, 177-78 (Bankr. D. Mass. 1987); *In re Neuman*, 55 B.R. 702 (S.D.N.Y. 1985). *Contra In re University Medical Ctr.*, 973 F.2d 1065 (3d Cir. 1992); *In re Memorial Hosp.*, 82 B.R. 478, 483-84 (W.D. Wis. 1988). **The right of recoupment is not contingent upon there being an express contract provision contemplating recoupment**. *See In re Holford*, 896 F.2d 176, 178 (5th Cir. 1990). **"This policy ... prevents the debtor from obtaining the benefits of a contract**

**without accepting its burdens, and is consistent with the bankruptcy policy that executory contracts be assumed or rejected in whole."** *Mercy Hospital of Watertown v. New York Dep't of Social Servs.*, 171 B.R. 490, 495 (N.D.N.Y 1994).

**H. Recoupment And Sovereign Immunity. As with setoff, recoupment alone should not waive sovereign immunity; recoupment is a merely a defense, not a claim (a right of payment) as defined in 11 U.S.C. § 101(5).** *In re Harmon*, 188 B.R. 421 (Bankr. 9th Cir. 1995) ("Because recoupment only reduces a debt as opposed to constituting an independent basis for a debt, it is not a claim in bankruptcy ...."); *Mercy Hospital of Watertown v. New York Dep't of Social Servs.*, 171 B.R. 490 (N.D.N.Y 1994) ("[R]ecoupment does not fall within even the broadest definition of claim for purposes of waiving immunity under § 106(a) or (b)."); *Brown v. General Motors Corp.*, 152 B.R. 935, 938 (W.D. Wis. 1993) ("Because of its unique nature as an equitable defense, the right of recoupment does not constitute a claim within the meaning of 11 U.S.C. § 101(5) which defines a claim."); *see also Mullen v. United States*, 696 F.2d 470, 472 (6th Cir. 1985).

**I. Recoupment And Creditors With Secured Interests.** A creditor who holds a properly perfected Article 9 security interest is nonetheless subject to the defense of recoupment. *See, e.g., First Nat'l Bank v. Master Auto Serv. Corp.*, 693 F.2d 308, 312 (4th Cir. 1982) (Bank with security interest in accounts receivable still subject to recoupment); *United Cal. Bank v. Eastern Mt. Sports*, 546 F. Supp. 945, 963 (D. Mass. 1982) (same), *aff'd*, 705 F.2d 439 (1st Cir. 1983); *In re Don's Elec., Inc.*, 65 B.R. 399, 403 (Bankr. W.D. Wis. 1986) (same). *But see In re Tucumseh Const. Co.*, 157 B.R. 471 (Bankr. E.D. Cal. 1993).

**J. State Laws May Restrict Recoupment.** *In re Fox*, 162 B.R. 729, 732 (Bankr. E.D. Va. 1993) (Virginia does not permit common law recoupment on a sealed instrument). **However, we should argue that does not restrict the federal government.**

**K. Recoupment Of Claims Arising From Rejection. One court has held that claims arising from rejection of an executory contract are not available for recoupment.** *United States v. Dewey Freight Sys., Inc.*, 31 F.3d 620 (8th Cir. 1994). *But see In re Hirschorn*, 156 B.R. 379, 388 (Bankr. E.D.N.Y. 1993); *In re Don & Lin Trucking Co.*, 110 B.R. 562, 568 (Bankr. N.D. Ala. 1990) (rejection under § 365 does not limit the non-debtor party to filing a proof of claim for damages) *and Howard Johnson, Inc. v. Tucker*, 157 F.2d 959, 961 (5th Cir. 1946) (claims for damages arising on rejection of an executory lease in bankruptcy are properly subject to recoupment where the obligations both arise out of the same transaction); *In re Chestnut Ridge Plaza Assocs.*, 156 B.R. 477, 485 (Bankr. W.D. Pa. 1993) (creditor can offset losses incurred from rejection of lease against rents due the debtor under the rejected lease); *In re Express Freight Lines, Inc.*, 130 B.R. 288, 291-92 (Bankr. E.D. Wis. 1991) (court allows setoff of claims resulting from rejection of an unexpired lease under § 365); *cf. In re Klein Sleep Products, Inc.*, 173 B.R. 296, 299 (S.D.N. Y. 1994) ("Section 365 merely establishes the method for determining the date upon which a breach of an [executory contract] is deemed to occur. It does not purport to assign the priority awarded to damages flowing from the rejection of a[n executory contract]."). *But see generally Matter of Southmark Corp.*, 62 F.3d 104, 106 (5th Cir. 1995) (a party to an executory contract has a claim against the debtor only when the debtor has rejected the contract).

**L. Affirmatively Seeking Recoupment. Although recoupment is a defensive doctrine, a creditor may take the offensive and seek an adjudication that it may recoup without waiting for the debtor to bring suit.** *In re Flagstaff Realty Assocs.*, 60 F.3d 1031, 1035 (3d Cir. 1995).

**IV. *RECURRING SETOFF AND RECOUPMENT ISSUES***

**A. Medicare Recoupment. Can the United States recoup prepetition medicare overpayments from ongoing postpetition payments to healthcare providers?** *Compare* (NO) *University Medical Ctr. v. Sullivan*, 973 F.2d 1065 (3d Cir. 1992); *In re Consumer Health Servs., Inc.*, 171 B.R. 917 (Bankr. D.D.C. 1994), *appeal dismissed*, Civ. Act. No. 94-2029 SSH (D.D.C. Mar. 18, 1996) (appeal pending); *In re Kings Terrace Nursing Home and Health Related Facility*, 1995 WL 65531, *7-8 (Bankr. S.D.N. Y. Jan. 27, 1995) (Medicaid relationship not appropriate for recoupment), *aff'd*, 184 B.R. 200 (S.D.N.Y. 1995) *with* (YES) *In re Heffernan Memorial Hosp. Dist.*, 192 B.R. 228 (Bankr. S.D. Cal. 1996); *In re St. Johns Home Health Agency, Inc.*, 173 B.R. 238 (Bankr. S.D. Fla. 1994) (both holding that Medicare adjustment to ongoing payments to recover prior overpayments is properly characterized as recoupment and is not subject to the automatic stay); *In re Visiting Nurse Ass'n*, 121 B.R. 114 (Bankr. M.D. Fla. 1990); *In re Homecall of S.W. Va.*, 1990 WL 278658 (Bankr. W.D. Va. 1990) *and In re Yonkers Hamilton Sanitarium Inc.*, 34 B. R. 385, 387-88 (S.D.N.Y. 1983); *see also Mount Sinai Hospital, Inc. v. Weinberger*, 517 F.2d 329 (5th Cir.), *modified*, 522 F.2d 179 (5th Cir. 1975), *cert. denied*, 425 U.S. 935 (1976); *Lowry Hospital Ass'n v. Blue Cross*, 415 F. Supp. 589 (E.D. Tenn. 1976) (both holding that Medicare has common law right to recoup earlier overpayments from ongoing payments outside of bankruptcy).

**B. Setoff Of Tax Refunds. Can the United States setoff prepetition debts against postpetition IRS tax refunds? The primary issue in these cases is when does the IRS tax refund to the debtor "arise." Generally, courts hold that the debtor's claim to a tax refund arises at the end of the tax year from which the refund results, and that the Internal Revenue Code provisions establishing when a tax refund is "allowed" do not control.** *In re Pettibone Corp.*, 161 B.R. 960, 963 (N.D. Ill. 1993), *aff'd sub nom. Pettibone Corp. v. United States*, 34 F.3d 536 (7th Cir. 1994). *Compare United States v. Reynolds*, 764 F.2d 1004 (4th Cir. 1985); *and United States v. Norton*, 717 F.2d 767 (3d Cir. 1983); *with In re Runnels*, 134 B.R. 562 (Bankr. E.D. Tex. 1991) *and In re Eggenmeyer*, 75 B.R. 20 (Bankr. S.D. Ill. 1987). **However, at least one court has held that the setting off of tax overpayments and tax underpayments is not a "setoff" as contemplated by the Bankruptcy Code. In a discussion that sounds much like recoupment, the court held that the reopening and adjusting of 13 tax periods at the same time transformed the 13 year stretch into one accounting period. The court expressly limited this reasoning to corporate, as opposed to individual taxpayers.** *In re Pettibone Corp.*, 161 B.R. 960, 963 (N.D. Ill. 1993), *aff'd sub nom. Pettibone Corp. v. United States*, 34 F.3d 536 (7th Cir. 1994); *accord In re Midway Indus. Contractors, Inc.*, 178 B.R. 734, 737 (N.D. Ill. 1995). *Contra In re Chateaugay Corp.*, 1995 WL 386483, *5 (S.D.N.Y. Jun. 28, 1995) (holding that there is no common law right to offset tax refunds against claims of other federal agencies); *In re Custom Ctr., Inc.*, 163 B.R. 309, 313 (E.D. Tenn. 1994) (rejecting *Pettibone*).

**C. Setoff Against Family Farmers. Can the United States setoff prepetition debts from ongoing postpetition payments to family farmers?** *Compare* (YES) *United States v. Gerth*, 991 F.2d 1428 (8th Cir. 1993); *In re Buckner*, 165 B.R. 942 (D. Kan. 1994), *appeal dismissed*, 66 F.3d 263 (10th Cir. 1995); *In re Mohar*, 140 B.R. 273 (Bankr. D. Mont. 1992); *In re Allen*, 135 B.R. 856 (Bankr. N.D. Iowa 1992); *In re Lundell Farms*, 86 B.R. 582 (Bankr. W.D. Wis. 1988); *In re Greseth*, 78 B.R. 936 (D. Minn. 1987); *In re Parrish*, 75 B.R. 14 (Bankr. N.D. Tex. 1987); *In re Buske*, 75 B.R. 213 (Bankr. N.D. Tex. 1987); *In re Pinkert*, 75 B.R. 218 (Bankr. N.D. Tex. 1987); *In re Woloschak Farms*, 74 B.R. 261 (Bankr. N.D. Ohio 1987); *In re Matthieson*, 63 B.R. 56 (D. Minn. 1986) *with* (NO) *In re Young*, 144 B.R. 45 (Bankr. N.D. Tex. 1992); *In re Gore*, 124 B.R. 75 (Bankr. E.D. Ark. 1990); *In re Evatt*, 112 B.R. 405 (Bankr. W.D. Okla. 1989), *aff'd* 112 B.R. 417 (W.D. Okla. 1990); *In re Walat Farms*, 69 B.R. 529 (Bankr. E.D. Mich. 1987).

**D. Setoff Against Exempt Property. Can a creditor exercise a right of setoff against exempt property?** *Compare* (YES) *Posey v. Dep't of Treasury*, 156 B.R. 910, 915 (W.D.N.Y. 1993); *In re Glaze*, 169 B.R. 956 (Bankr. D. Ariz. 1994) (exempt homestead sale proceeds subject to setoff); *In re Runnels*, 134 B.R. 562, 564 (Bankr. E.D. Tex. 1991); *In re Swickard*, 133 B.R. 902 (Bankr. S.D. Ohio 1991); *In re Pieri*, 86 B.R. 208 (Bankr. 9th Cir. 1988); *In re Lee*, 40 B.R. 123 (Bankr. E.D. Mich. 1984) *with* (NO) *In re Laues*, 90 B.R. 158 (Bankr. E.D.N.C. 1988); *In re Wilde*, 85 B.R. 147 (Bankr. D.N.M. 1988); *In re Hinson*, 65 B.R. 675 (Bankr. W.D. Tenn. 1986); *In re Davies*, 27 B.R. 898 (Bankr. E.D.N.Y. 1983); *In re Monteith*, 23 B.R. 601 (Bankr. N.D. Ohio 1982); *In re Haffner*, 12 B.R. 371 (Bankr. M.D. Tenn. 1981). *See generally In re Powell*, 173 B.R. 338, 340 (Bankr. E.D. Ky. 1994) (dicta contrasting Ky. statute which does not permit setoff against exempt property with Ohio statute which does).

**E. Setoff And Recoupment Based On Statistical Sampling. Can the United States base recoupment or setoff on debts established through statistical sampling?** *Compare* (YES) *Ratanasen v. California Dep't of Health Servs.*, 11 F.3d 1467, 1470-71 (9th Cir. 1993) (collecting cases); *Mount Sinai Hosp. v. Weinberger*, 517 F.2d 329, *modified*, 522 F.2d 179 (5th Cir. 1975), *cert. denied*, 425 U.S. 935 (1976); *and Mile High Therapy Ctrs. v. Bowen*, 735 F. Supp. 984 (D. Colo. 1988) *with* (NO) 56 Comp. Gen. 963 (1977) (although the Government may base its setoff on an estimate, it may not base its estimate on a statistical sampling; a projection based on a random sample is not sufficiently certain in amount to warrant a setoff).

**F. Setoff Of Attorneys Fees Under § 303(i). Can the United States setoff against attorney's fee awards imposed under § 303 (i)?** *Compare In re Schiliro*, 72 B.R. 147 (Bankr. E.D. Va. 1987) (no setoff of § 303(i) awards allowed because (1) award of attorney's fees analogous to penalty to discourage frivolous involuntary filings, and (2) fees are for the benefit of the attorney and lack mutuality for setoff purposes); *In re K. P. Enters.*, 135 B.R. 174 (Bankr. D. Me. 1992) (no setoff of § 303(i) awards because purpose of award is to discourage creditors from improperly filing involuntary petitions); *and* 2 *Collier on Bankruptcy* ¶ 303.39 (setoff of awards under 303(i) should not be permitted) *with In re Better Care, Ltd.*, 97 B.R. 405 (Bankr. N.D. Ill. 1989) (§ 303(i) attorney's fees awards are compensatory in nature, for the benefit of the debtor, and are subject to setoff).

**G. Postpetition Interest in Recoupment and Setoff. Interest unmatured when the petition is filed is not allowed against the estate.** 11 U.S.C. § 502(b)(2); *see In re Compass Marine Corp.*, 146 B.R. 138, 157 (Bankr. E.D. Pa. 1992). **However, interest continues to accrue on a prepetition debt which is oversecured under 11 U.S.C. § 506(b).** *See United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 237 (1989). **An amount withheld subject to setoff is a secured claim under 11 U.S.C. § 506(a).**

**Therefore, if and to the extent the debtor's claim against the United States is greater than the United States claim against the estate, the United States may collect interest from any monies withheld subject to setoff.**

**H. The Assignment of Claims Act And Setoff/Recoupment. The assignment by the contractor of amounts due on a government contract, even if properly assigned pursuant to the Assignment of Claims Act, 31 U.S.C. § 3727; 41 U.S.C. § 15, does not extinguish already accrued setoff or recoupment rights against those payables, unless the government expressly waives those rights through a "no setoff" commitment clause. Nothing in the Assignment of Claims Act alters the generally applicable rule that an assignee of a contract merely "stand in the shoes of its assignor and takes subject to those liabilities of its assignor that were in existence prior to the assignment."** ***Septembertide Publishing, B.V. v. Stein and Day, Inc.*****, 884 F.2d 675, 682 (2d Cir. 1989). Therefore, liabilities arising from a government contract are still "subject to ... defenses arising under the contract which the Government could have asserted against the contractor absent the assignment .... If the contractor could recover nothing, then in most cases the assignee, standing in the shoes of the contractor, is entitled to nothing."** ***Produce Factors Corp. v. United States*****, 467 F.2d 1343, 1349 (Ct. Cl. 1972). This includes the right to recoupment against contract payments.** ***Unity Bank & Trust Co. v. United States,*** **5 Cl. Ct. 380, 384 (1984) (the Act does not protect assignee from assignor's failure to comply with assigned contract's terms where the moneys at issue have yet to be disbursed);** ***Modern Indus. Bank v. United States*****, 101 Ct. Cl. 808, 820-21 (1944) (assignee's right to payments subject to rights of the government under the contract);** ***cf. Central Bank v. United Sates*****, 345 U.S. 639, 646 (1953) (assignee is always liable to defenses which "lay [] in execution []or in breach of the contract"). The statue also expressly permits the United States to set off any liability of the assignor which exists at the time notice of the assignment was received.** ***Southside Bank and Trust Co. v. United States*****, 221 F.2d 813 (Ct. Cl. 1957); 37 Comp. Gen 318, 320 (1957); FAR 32.803(e) (the Act permits "the Government [to] apply against payments to the assignee any liability of the contractor to the Government arising independently of the assigned contract if the liability existed at the time notice of the assignment was received even though that liability had not yet matured so as to be due and payable."). However, government contracts may include a "no setoff commitment" which entitles an assignee to receive contract payments free of reduction or setoff for (1) any liability of the contractor arising independently of the contract, and (2) any liabilities of the contractor arising from the assigned contract resulting from renegotiation, fines, penalties, taxes, or social security contributions. FAR 32.801, 32.804 (b).**

**I. Appeals From Adverse Setoff And Recoupment Decisions.**

> **1. An order denying relief from the stay to setoff is final and appealable.** *See In re Graves*, 33 F.3d 242 (3d Cir. 1994); *Franklin Sav. Ass'n. v. OTS*, 31 F.3d 1020, 1022 n.3 (10th Cir. 1994); *In re Swedlund Dev. Group, Inc.*, 16 F.3d 552, 559 (3d Cir. 1994). **Whether denial of relief from the stay to setoff, on the basis that the creditor has been granted adequate protection, is a final order and immediately appealable, is subject to controversy.** *Compare In re Regency Woods Apartments*, 686 F.2d 899 (11th Cir. 1982) (where the court retains jurisdiction to modify order if adequate protection seems inadequate later, such order is not final) *with In re West Electronics*, 852 F.2d 79 (3d Cir. 1988) (order denying relief from stay is final and appealable if the court rejects the legal basis for the setoff). **A district court order reversing the bankruptcy court's denial of relief to setoff and remanding for further significant proceedings is not final and appealable.** *In re Buckner*, 66 F.3d 263 (10th Cir. 1995).
>
> **2. Standard of Review. Whether the United States has a right of setoff is a matter of law which the appellate court reviews *de novo*.** *United States v. Gerth*, 991 F.2d 1428 (8th Cir. 1993). **However, most courts hold the decision to lift the stay to allow setoff is discretionary with the bankruptcy court, and denial of a motion to lift the stay may be overturned only upon a showing of abuse of discretion. If the court denies relief from the stay because it applied an erroneous legal principle or standard, that is an abuse of discretion.** *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (trial court abuses its discretion where its ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence."); *In re Seaescape Cruises, Ltd.*, 172 B.R. 1002, 1013 (S.D. Fla. 1994) (same); *Contemporary Mortg. v. High Peaks Base Camp*, 156 B.R. 890, 893 (N.D.N.Y. 1993) (same).
>
> **3. "[W]hether a creditor's conduct is so egregious" as to allow the court to deny setoff on equitable grounds should be considered a "question of law, over which an appellate court may exercise plenary review."** *See generally Matter of U.S. Abatment Corp.*, 39 F.3d 556, 559 (5th Cir. 1994) (discussing in context of equitable subordination).

**J. Setoff Of Transportation Claims. The GSA may setoff overcharges and loss and damage claims against ongoing payments to transportation carriers.** *Dalton v. Sherwood Van Lines, Inc.*, 50 F.3d 1014, 1020 (Fed. Cir. 1995); *IML Freight, Inc. v. United States*, 639 F.2d 676, 678 (Ct. Cl. 1980); *Burlington Northern, Inc. v. United States*, 462 F.2d 526, 529 (Ct. Cl. 1972). **If the transportation carrier is operating under a GBL solely, that offset is not subject to the Contract Disputes Act.** *Sherwood Van Lines, supra*.

[updated November 1998] [cited in Civil Resource Manual 62]