IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 06-861 T
(Judge Firestone)

LAWRENCE D. PENNONI,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**SUPPLEMENTAL DECLARATION OF LAWRENCE D. PENNONI**

I, Lawrence D. Pennoni, hereby affirm and attest that the following statements are true to the best of my knowledge and belief:

1. I am the Plaintiff in the above-captioned case.

2. From June 1982 until June 2000, I was employed by the law firm of Chamberlain, Hrdlicka, White, Williams & Martin in Houston Texas. I was at all times a member of the International Tax Section of the firm. The firm had separate tax sections for such specialties as Employee Benefits/Pensions, Tax Controversy, General Tax, Estate Planning & Probate. Although I worked with many of the Tax Controversy attorneys on technical tax matters involved in Tax Court cases, I did not work on any matters relating to tax collection, levies, or collection due process proceedings of any type.

3. Prior to filing this lawsuit, I was not knowledgeable about the organization of the IRS or the functions of the different IRS Service Centers, other than the knowledge of the function of the IRS Appeals Office in Houston with respect to examination and Tax Court matters.

4. In early 2003, I began having severe and debilitating pain in my back, neck and head. I was examined by various physicians and had x-rays, MRIs and other tests performed, but the physicians were unable to diagnose the cause of my affliction and my condition continued to worsen in the Spring of 2003. After beginning to exhibit symptoms of neurological damage, specifically impaired motor functions (i.e., difficulty walking and lifting arms), on July 8, 2003, I visited neurological specialists who conducted a battery of tests and determined that I had a herniated cervical disk that was close to completely occluding my spinal cord, causing spinal fluid to back up into and place severe pressure on my brain. I was advised to remain at home and immobile to reduce the pressure on my brain and prevent the possibility of the disc severing my spinal column, which would have resulted in my immediate death, so that a neurosurgeon could later perform an operation to remove the herniated disc and fuse my spinal column with a lowered risk of death or paralysis. On July 16, 2003, I underwent surgery as just described and I was discharged from the hospital on July 17, 2003 with instructions to remain at home and immobile for three weeks, which I did. During this time, I was not able to type any letters to the IRS, although I did call them on

several occasions to try to get them to stop their wrongful collection activities.

5. Attached hereto as Exhibit 13 are true and correct copies of various medical bills and other documents evidencing that I had the described surgery on July 16, 2003.

6. I did not receive from the IRS Fresno Center the Notice of Levy on Wages, Salary, and Other Income addressed to my employer, dated July 22, 2003, which was attached as Exhibit 6, p.2 to my Declaration dated August 2, 2007, nor did I complete it and return it to the Fresno Service Center as alleged by the United States in its Additional Proposed Findings of Uncontroverted Fact ¶¶ 77-79 filed with this Court July 15, 2008. Because I was immobilized at the time following my surgery on July 16, 2003, my employer brought the form to me at my residence to fill out and sign so that my employer would not have to levy my full paycheck. I kept one copy of the signed form and returned the remaining copies of the form to my employer.

7. I have not received the credit referred to in ¶ 73 of the United States' Additional Proposed Findings of Uncontroverted Fact as the IRS has asserted I have a tax liability owing for 2000 notwithstanding a final Tax Court Decision for 2000 that determined I had overpaid my taxes in that year. Defendant's Exhibit 11 (mistakenly referred to in ¶ 73 of the United States' Additional Proposed Findings of Uncontroverted Fact as Exhibit

1), at p. 4, reflects a balance due of $45,482.88 rather than an overpayment which could be refunded to me or taken as a credit in a later year.

8. I do not believe I received a refund of $468.36 with respect to my 1998 tax year on September 27, 2004 that the United States' Proposed Findings of Uncontroverted Fact ¶ 49 references. At that date I had other unresolved tax years before the IRS for which the IRS believed I owed taxes and therefore it is unlikely that they would have issued me a refund check rather than offsetting the refund against taxes for these other years.

I declare, under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 22, 2008, in Spring, Texas.

LAWRENCE D. PENNONI, Plaintiff